*E-Filed: March 17, 2014*

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PAUL PERKINS, ET AL.,

        Plaintiffs,

   v.

LINKEDIN CORPORATION,

        Defendant.

_____/

No. C13-04303 LHK (HRL)

**ORDER RE DISCOVERY DISPUTE
JOINT REPORT #1**

**[Re: Docket No. 34]**

     In this putative class action, Plaintiffs sue defendant LinkedIn Corporation ("LinkedIn") for allegedly wrongfully accessing their contacts from external email accounts and spamming them with invitations to join LinkedIn. This challenged feature is called "Add Connections." LinkedIn moved to dismiss Plaintiffs' First Amended Complaint ("FAC") on the basis that Plaintiffs lack standing because they have not suffered a cognizable injury. In doing so, LinkedIn asserted that certain public statements of Reid Hoffman, LinkedIn's Executive Chairman and Co-Founder, relied on by Plaintiffs to establish standing were misquoted. Shortly after opposing the motion in mid-January 2014, Plaintiffs noticed Hoffman's deposition for March 18, 2014. On February 24, counsel for the parties met and conferred by telephone to discuss LinkedIn's objection to the deposition. Unable to resolve the dispute after approximately 30 minutes, the parties filed the instant Discovery Dispute Joint Report ("DDJR") in which LinkedIn seeks a protective order pursuant to the "apex doctrine" preventing the deposition of Reid Hoffman.

United States District Court
For the Northern District of California

"The party seeking a protective order bears the burden of showing good cause for the order by 'demonstrating harm or prejudice that will result from the discovery.'" *Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 262-263 (N.D. Cal. 2012) (quoting *Rivera v. NIBCO, Inc.,* 364 F.3d 1057, 1063 (9th Cir. 2004)). "When a party seeks the deposition of a high-level executive (a so-called "apex" deposition), courts have observed that such discovery creates a tremendous potential for abuse or harassment." *Id.* at 263 (internal quotation marks omitted). "In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Id.* Absent extraordinary circumstances, it is very unusual for a court to prohibit the taking of a deposition. *Id.* "When a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition." *Id.* A claimed lack of knowledge, by itself is insufficient to preclude a deposition. *Id.*

Plaintiffs assert that Hoffman has unique first-hand knowledge of matters directly relevant to the standing issues raised by Defendants in their motion to dismiss because Hoffman purportedly conceived of the "Add Connections" feature. Moreover, Hoffman is the only person who can explain the meaning behind his public statements about the feature, which the parties dispute. LinkedIn alleges that Plaintiffs are abusing the discovery process by misquoting Hoffman, thereby fabricating a dispute in order to justify taking a deposition to which it would otherwise not be entitled. Additionally, Plaintiffs fail the second prong of the "apex doctrine" inquiry because they have not obtained any other discovery in the case. On the other hand, Plaintiffs argue that LinkedIn cannot challenge the veracity of the quoted statements in its motion to dismiss and then deny Plaintiffs their only means of authenticating the statements. Moreover, in the meet and confer, LinkedIn failed to suggest any other means of discovering the relevant information.

While it seems likely that Hoffman has significant first-hand knowledge of relevant information, the Court is concerned by Plaintiffs lack of any other discovery prior to seeking to depose the Executive Chairman. However, the Court is also concerned with LinkedIn's failure to propose any alternative means of discovery in lieu of deposing Hoffman that might allow Plaintiffs to discover relevant information about the conception and development of Add Connections. In

United States District Court
For the Northern District of California

1    other words, the Court is not convinced that the parties' meet and confer was at all meaningful, and

2    the 30 minute phone call did not adequately substitute for the in-person meet and confer between

3    lead counsel "for as long as and as often as is needed to reach full agreement" required by the

4    undersigned's Standing Order re: Civil Discovery Disputes.

5         Accordingly, lead counsel for each party shall meet and confer in person, and if the dispute

6    remains unresolved, file a Supplemental DDJR #1 within five days from the date of this order, not to

7    exceed four pages, in which the parties address any proposed alternative discovery methods.  The

8    Hoffman deposition shall be stayed during this time and pending judicial resolution of the

9    Supplemental DDJR, if filed.

10        **IT IS SO ORDERED.**

11   Dated: March 17, 2014

12   _____
     HOWARD R. LLOYD
     UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

**C13-04303-LHK (HRL) Notice will be electronically mailed to:**

Daniel Paul Hipskind      dhipskind@irell.com, dhipskind@raklaw.com

Dorian Seawind Berger      dberger@raklaw.com, kdepangher@raklaw.com, tvogt@raklaw.com

Jerome Cary Roth      Jerome.Roth@mto.com, susan.ahmadi@mto.com

Larry C. Russ      lruss@raklaw.com

Larry Craig Russ      lruss@raklaw.com, earambula@raklaw.com, lcdiaz@raklaw.com

Rosemarie Theresa Ring , Esq      rose.ring@mto.com, erika.eberline@mto.com, jonathan.blavin@mto.com, steven.uhrig@mto.com, william.edelman@mto.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

**United States District Court**
For the Northern District of California

4