1    LARRY C. RUSS (SBN 82760)
     lruss@raklaw.com
2    RUSS AUGUST & KABAT
     12424 Wilshire Boulevard, 12th Floor
3    Los Angeles, California 90025
     Telephone: (310) 826-7424
4    Facsimile: (310) 826-6991

5    MICHAEL W. SOBOL (SBN 194857)
     msobol@lchb.com
6    NICHOLAS R. DIAMAND (*Pro Hac Vice*)
     ndiamand@lchb.com
7    MELISSA GARDNER (SBN 289096)
     mgardner@lchb.com
8    LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
     275 Battery Street, 29th Floor
9    San Francisco, CA 94111
     Telephone: (415) 956-1000
10   Facsimile: (415) 956-1008

11   *Attorneys for Plaintiffs Paul Perkins, Pennie Sempell,*
     *and Clare Connaughton*
12

     DORIAN S. BERGER (SBN 264424)
     dberger@olavidunne.com
     DANIEL P. HIPSKIND (SBN 266763)
     dhipskind@olavidunne.com
     OLAVI DUNNE LLP
     445 S. Figueroa St., Ste. 3170
     Los Angeles, California 90071
     Telephone: (213) 516-7900
     Facsimile: (213) 516-7910

     *Attorneys for Plaintiffs Ann Brandwein,*
     *Erin Eggers, Nicole Crosby, Jake*
     *Kushner, Leslie Wall, and Natalie*
     *Richstone*

13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15                   SAN JOSE DIVISION

16   PAUL PERKINS, PENNIE SEMPELL, ANN
     BRANDWEIN, ERIN EGGERS, CLARE
17   CONNAUGHTON, JAKE KUSHNER,
     NATALIE RICHSTONE, NICOLE CROSBY,
18   and LESLIE WALL, individually and on behalf
     of all other similarly situated,
19
     Plaintiffs,
20
     v.
21
     LINKEDIN CORPORATION,
22
     Defendant.
23

24

25

26

27

28

Case No. 13-CV-04303-LHK

**PLAINTIFFS' NOTICE OF MOTION
AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT; MEMORANDUM OF
POINTS AND AUTHORITIES**

Date:  August 27, 2015
Time:  1:30 p.m.
Courtroom: 8 – 4th  Floor

Judge: Hon. Lucy H. Koh

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on August 27, 2015 at 1:30 p.m. or as soon thereafter as counsel may be heard, in the above-entitled Court, Plaintiffs Paul Perkins, Pennie Sempell, Ann Brandwein, Erin Eggers, Clare Connaughton, Jake Kushner, Natalie Richstone, Nicole Crosby, and Leslie Wall will and hereby do move the Court, pursuant to Federal Rule of Civil Procedure 23, for an Order:

1.     Granting preliminary approval of a proposed Class Action Settlement Agreement ("Settlement") entered into between the parties;[1]

2.     Appointing Lieff Cabraser Heimann & Bernstein, LLP, Russ August & Kabat, and Olavi Dunne, LLP as Class Counsel representing the Settlement Class;

3.     Appointing Plaintiffs Paul Perkins, Pennie Sempell, Ann Brandwein, Erin Eggers, Clare Connaughton, Jake Kushner, Natalie Richstone, Nicole Crosby, and Leslie Wall as Class Representatives representing the Settlement Class;

4.     Approving the parties' proposed Notice Plan, including the proposed forms of notice, as set forth in the Settlement, and directing that notice be disseminated pursuant to such program;

5.     Appointing Gilardi & Co. LLC ("Gilardi") as the Settlement Administrator, and directing Gilardi to carry out the duties and responsibilities of the Settlement Administrator specified in the Settlement;

6.     Approving the parties' proposed Claim Form, and approving the procedures set forth in the Settlement for Class Members to submit claims, exclude themselves from the Settlement Class and object to the Settlement;

7.     Staying all non-Settlement related proceedings in the above-captioned case (the "Action") pending final approval of the Settlement; and

---

[1] The Settlement is being submitted as Exhibit 1 to the Declaration of Nicholas Diamand in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, filed herewith.  A proposed Order granting Preliminary approval is being submitted herewith.

1        8.        Setting a Final Approval Hearing and certain other dates in connection with the final

2  approval of the Settlement.

3        This motion is based on this notice of motion and motion, the accompanying memorandum

4  of points and authorities, the Settlement, including all exhibits thereto, the accompanying

5  declarations of Nicholas R. Diamand, Larry C. Russ, and Dorian S. Berger, the argument of

6  counsel, all papers and records on file in this matter, and such other matters as the Court may

7  consider.

8                                Respectfully submitted,

9  Dated:  June 11, 2015            LIEFF, CABRASER, HEIMANN  & BERNSTEIN, LLP

10                                 By:   */s/ Nicholas R. Diamand*
                                          Nicholas R. Diamand
11

12                                 Michael W. Sobol
                                   Nicholas R. Diamand
                                   Melissa Gardner
13                                 275 Battery Street, 29th Floor
                                   San Francisco, CA 94111
14                                 Telephone: (415) 956-1000
                                   Facsimile: (415) 956-1008
15                                 msobol@lchb.com
                                   ndiamand@lchb.com
16                                 mgardner@lchb.com

17  Dated:  June 11, 2015            RUSS AUGUST & KABAT

18                                 By:   */s/ Larry C. Russ*
                                          Larry C. Russ
19

20                                 Larry C. Russ
                                   12424 Wilshire Boulevard, 12th Floor
21                                 Los Angeles, California 90025
                                   Telephone: (310) 826-7424
22                                 Facsimile: (310) 826-6991
                                   lruss@raklaw.com

23                                 *Attorneys for Plaintiffs Paul Perkins, Pennie Sempell, and Clare*
                                   *Connaughton*
24

25

26

27

28

1    Dated:  June 11, 2015        OLAVI DUNNE LLP

2                                 By:   /s/ Dorian S. Berger
3                                       Dorian S. Berger

4                                 Dorian S. Berger
                                  Daniel P. Hipskind
5                                 445 S. Figueroa St., Ste. 3170
                                  Los Angeles, California 90071
6                                 Telephone: (213) 516-7900
                                  Facsimile: (213) 516-7910
7                                 dberger@olavidunne.com
8                                 dhipskind@olavidunne.com

9                                 *Attorneys for Plaintiffs, Ann Brandwein, Erin Eggers, Nicole*
                                  *Crosby, Jake Kushner, and Leslie Wall*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

MEMORANDUM IN SUPPORT OF MOTION...................................................................... 1

I.    INTRODUCTION ..................................................................................................... 1

II.   BACKGROUND ........................................................................................................ 2

    A.    Procedural History .......................................................................................... 2

    B.    Proposed Class Counsel's Investigation and Discovery ............................. 3

    C.    Settlement Negotiations .................................................................................. 4

III.  TERMS OF THE SETTLEMENT ........................................................................... 5

    A.    Provisional Certification of the Settlement Class ....................................... 5

    B.    Benefits to the Settlement Class..................................................................... 5

        1.    The Settlement Fund and Contingent Payment............................. 5

            a.    Payments to Settlement Class Members ............................ 6

            b.    The Claim Process ................................................................. 7

        2.    Conduct Changes ................................................................................ 7

    C.    Notice Plan........................................................................................................ 8

        1.    Direct Email Notice ........................................................................... 8

        2.    Settlement Website and Website Notice.......................................... 8

    D.    Opt-Out Procedure .......................................................................................... 9

    E.    Opportunity to Object ..................................................................................... 9

    F.    Payment of Attorneys' Fees, Costs, and Expenses ..................................... 9

    G.    Incentive Awards for Class Representatives................................................. 9

    H.    Release ............................................................................................................. 10

IV.   LEGAL ARGUMENT .............................................................................................. 10

    A.    Class Action Settlement Procedure............................................................. 10

    B.    The Proposed Settlement Class Should be Certified................................. 11

        1.    Rule 23(a) is Satisfied. ..................................................................... 11

            a.    The Class is Too Numerous to Permit Joinder ................ 11

            b.    This Action Presents Common Questions ........................ 11

            c.    Plaintiffs' Claims are Typical ............................................ 11

            d.    Plaintiffs and Their Counsel Will Fairly and Adequately Protect the Interests of the Settlement Class Members ..................................................................... 12

        2.    The Requirements of Rule 23(b)(3) are Satisfied ......................... 12

    C.    Standards for Preliminary Settlement Approval ...................................... 13

    D.    The Proposed Settlement Is Within the Range of Reasonableness........... 14

    E.    The Proposed Notice Plan Should Be Approved. ..................................... 17

**TABLE OF CONTENTS**
**(continued)**

| | | | Page |
| --- | --- | --- | --- |
| | F. | The Proposed Plan of Distribution is Fair, Reasonable, and Adequate ............................................................................................................... 18 | |
| | G. | The Court Should Set a Final Approval Hearing Schedule ..................... 19 | |
| V. | CONCLUSION ................................................................................................... 20 | | |

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**CASES**

4 *Amchem Prods. v. Windsor*,
521 U.S. 591 (1997) ........................................................................................................ 13, 17

5 *Armstrong v. Davis*,
275 F.3d 849 (9th Cir. 2001) ................................................................................................ 11

6

7 *Byrd v. Civil Serv. Comm'n*,
459 U.S. 1217 (1983) ............................................................................................................ 13

8 *Churchill Village, LLC v. General Elec.*,
361 F.3d 566 (9th Cir. 2004) ................................................................................................ 13

9 *City P'shp. Co. v. Atl. Acquisition Ltd. P'shp.*,
100 F.3d 1041 (1st Cir. 1996) .............................................................................................. 14

10 *Class Plaintiffs v. City of Seattle*,
955 F.2d 1268 (9th Cir. 1992) .................................................................................. 10, 13, 14

11

12 *Create-A-Card, Inc. v. Intuit Inc.*,
No. 07-6452, 2009 U.S. Dist. LEXIS 93989 (N.D. Cal. Sept. 22, 2009) .............................. 15

13 *Fraley v. Facebook, Inc.*,
No. 11-1726, 966 F. Supp. 2d 939 (N.D. Cal. 2013) ...................................................... 10, 15

14 *Hanlon v. Chrysler Corp*,
150 F.3d 1011 (9th Cir. 1998) .................................................................................. 11, 12, 14

15 *In re Citric Acid Antitrust Litig.*,
145 F. Supp. 2d 1152 (N.D. Cal. 2001) ................................................................................ 18

16

17 *In re Google Buzz Privacy Litig.*,
No. 10-00672, 2011 WL 7460099 (N.D. Cal. June 2, 2011) ................................................ 15

18 *In re Google Referrer Header Privacy Litig.*,
No. 10-04809, 2015 WL 1520475 (N.D. Cal. Mar. 31, 2015) .............................................. 15

19 *In re Juniper Networks Sec. Litig.*,
264 F.R.D. 584 (N.D. Cal. 2009) .......................................................................................... 12

20 *In Re LinkedIn User Privacy Litig.*,
No. 12-03088 (Dkt. No. 136) (N.D. Cal. 2015) .................................................................... 10

21

22 *In re NASDAQ Market Makers Antitrust Litig.*,
176 F.R.D. 99 (S.D.N.Y. 1997) ...................................................................................... 14, 16

23 *In re Netflix Privacy Litig.*,
No. 11-00379, 2013 WL 1120801 (N.D. Cal. Mar. 18, 2013) .............................................. 15

24 *In re Oracle Sec. Litig.*,
No. 90-0931, 1994 U.S. Dist. LEXIS 21593 (N.D. Cal. June 18, 1994) .............................. 18

25 *In re Pacific Enters. Sec. Litig.*,
47 F.3d 373 (9th Cir. 1995) .................................................................................................. 13

26

27 *Jordan v. Cnty. of Los Angeles*,
669 F.2d 1311 (9th Cir. 1982) .............................................................................................. 11

28 *Linney v. Cellular Alaska P'shp*,
No. 96-3008, 1997 U.S. Dist. LEXIS 24300 (N.D. Cal. July 18, 1997) ................................ 15

# TABLE OF AUTHORITIES
## (continued)

Page

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*,
    244 F.3d 1152 (9th Cir. 2001) ................................................................. 13

*Mendoza v. United States*,
    623 F.2d 1338 (9th Cir. 1980) ................................................................ 18

*Officers for Justice v. Civil Serv. Comm'n*,
    688 F.2d 615 (9th Cir. 1982) ................................................................. 13

*Otsuka v. Polo Ralph Lauren Corp.*,
    251 F.R.D. 439 (N.D. Cal. 2008) ........................................................... 13

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ................................................................. 12

*Tait v. BSH Home Appliances Corp.*,
    289 F.R.D. 466 (C.D. Cal. 2012) ........................................................... 13

*Van Bronkhorst v. Safeco Corp.*,
    529 F.2d 943 (9th Cir. 1976) ................................................................. 13

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S. Ct. 2541 (2011) ......................................................................... 11

*Wolin v. Jaguar Land Rover North Am., LLC*,
    617 F.3d 1168 (9th Cir. 2010) ............................................................... 13

## RULES

Fed. R. Civ. P. 23(a)(1) ................................................................................ 11

Fed. R. Civ. P. 23(a)(3) ................................................................................ 11

Fed. R. Civ. P. 23(b)(3) ................................................................................ 13

Fed. R. Civ. P. 23(c)(2)(B) ........................................................................... 17

Fed. R. Civ. P. 23(e) ................................................................................... 10

## OTHER AUTHORITIES

1 Newberg § 3.10 ........................................................................................ 11

4 NEWBERG ON CLASS ACTIONS
    §§ 11.22, *et seq.* (4th ed. 2002) ................................................. 10, 14, 17

Manual for Complex Litigation, Fourth (Fed. Jud. Center 2004),
    §§ 21.63 *et seq.* ........................................................................... 10, 14

The MANUAL FOR COMPLEX LITIGATION (FOURTH) (2004) ...................... 14

<u>**MEMORANDUM IN SUPPORT OF MOTION**</u>

**I.    <u>INTRODUCTION</u>**

Plaintiffs and putative Class Representatives Paul Perkins, Pennie Sempell, Ann Brandwein, Erin Eggers, Clare Connaughton, Jake Kushner, Natalie Richstone, Nicole Crosby, and Leslie Wall respectfully submit for the Court's preliminary approval a proposed Class Action Settlement Agreement ("Settlement") resolving the above-captioned Action based on LinkedIn's alleged use of member names and likenesses to grow its member base through a service called "Add Connections."  Pursuant to the terms of the Settlement, Defendant LinkedIn Corporation ("LinkedIn") has agreed to pay $13 million to establish a non-reversionary cash Settlement Fund from which Settlement Class Members who submit valid claims will be sent cash payments. Additionally, LinkedIn has agreed to make significant changes to Add Connections disclosures and functionality.  Specifically, LinkedIn has revised disclosures to real-time permission screens presented to members using Add Connections, and has agreed to implement new functionality allowing LinkedIn members to manage their contacts, including viewing and deleting contacts and sending invitations, and stop reminder emails from being sent if they have inadvertently sent connection invitations.

The Settlement is the product of extensive and complex arms-length negotiations between the parties and their experienced and informed counsel, and is fair, reasonable and adequate given the claims, the alleged harm and the parties' respective litigation risks.  The Settlement falls well within the "range of reasonableness" applicable at the preliminary approval stage.  Defendant does not oppose this motion and will cooperate in the settlement process.

The Settlement provides for an effective, strong notice program, including direct notice, which is well-tailored to provide Settlement Class Members the best notice practicable of the pending Action, the terms of the Settlement, Class Counsel's fee application and Settlement Class Members' opt-out rights and rights to object to the Settlement and/or Class Counsel's fee application.

Plaintiffs and their undersigned counsel believe the Settlement to be in the best interests of the Settlement Class Members and wish to begin the court approval process that is required for all

1   class action settlements.  Plaintiffs therefore respectfully request that the Court review the

2   Settlement, which is attached as Exhibit 1 to the accompanying Declaration of Nicholas R Diamand

3   in Support of Motion for Preliminary Approval of Settlement ("Diamand Decl."), and: (1) grant

4   preliminary approval of the Settlement; (2) certify, for settlement purposes only, the proposed

5   Settlement Class, as defined in the Settlement; (3) appoint Larry Russ of Russ August & Kabat;

6   Michael Sobol, Nicholas Diamand, and Melissa Gardner of Lieff Cabraser Heimann & Bernstein,

7   LLP; and Dorian Berger and Daniel Hipskind of Olavi Dunne LLP, as Class Counsel representing

8   the Settlement Class; (4) appoint Paul Perkins, Pennie Sempell, Ann Brandwein, Erin Eggers, Clare

9   Connaughton, Jake Kushner, Natalie Richstone, Nicole Crosby, and Leslie Wall as Class

10  Representatives representing the Settlement Class; (5) approve the parties' proposed Notice Plan,

11  including the proposed forms of notice, as set forth in the Settlement, and direct that notice be

12  disseminated pursuant to such program; (6) appoint Gilardi & Co. LLC ("Gilardi") as the

13  Settlement Administrator, and direct Gilardi to carry out the duties and responsibilities of the

14  Settlement Administrator specified in the Settlement; (7) approve the parties' proposed Claim

15  Form, and approve the procedures set forth in the Settlement for Class Members to submit claims,

16  exclude themselves from the Settlement Class, and/or object to the Settlement; (8) stay all

17  non-Settlement related proceedings in the Action pending final approval of the Settlement; and (9)

18  schedule a hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure to determine

19  whether the proposed Settlement is fair, reasonable, and adequate and should be finally approved.[2]

20  **II.    BACKGROUND**

21      **A.    Procedural History**

22          On September 17, 2013, Plaintiffs Paul Perkins, Pennie Sempell, Ann Brandwein, and Erin

23  Eggers brought this action against LinkedIn Corporation, asserting violations of (1) California's

24  common law right of publicity; (2) California's Unfair Competition Law (Cal. Bus. & Prof. Code

25  §§ 17200, *et seq.*) (the "UCL"); (3) the Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.*; (4)

26

_____

27  [2] Prior to final approval and the deadline for objections to the Settlement, Plaintiffs will also move
    for a Fee Award for payment of litigation costs, attorneys' fees, and an Incentive Award for each of
28  the proposed Class Representatives.

the federal Wiretap Act, 18 U.S.C. §§ 2510, *et seq.*; (5) California Penal Code § 502; and (6) the California Invasion of Privacy Act, Cal. Penal Code §§ 630, *et seq.*, based on LinkedIn's alleged use of Add Connections to grow its member base. (Dkt. No. 1). On October 2, 2013, Plaintiffs filed their First Amended Complaint ("FAC"), adding Plaintiffs Clare Connaughton, Jake Kushner, Natalie Richstone, Nicole Crosby, and Leslie Wall as Named Plaintiffs, asserting the same claims but dropping the California Invasion of Privacy Act claims. (Dkt. No. 7). On December 6, 2013, LinkedIn filed a motion to dismiss the FAC, and in the alternative to strike the class allegations. (Dkt. No. 17). After full briefing and oral argument, on June 12, 2014, the Court granted in part and denied in part LinkedIn's motion to dismiss the FAC, and granted Plaintiffs leave to file a Second Amended Complaint ("SAC"). (Dkt. No. 47). On August 28, 2014, Plaintiffs filed the SAC, alleging violations of Plaintiffs' California common law and statutory rights of publicity, and the UCL. (Dkt. No. 55). On September 18, 2014, LinkedIn moved to dismiss the SAC. (Dkt. No. 60). After full briefing and oral argument, on November 13, 2014, the Court granted in part and denied in part LinkedIn's motion to dismiss the SAC, and granted Plaintiffs leave to file a Third Amended Complaint ("TAC"). (Dkt. No. 69). On December 5, 2014, Plaintiffs filed the TAC, again alleging violation of Plaintiffs' California common law and statutory rights of publicity, and the UCL. The TAC seeks declaratory, monetary, injunctive and other equitable relief against LinkedIn, as well as statutory damages pursuant to California Civil Code § 3344. (Dkt. No. 70). On January 9, 2015, LinkedIn answered the TAC. (Dkt. No. 73). At all times, LinkedIn has denied and continues to deny that it committed any wrongful act or violation of law or duty alleged in the Action.

## B.    Proposed Class Counsel's Investigation and Discovery

Proposed Class Counsel conducted significant discovery and an extensive investigation regarding the issues in the Action, prior to entering into the Settlement. Before filing suit, proposed Class Counsel conducted a thorough investigation, including reviewing and analyzing LinkedIn's website and marketing materials, reviewing LinkedIn's purported terms of service and the methods by which such terms were communicated to consumers, speaking with numerous LinkedIn users about their experiences with LinkedIn's website, and also reviewing publicly-available reports by users regarding their experience. (Declaration of Larry C. Russ ("Russ Decl.") ¶ 3; Declaration of

Dorian S. Berger ("Berger Decl.") ¶ 3.)  Moreover, proposed Class Counsel have conducted extensive ongoing factual investigation and legal research regarding the issues in the Action, including in connection with opposing two motions by LinkedIn to dismiss.  (Russ Decl. ¶ 3-4; Berger Decl. ¶ 5; Diamand Decl. ¶ 9.)  Further, proposed Class Counsel have taken discovery, including service of two sets of Requests for Production, and have reviewed all responsive documents produced by Defendant.  At the time this Settlement was achieved, Class Counsel were prepared to notice the depositions of eight senior LinkedIn employees.  (Diamand Decl. ¶ 9.)

## C.   <u>Settlement Negotiations</u>

Plaintiffs and LinkedIn first engaged in formal mediated negotiations on August 26, 2014, with the Honorable A. Howard Matz (ret.) in Los Angeles, California.  After a full day of mediation, the matter was not resolved.  (Diamand Decl. ¶ 10.)  The parties held a second mediation on January 13, 2015, with Mr. Antonio Piazza of Mediated Negotiations in San Francisco, California.  (*Id.* ¶ 11; Ex. 3, Declaration of Antonio Piazza ("Piazza Decl.") ¶ 3.)  After another day-long mediation, the parties accepted a mediator's proposal for a class action settlement subject to reaching agreement on remaining material terms and execution of the settlement agreement.  (Diamand Decl. ¶ 11; Ex. 3 (Piazza Decl. ¶ 5.))

Following the January 13, 2015 mediation session, the Parties reached an agreement in principle on remaining material terms and finalized a term sheet in late March 2015.  Thereafter, a written settlement agreement was prepared.  Plaintiffs and Defendant exchanged several drafts of the final settlement agreement and related settlement documents before the parties came to final agreement as to each.  (Diamand Decl. ¶ 12.)  At all times during the negotiation process, counsel for Plaintiffs and LinkedIn bargained vigorously and at arm's length on behalf of their clients.  (*Id.* ¶ 14.)  All Named Plaintiffs support this Settlement.  The parties have worked closely with the Settlement Administrator to design an effective and successful notice program.  (Diamand Decl. ¶ 16.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.   TERMS OF THE SETTLEMENT

The Settlement resolves the claims of Plaintiffs and the Settlement Class against LinkedIn. The details are contained in Settlement.  (Diamond Decl., Ex. 1.)  The key terms of the Settlement are described below.

### A.   Provisional Certification of the Settlement Class

Plaintiffs seek provisional certification of a Settlement Class,[3] defined in the Settlement as:

> all current and former LinkedIn members who used Add Connections to import information from external email accounts and to send emails to persons who were non-members in which the member's name, photograph, likeness and/or identity was displayed between September 17, 2011 and October 31, 2014.  Excluded from the Settlement Class are the following: (1) Defendant, its subsidiaries, and affiliates and their respective officers, directors and employees, (2) Class Counsel and Defendant's Counsel, and (3) any judicial officer to whom the Action is assigned.

### B.   Benefits to the Settlement Class

#### 1.   The Settlement Fund and Contingent Payment

Pursuant to the terms of the Settlement, LinkedIn will establish a Settlement Fund of $13 Million Dollars to be used for: (a) providing compensation to Settlement Class Members; and (b) payment of all Settlement Administration and Notice Expenses, including the costs of disseminating notice, processing Claim Forms, objections, and requests for exclusion, administering payments to Settlement Class Members, and other costs incurred in performing the obligations of the Settlement Administrator.  (Settlement, §§ 1.34, 2.1.1.)  Any Fee Award to Class Counsel and Incentive Awards for the Plaintiffs that are awarded by the Court shall be paid from the Settlement Fund.  (Settlement, § 8.1.1.)  If the portion of the Settlement Fund available for payments to Authorized Claimants (the "Net Settlement Fund"), is insufficient to allow for *pro rata* payments of at least $10 to each Authorized Claimant, LinkedIn will make an additional Contingent Payment of up to $750,000 to increase the amount of such *pro rata* payments to Authorized Claimants to a maximum of $10.  (Settlement, § 2.1.2.)

---

[3] The Class alleged in the complaints includes persons who were LinkedIn members and used Add Connections as of May 15, 2013.  Because additional disclosures were implemented through LinkedIn's website in Fall 2014, including the prospective relief described in Section 2.2 of the Settlement Agreement, the Settlement Class extends to October 31, 2014.

### a. Payments to Settlement Class Members

Pursuant to the Plan of Distribution (Settlement, § 3.1), Settlement Class Members who timely submit a valid Claim Form ("Authorized Claimants") shall be sent via either (1) a physical mailed check, valid for ninety days, or (2) ACH transfer (direct deposit).  (Settlement, §§ 3.1.2(a)-(b).)  The Authorized Claimant may elect the form of payment on his or her Claim Form. (Settlement, Ex. A (Claim Form).)

Payments from the Settlement Fund and any Contingent Payment shall be distributed *pro rata* to each Authorized Claimant based on the number of Authorized Claimants within sixty (60) days after the Final Settlement Date.  If the Net Settlement Fund and the Contingent Payment together are insufficient to produce *pro rata* payments of at least $10 to each Authorized Claimant, the Net Settlement Fund and Contingent payment shall be distributed to each Authorized Claimant *pro rata*, if it is economically feasible to do so. (Settlement, §§ 2.1.2; 3.1.3.)  If the number of Authorized Claimants results in a *pro rata* share of the Net Settlement Fund and any Contingent Payment that the Parties, in consultation with the Settlement Administrator and the mediator, Antonio Piazza, believe is not economically feasible to distribute any funds *pro rata* to Authorized Claimants, Class Counsel will submit for Court approval as part of the Final Order and Judgment an alternative plan of distribution under which the Settlement Administrator will distribute the Net Settlement Fund and Contingent Payment to the *Cy Pres* Recipients.  *Id.*  As identified in the Settlement, the three *Cy Pres* Recipients are (1) Access Now, which describes itself as "an international human rights organization premised on the belief that the realization of human rights and democracy in the twenty- first century is increasingly predicated on access to the internet and other forms of information communication technology;"[4] (2) Electronic Privacy Information Center, which describes itself as "an independent non-profit research center in Washington, DC [that] works to protect privacy, freedom of expression, democratic values, and to promote the Public Voice in decisions concerning the future of the Internet;"[5] and (3) the Network for Teaching

---

[4] *See* Access Now, *About Us*, https://www.accessnow.org/ (last visited on June 8, 2015).

[5] *See* Electronic Privacy Information Center, *About EPIC*, https://epic.org/epic/about.html (last visited on June 8, 2015).

Entrepreneurship, which describes its mission as "provid[ing] programs that inspire young people from low-income communities to stay in school, to recognize business opportunities and to plan for successful futures."[6]

Any funds from checks not cashed within ninety days of issuance and funds from failed ACH transfers shall revert to the Settlement Fund.  (Settlement, § 3.1.2(b).)  If, in consultation with the Settlement Administrator, the Parties determine that any such reverted funds can be distributed *pro rata* to other Authorized Claimants in a way that is economically feasible, such funds shall be distributed accordingly.  *Id.*  If not, any such reverted funds shall be distributed by the Settlement Administrator *pro rata* to the *Cy Pres* Recipients.  *Id.*

Should the Settlement be finally approved, no portion of the Settlement Fund will revert to LinkedIn.

### b. The Claim Process

All Settlement Class Members may submit claims for settlement payments.  Settlement Class Members will have the option of submitting claims electronically via the Settlement Website or by mail.  (Settlement, § 5.1.2; Settlement, Ex. A.)  The Claim Form will be substantially in the form attached as Exhibit A to the Settlement.  The deadline for submitting claims will be 60 days after the Notice Date.  (Settlement, §§ 1.6, 3.2.1.)

The Settlement Administrator will process claims, and will reject claims where the person submitting the Claim Form does not appear to be a Settlement Class Member.  (Settlement, § 3.2.2.)  If a submitted Claim Form fails to comply with the instructions thereon or the terms of the Settlement, the Settlement Administrator shall provide the Authorized Claimant a reasonable opportunity of twenty-one days after being noticed by the Settlement Administrator of any question or deficiency to provide any missing information requested.  (Settlement, § 3.2.4.)

### 2. Conduct Changes

In addition to the monetary relief provided for in the Settlement, LinkedIn has agreed to make significant practice changes for its operations in the United States.  These include improving

---

[6] *See* Network for Teaching Entrepreneurship, *Mission*, http://www.nfte.com/what/mission (last visited on June 8, 2015).

1    the disclosures on LinkedIn's website, including by informing users on the *Add Connections*

2    *Import* screen that LinkedIn will "import your address book to suggest connections," and, on the

3    *Add Connections Invitations* permission screen, that "[i]f someone you invite doesn't respond right

4    away, we'll send up to two reminders."  (Settlement, § 2.2.)  Additionally, LinkedIn has

5    implemented functionality allowing members to manage contacts, including viewing and deleting

6    contacts and sending invitations, and has agreed to implement functionality allowing members who

7    inadvertently send connection invitations to withdraw those invitations.  (*Id.*)

8            **C.**      **Notice Plan**

9           The Settlement includes a Notice Plan that is well-designed to give Class Members the best

10   notice practicable of the Settlement, the claims process and deadline, Class Counsel's fee

11   application, and their opt-out and objection rights.  As set forth below, the Notice Plan will be

12   administered with the help of an independent, and highly qualified, Settlement Administrator,  and

13   will consist of several parts.  (Settlement, § 5.1; *see also* Diamand Decl., Ex. 4 (Declaration of Alan

14   Vasquez, of Gilardi).)  The Notice Plan shall be completed no later than thirty days after entry of

15   the Preliminary Approval Order.  (Settlement, § 5.1.3.)

16           **1.**      **Direct Email Notice**

17           By the Notice Date, LinkedIn will send or cause to be sent the Email Notice, substantially in

18   the form attached as Exhibit B to the Settlement, to each Person in the Settlement Class using the

19   email address that LinkedIn has on file for their LinkedIn account.  For emails that immediately

20   result in a bounce-back or are otherwise undeliverable, an attempt to re-send the Email Notice prior

21   to the Notice Date will be made.  (Settlement, § 5.1.1.)

22           **2.**      **Settlement Website and Website Notice**

23           With the involvement and approval of the Parties, the Settlement Administrator will publish

24   the Website Notice, substantially in the form attached as Exhibit C to the Settlement, through the

25   Settlement Website.  The Settlement Website shall be developed, hosted, and maintained by the

26   Settlement Administrator and shall provide Settlement Class Members with the ability to submit

27   Claim Forms and exclusion requests electronically. (Settlement, § 5.1.2.)

28

MOTION FOR PRELIMINARY APPROVAL;
NO. 13-CV-04303-LHK

### D.    Opt-Out Procedure

Any person within the definition of the Settlement Class may request to be excluded from the Settlement Class by sending a written request to the Settlement Administrator postmarked on or before a date no later than 60 days after the Notice date (the "Objection/Exclusion Deadline") (Settlement, §§ 1.25, 6.2.)  Valid requests must include the information prescribed by the Notice, including a statement that the person sending the request wishes to be excluded from the Settlement Class.  (Settlement, § 6.2.)

### E.    Opportunity to Object

Any person within the definition of the Settlement Class who does not timely and validly request to be excluded may object to the Settlement, Class Counsel's fee application, and/or the requests for Incentive Awards for the Class Representatives.  (Settlement, § 6.3.)  To be considered, an objection must be submitted to the Court either by mailing it to the Class Action Clerk, or by filing it with the Court, and must be in writing, personally signed by the objector, and include the information prescribed by the Notice.  (Settlement, § 6.3.)

### F.    Payment of Attorneys' Fees, Costs, and Expenses

Class Counsel is entitled to petition the Court for reasonable attorneys' fees, costs, and expenses, up to a maximum of 25% of the Settlement Fund.  (Settlement, §8.1.)  Should the Court award less than the amount sought in the petition, the difference between the amount sought and the amount awarded shall remain in the Settlement Fund to pay Authorized Claimants or, if such is not economically feasible, to be given to the *Cy Pres* Recipients.  (Settlement, § 8.1.1.)

### G.    Incentive Awards for Class Representatives

Class Counsel are entitled to petition the Court for an Incentive Award in the amount of $1,500 for each Class Representative.  (Settlement, § 8.2.)  Should the Court award less than the amount sought in the petition, the difference between the amount sought and the amount awarded shall remain in the Settlement Fund to pay Authorized Claims or be given to the *Cy Pres* Recipients. (Settlement, § 8.2.1.)

## H. Release

In exchange for the benefits provided pursuant to the Settlement, Plaintiffs and Settlement Class Members will release LinkedIn and related persons and entities ("Released Parties") from all claims that were or could have been asserted arising from or related to allegations in the Action regarding the alleged use of Add Connections to grow LinkedIn's member base including, without limitation, (i) accessing, importing, storing and/or using information from LinkedIn members' external email accounts; (ii) using LinkedIn members' names, photographs, likenesses, and/or identities in emails relating to Add Connections; or (iii) related disclosures, representations, and omissions. (Settlement, §§ 1.29-1.31, 4.1.)

## IV. LEGAL ARGUMENT

### A. Class Action Settlement Procedure

A class action may not be dismissed, compromised, or settled without the approval of the Court. Fed. R. Civ. Proc. 23(e); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1289 (9th Cir. 1992); *see also Fraley v. Facebook, Inc.*, No. 11-1726, 966 F. Supp. 2d 939 (N.D. Cal. 2013); *In Re LinkedIn User Privacy Litig.*, No. 12-03088 (Dkt. No. 136) (N.D. Cal. 2015). Judicial proceedings under Federal Rule of Civil Procedure 23 have led to a defined three-step procedure for approval of class action settlements:

> (1) Certification of a settlement class and preliminary approval of the proposed settlement after submission to the Court of a written motion for preliminary approval.
>
> (2) Dissemination of notice of the proposed settlement to the affected class members.
>
> (3) A formal fairness hearing, or final settlement approval hearing, at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement are presented.

*See* Manual for Complex Litigation, Fourth (Fed. Jud. Center 2004), §§ 21.63 *et seq.* This procedure safeguards class members' procedural due process rights and enables the Court to fulfill its role as the guardian of class interests. *See* 4 *Newberg on Class Actions* §§ 11.22, *et seq.* (4th ed. 2002) ("*Newberg*") (describing class action settlement procedure).

By way of this motion, Plaintiffs request that the Court take the first step in the settlement approval process and preliminarily approve the proposed Settlement.

**B.     The Proposed Settlement Class Should be Certified**

Certification of the Settlement Class for settlement purposes is appropriate because Rule 23(a) and Rule 23(b)(3) are satisfied.

**1.     Rule 23(a) is Satisfied.**

**a.     The Class is Too Numerous to Permit Joinder**

A case may be certified as a class action only if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While there is no fixed rule, a class with at least 40 members is generally sufficiently large. *Jordan v. Cnty. of Los Angeles*, 669 F.2d 1311, 1319 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810 (1982). As of June 9, 2015, the Settlement Class includes an estimated 20.8 million current and former LinkedIn users. (Diamond Decl. ¶ 13).

**b.     This Action Presents Common Questions**

Rule 23(a)(2) requires that there be one or more questions common to the class. *See Hanlon v. Chrysler Corp*, 150 F.3d 1011, 1019 (9th Cir. 1998); 1 Newberg § 3.10; *see also Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2556 (2011). The claims in the Action raise common questions, including whether Defendant's use of member names and profile pictures to grow LinkedIn's member base through Add Connections violated California law, and whether there was consent for such use.

**c.     Plaintiffs' Claims are Typical**

Rule 23(a)(3) requires that "the claims and defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality does not require total identity between representative plaintiffs and class members. *Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001). Rather, typicality is satisfied so long as the named plaintiffs' claims stem "from the same event, practice, or course of conduct that forms the basis of the class claims, and is based upon the same legal theory." *Jordan*, 669 F.2d at 1322; *In re Juniper Networks Sec. Litig.*,

- 11 -

264 F.R.D. 584, 589 (N.D. Cal. 2009) ("representative claims are 'typical' if they are reasonably co-extensive with those of absent class members") (citation omitted).

Here, the Plaintiffs' claims stem from the same common course of conduct as the claims of the Settlement Class Members.  All Plaintiffs and all Class Members utilized LinkedIn's Add Connections feature and had emails sent on their behalf by LinkedIn inviting their contacts to join the social networking site. The typicality requirement is thus satisfied here.

<blockquote><strong>d.      Plaintiffs and Their Counsel Will Fairly and Adequately Protect the Interests of the Settlement Class Members</strong></blockquote>

Rule 23(a)(4) requires that the representative plaintiffs will "fairly and adequately" protect the interests of the class.  The two-prong test for determining adequacy is: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members?; and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003); *Hanlon*, 150 F.3d at 1020. Both prongs are satisfied here.

First, the Plaintiffs' interests are aligned with, and not antagonistic to, the interests of the Settlement Class Members.  Plaintiffs have the same interest as all Settlement Class Members in obtaining redress.  *See Hanlon*, 150 F.3d at 1021 (adequacy satisfied where "each…plaintiff has the same problem").  Second, proposed Class Counsel have extensive experience litigating and settling class actions, including consumer cases.  They have demonstrated expertise in handling all aspects of complex litigation and class actions, and are well qualified to represent the Settlement Class. (Diamond Decl., ¶¶ 7-8, Ex. 2; Russ Decl., ¶¶ 2-5; Berger Decl. ¶¶ 7-9.)  Moreover, Plaintiffs and proposed Class Counsel remain fully committed to advancing the interests of, and obtaining relief for, the Settlement Class Members, as evidenced by the terms of the proposed Settlement.

<strong>2.      The Requirements of Rule 23(b)(3) are Satisfied</strong>

In addition to the requirements of Rule 23(a), at least one of the prongs of Rule 23(b) must be satisfied.  Here, the proposed Settlement Class satisfies Rule 23(b)(3), which permits a class action if the Court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other

1   available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

2   Common issues predominate here.  That is particularly so given that, if the proposed Settlement is

3   approved, there will be no need for a trial, and thus manageability of the classes for trial need not be

4   considered.  *See Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997).

5        Moreover, a class action is superior to other methods of litigation where, as here, class

6   treatment will promote greater efficiency and no realistic alternative exists.  *See Local Joint Exec.*

7   *Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir.

8   2001); *Otsuka v. Polo Ralph Lauren Corp.*, 251 F.R.D. 439, 448 (N.D. Cal. 2008).  Individual

9   prosecution of the claims in these cases is impractical.  *Tait v. BSH Home Appliances Corp.*, 289

10  F.R.D. 466, 486 (C.D. Cal. 2012) ("superiority requirement is met '[w]here recovery on an

11  individual basis would be dwarfed by the cost of litigating on an individual basis.'") (quoting *Wolin*

12  *v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010)).

13       For all the reasons stated above, Plaintiffs respectfully submit that the Court should approve

14  certification of the proposed Settlement Class.

15       **C.    Standards for Preliminary Settlement Approval**

16       Rule 23(e) requires that any settlement of claims brought on a class basis be approved by

17  the Court.  "[T]here is an overriding public interest in settling and quieting litigation . . . particularly

18  . . . in class action suits[.]"  *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *see*

19  *also Churchill Village, LLC v. General Elec.*, 361 F.3d 566, 576 (9th Cir. 2004); *In re Pacific*

20  *Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995); *City of Seattle*, 955 F.2d at 1276.  Courts

21  recognize that as a matter of sound policy, settlements of disputed claims are encouraged and a

22  settlement approval hearing should "not . . . be turned into a trial or rehearsal for trial on the merits."

23  *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied sub nom.*

24  *Byrd v. Civil Serv. Comm'n*, 459 U.S. 1217 (1983).  Furthermore, courts must give "proper

25  deference" to the settlement agreement, because "the court's intrusion upon what is otherwise a

26  private consensual agreement negotiated between the parties to a lawsuit must be limited to the

27  extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or

28  overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a

whole, is fair, reasonable and adequate to all concerned." *Hanlon*, 150 F.3d at 1027 (quotation omitted).

The purpose of the Court's preliminary evaluation of the proposed settlement is to determine whether it is within "the range of reasonableness," and thus whether notice to the class of the terms and conditions of the settlement, and the scheduling of a formal fairness hearing, are worthwhile. Preliminary approval should be granted where "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval." *In re NASDAQ Market Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997). Application of these factors here support an order granting the motion for preliminary approval.

To grant preliminary approval of the proposed Settlement, the Court need only find that it falls within "the range of reasonableness." *Newberg* § 11.25. The Manual for Complex Litigation (Fourth) (2004) ("*Manual*") characterizes the preliminary approval stage as an "initial evaluation" of the fairness of the proposed settlement made by the court on the basis of written submissions and informal presentation from the settling parties. *Manual* § 21.632. A proposed settlement may be *finally* approved by the trial court if it is determined to be "fundamentally fair, adequate, and reasonable." *City of Seattle*, 955 F.2d at 1276 (quotation omitted). While consideration of the requirements for *final* approval is unnecessary at this stage, all of the relevant factors weigh in favor of the Settlement proposed here. As shown below, the proposed Settlement is fair, reasonable and adequate. Therefore, the Court should allow the proposed Notice Plan to go forward.

### D. The Proposed Settlement Is Within the Range of Reasonableness

The proposed Settlement meets the standards for preliminary approval. First, the Settlement is entitled to "an initial presumption of fairness" because it is the result of arm's-length negotiations among experienced counsel, facilitated by an experienced and respected mediator, occurring after the parties completed significant formal and informal fact discovery. Piazza Decl. ¶ 7; *see also Newberg* § 11.41; *City P'shp. Co. v. Atl. Acquisition Ltd. P'shp.*, 100 F.3d 1041, 1043 (1st Cir. 1996) ("When sufficient discovery has been provided and the parties have bargained at

1    arms-length, there is a presumption in favor of the settlement."); *Create-A-Card, Inc. v. Intuit, Inc.*,

2    No. 07-6452, 2009 U.S. Dist. LEXIS 93989, at *8-9 (N.D. Cal. Sept. 22, 2009) ("This Court begins

3    its analysis with a presumption that a class settlement is fair and should be approved if it is the

4    product of arm's-length negotiations conducted by capable counsel with extensive experience in

5    complex class action litigation."); *Linney v. Cellular Alaska P'shp*, No. 96-3008, 1997 U.S. Dist.

6    LEXIS 24300, at *16 (N.D. Cal. July 18, 1997) ("The involvement of experienced class action

7    counsel and the fact that the settlement agreement was reached in arm's length negotiations, after

8    relevant discovery had taken place create a presumption that the agreement is fair."), *aff'd*, 151

9    F.3d 1234 (9th Cir. 1998).

10         Second, the Settlement also provides for well-tailored, and important, conduct changes that

11   will benefit and protect millions of Settlement Class Members and others going forward.  The

12   Settlement requires very specific disclosures which will enable consumers to make an informed

13   decision about use of the Add Connections service in the future.  In addition, the Settlement

14   provides for changes to LinkedIn's functionality to give Settlement Class Members control over the

15   emails sent through Add Connections.  This injunctive relief is of significant value.

16         Third, the consideration—a $13 million cash fund, with a potential additional payment of

17   up to $750,000, for a class of approximately 20.8 million—is substantial, particularly in light of the

18   very real risk that the jury could find no liability or award no damages, and any jury verdict would

19   be subject to appellate review.  A relevant point of comparison is with the outcome achieved in

20   *Fraley v. Facebook, Inc.*, No. 11-1726 (N.D. Cal.), in which the parties, as here, reached a

21   settlement agreement after this Court had denied a motion to dismiss, but prior to class certification.

22   In *Fraley*, the court approved a settlement providing for a $20 million cash fund where the class

23   size was an estimated 124 million Facebook members.  *See also In re Google Referrer Header*

24   *Privacy Litig.*, No. 10-04809, 2015 WL 1520475 (N.D. Cal. Mar. 31, 2015) (Davila, J.) (granting

25   final approval to $8.5 million settlement in case with estimated 129 million class members); *In re*

26   *Netflix Privacy Litig.*, No. 11-00379, 2013 WL 1120801 (N.D. Cal. Mar. 18, 2013) (Davila, J.)

27   (granting final approval to $9 million settlement in case with estimated 62 million class members);

28   *In re Google Buzz Privacy Litig.*, No. 10-00672, 2011 WL 7460099 (N.D. Cal. June 2, 2011) (Ware,

J.) (granting final approval to $8.5 million settlement in case with estimated 37 million class members).

Fourth, the Settlement does not grant preferential treatment to the Class Representatives or to certain portions of the Settlement Class; the Plan of Distribution provides a neutral and fair way to compensate Settlement Class members. *In re NASDAQ Market Makers Antitrust Litig.*, 176 F.R.D. at 102.

Fifth, while settlement provides the Settlement Class with a timely and meaningful cash recovery, the outcome of a trial—and any subsequent appeals—is highly uncertain, and in any event would substantially delay any recovery achieved. Liability remains disputed in the case, as does the question of whether claims of the putative Settlement Class should be certified.

Throughout this litigation, LinkedIn has vigorously contested both its liability and Plaintiffs' ability to certify the asserted claims for class treatment. LinkedIn argues that its terms of service and privacy policies, as well as LinkedIn users' knowledge based upon receipt of invitation emails and reminders from other members, are sufficient for a jury to find that members of the proposed Class consented to the conduct challenged by Plaintiffs. LinkedIn also argues that the single publication rule may prevent Plaintiffs from challenging reminder emails separately from initial invitation emails on the grounds that the communications constituted a "single integrated publication." LinkedIn also intended to vigorously contest class certification on the theory that consent and injury are inherently individualized issues, for example by arguing that, implied consent turns on the individual experience and exposure of each Class member, and that no model exists for calculating the fair market value of each Class member's name or likeness used in reminder emails on a class-wide basis.

Here, the jury would be faced with many complicated and contentious issues regarding impact and damages across the Class. Even if Plaintiffs succeeded in obtaining class certification, and subsequently in proving LinkedIn's liability to the Class, they still faced the risk that the jury would award only a fraction of the alleged damages—or refuse to award damages altogether. And, even if Plaintiffs were successful at trial, Plaintiffs and the Class faced the risk of protracted appeals.

- 16 -

While Plaintiffs believe that they can overcome these defenses, they are indicative of the risks, hurdles, and delays that Plaintiffs and the Class face should this matter proceed in litigation. The proposed Settlement provides considerable monetary and injunctive relief for Settlement Class Members while allowing them to avoid the risks of unfavorable, and in some cases dispositive, rulings on these and other issues.

### E.    The Proposed Notice Plan Should Be Approved.

Rule 23(e)(1) states that, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise." Notice of a proposed settlement must inform class members of the following:  (1) the nature of the pending litigation; (2) the general terms of the proposed settlement; (3) that complete information is available from the court files; and (4) that any class member may appear and be heard at the fairness hearing.  *See Newberg* § 8.32.  The notice must also indicate an opportunity to opt-out, that the judgment will bind all class members who do not opt-out, and that any member who does not opt-out may appear through counsel.  Fed. R. Civ. P. 23(c)(2)(B).  The form of notice is "adequate if it may be understood by the average class member."  *Newberg* § 11.53.  Notice to the class must be "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  *Amchem Prods.*, 521 at 617 (quotation omitted).

Within thirty days after the Court grants preliminary approval, Class Counsel and LinkedIn have agreed that LinkedIn will send or cause to be sent Email Notice, substantially in the form attached as Exhibit B to the Settlement Agreement, to each person in the Settlement Class using the email address that LinkedIn has on file for their LinkedIn account.  (Settlement, § 5.1.)  For emails that result in a bounce-back or are otherwise undeliverable, an attempt shall be made to re-send the Email Notice once prior to the Notice Date.  (Settlement, § 5.1.1.)

With the involvement and approval of the Parties, the Settlement Administrator shall publish the Website Notice, substantially in the form attached as Exhibit C to the Settlement Agreement, through the Settlement Website.  The Settlement Website shall be developed, hosted, and maintained by the Settlement Administrator and shall include the ability to submit Claim Forms electronically.  (Settlement, § 5.1.2.)

1    Class members shall have sixty days from the date the Notice period begins (the "Claims

2    Deadline") to submit Claim Forms for compensation under the Settlement.  (Settlement, §§ 1.6,

3    3.2.1.)  Any Settlement Class Member who wishes to be excluded from the Settlement Class must

4    send a written request for exclusion to the Court no later than sixty days after the Notice Date, or

5    such other date as ordered by the Court. (Settlement, § 6.3.)

6    The content of the Email Notice and Website Notice fully comply with due process and

7    Rule 23.  (Settlement, Exs. B-C.)  They provide the definition of the Settlement Class, describe the

8    nature of the action, including the class allegations, and explain the procedure for opting out and

9    making objections.  *Id.* The Email and Website Notice describe the terms of the Settlement, and

10   advise Settlement Class members that funds from the Settlement Fund will be distributed at a future

11   time, and in an amount, to be determined.  *Id.* The Email Notice and Website Notice specify the

12   date, time, and place of the Final Approval Hearing, and inform Settlement Class members that

13   they may enter an appearance through counsel.  *Id.* The Email Notice and Website Notice also

14   inform Settlement Class members how to exercise their rights and make informed decisions

15   regarding the proposed Settlement and tells them that if they do not opt out, the judgment will be

16   binding upon them.  *Id.* The Email Notice and Website Notice further inform the Settlement Class

17   that Class Counsel will seek attorney's fees, costs, and expenses, and service awards for the current

18   Class Representatives of up to $1,500 each from the Settlement Fund.  Courts have approved class

19   notices even when they only generally describe a settlement.  *See*, *e.g.*, *Mendoza v. United States*,

20   623 F.2d 1338, 1351 (9th Cir. 1980) ("very general description of the proposed settlement" satisfies

21   standards).  This Email Notice and Website Notice exceed that standard.

22   **F.    The Proposed Plan of Distribution is Fair, Reasonable, and Adequate**

23   A plan of distribution of class settlement funds is subject to the "fair, reasonable and

24   adequate" standard that applies to approval of class settlements.  *In re Citric Acid Antitrust Litig.*,

25   145 F. Supp. 2d 1152, 1154 (N.D. Cal. 2001).  "A plan of allocation that reimburses class members

26   based on the type and extent of their injuries is generally reasonable."  *In re Oracle Sec. Litig.*, No.

27   90-0931, 1994 U.S. Dist. LEXIS 21593, at *3 (N.D. Cal. June 16, 1994).  Here, as explained above,

28   the parties propose that the funds paid to Settlement Class Members from the Settlement Fund be

distributed through a claims process and allocated pursuant to a *pro rata* distribution based on the number of Class Members who submit a valid claim, with any returned funds (from uncashed checks or failed ACH transfers), to be distributed in a second distribution to Authorized Claimants. Only if such distributions are not economically feasible—in the case of the initial distribution, as determined by the Parties in consultation with the mediator Antonio Piazza, and in the case of the second distribution, as determined by the Parties—shall funds be allocated pursuant to a *pro rata* distribution to the *Cy Pres* recipients: the not-for-profit organizations Access Now, Electronic Privacy Information Center and Network for Teaching Entrepreneurship (Settlement, § 1.12, 3.1.)

### G.    The Court Should Set a Final Approval Hearing Schedule

The last step of the settlement approval process is the final approval hearing, at which the Court may hear all evidence and argument necessary to evaluate the proposed Settlement.  At that hearing, proponents of the Settlement may explain and describe its terms and conditions and offer argument in support of approval and members of the Settlement Class, or their counsel, may be heard in support of or in opposition to the Settlement.  Plaintiffs propose the following schedule for final approval of the Settlement:

| Event | Date |
|---|---|
| Notice of Class Action Settlement to Be Emailed and Posted on Internet (Notice Date) | Within 30 days after entry of the Preliminary Approval Order |
| Class Counsel Motion for Attorneys' Fees and Costs, and Motion for Named Plaintiffs' Service Awards | To be completed 14 days before the Objection/Exclusion Deadline |
| Objection/Exclusion Deadline | 60 days from Notice Date |
| Motion for Final Approval | |
| Replies in Support of Motions for Final Approval, Attorneys' Fees and Costs, and Named Plaintiffs' Service Awards to Be Filed by Class Counsel | To be filed 7 days prior to Final Approval Hearing |
| Final Approval Hearing | No earlier than one hundred ten (110) days after the Notice Date or such other time as the Court shall set. |

## V.   **CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request that the Court:  (1) preliminarily approve the Settlement; (2) appoint Lieff Cabraser Heimann & Bernstein, LLP, Russ August & Kabat, and Olavi Dunne, LLP as Class Counsel; (3) appoint Plaintiffs Paul Perkins, Pennie Sempell, Ann Brandwein, Erin Eggers, Clare Connaughton, Jake Kushner, Natalie Richstone, Nicole Crosby, and Leslie Wall as Class Representatives; (4) appoint Gilardi & Co. as the Settlement Administrator; (5) approve the proposed Notice Plan; (6) approve the proposed Claim Form and set a schedule for disseminating notice to Settlement Class members, as well as deadlines to comment on, object to, or seek exclusion from the Settlement; (7) stay all non-Settlement related proceedings in the Action; and (8) schedule a hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure to determine whether the proposed Settlement is fair, reasonable, and adequate and should be finally approved.

Respectfully submitted,

Dated:  June 11, 2015           LIEFF, CABRASER, HEIMANN  & BERNSTEIN, LLP

By:   */s/ Nicholas R. Diamand*
           Nicholas R. Diamand

Michael W. Sobol
Nicholas R. Diamand
Melissa Gardner
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
msobol@lchb.com
ndiamand@lchb.com
mgardner@lchb.com

MOTION FOR PRELIMINARY APPROVAL;
NO. 13-CV-04303-LHK

1    Dated:  June 11, 2015         RUSS AUGUST & KABAT

2                                  By:    /s/ Larry C. Russ
                                          Larry C. Russ
3

4                                  Larry C. Russ
                                   12424 Wilshire Boulevard, 12th Floor
5                                  Los Angeles, California 90025
                                   Telephone: (310) 826-7424
6                                  Facsimile: (310) 826-6991
                                   lruss@raklaw.com
7
                                   *Attorneys for Plaintiffs Paul Perkins, Pennie Sempell, and Clare*
8                                  *Connaughton*

9    Dated:  June 11, 2015         OLAVI DUNNE LLP

10                                 By:    /s/ Dorian S. Berger
                                          Dorian S. Berger
11

12                                 Dorian S. Berger
                                   Daniel P. Hipskind
13                                 445 S. Figueroa St., Ste. 3170
                                   Los Angeles, California 90071
14                                 Telephone: (213) 516-7900
                                   Facsimile: (213) 516-7910
15                                 dberger@olavidunne.com
                                   dhipskind@olavidunne.com
16
                                   *Attorneys for Plaintiffs, Ann Brandwein, Erin Eggers, Nicole*
17                                 *Crosby, Jake Kushner, and Leslie Wall*

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR PRELIMINARY APPROVAL;
NO. 13-CV-04303-LHK