1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

PAUL PERKINS, PENNIE SEMPELL, ANN
BRANDWEIN, ERIN EGGERS, CLARE
CONNAUGHTON, JAKE KUSHNER,
NATALIE RICHSTONE, NICOLE
CROSBY, and LESLIE WALL, individually
and on behalf of all other similarly situated,

                    Plaintiffs,

vs.

LINKEDIN CORPORATION,

                    Defendant.

Case No. 13-CV-04303-LHK

**CLASS ACTION SETTLEMENT**
**AGREEMENT**

Judge:  Hon. Lucy H. Koh
Action Filed:  September 17, 2013

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release and its attached exhibits ("Settlement Agreement" or "Agreement"), is entered into by and among Paul Perkins, Pennie Sempell, Ann Brandwein, Erin Eggers, Clare Connaughton, Jake Kushner, Natalie Richstone, Nicole Crosby, and Leslie Wall (collectively, the "Plaintiffs" or "Class Representatives"), individually and on behalf of the Settlement Class, and LinkedIn Corporation ("Defendant" or "LinkedIn") (Plaintiffs and LinkedIn collectively, the "Parties").  This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims upon and subject to the terms and conditions set forth in this Agreement, and subject to the final approval of the Court.

## RECITALS

WHEREAS, on September 17, 2013, Plaintiffs brought a putative class action in the United States District Court for the Northern District of California against LinkedIn, captioned *Perkins et al. v. LinkedIn Corporation*, Case No. 13-CV-04303-LHK ("Action"), asserting violations of (1) California's common law right of publicity; (2) California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*) (the "UCL"); (3) the Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.*; (4) the federal Wiretap Act, 18 U.S.C. §§ 2510, *et seq.*; (5) California Penal Code § 502; and (6) the California Invasion of Privacy Act, Cal. Penal Code §§ 630, *et seq.*, based on LinkedIn's alleged use of Add Connections to grow its member base.  (Dkt. No. 1.)  As defined below, Add Connections means the processes by which new and existing LinkedIn members may import contact information from external email accounts and/or invite one or more of those imported contacts to connect with them on LinkedIn.

WHEREAS, on October 2, 2013, Plaintiffs filed a First Amended Complaint ("FAC"), asserting the same claims, but dropping the California Invasion of Privacy Act claims.  (Dkt. No. 7.)

WHEREAS, on December 6, 2013, LinkedIn moved to dismiss the FAC, and in the alternative to strike the class allegations, pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1), 12(b)(6), 12(f), 23(c)(1)(A), and 23(d)(1)(D).  (Dkt. No. 17.)

WHEREAS, on June 12, 2014, the Court granted in part and denied in part LinkedIn's motion to dismiss the FAC.  The Court dismissed all of Plaintiffs' claims based on the Add Connections

1  contact import process, *i.e.*, Plaintiffs' claims under the Stored Communications Act, the Wiretap

2  Act, and California Penal Code § 502.  The Court also dismissed Plaintiffs' claims under the "unfair"

3  and "fraudulent" prongs of the UCL.  With respect to Plaintiffs' remaining claim under California's

4  common law right of publicity and derivative claim under the UCL's "unlawful" prong, the Court

5  dismissed all claims based on connection invitation emails, but allowed claims based on reminder

6  emails to proceed.  The Court granted Plaintiffs leave to amend.  (Dkt. No. 47.)

7           WHEREAS, on August 26, 2014, the Parties participated in a full-day mediation session with

8  the Honorable A. Howard Matz (ret.) in Los Angeles, California.  The matter was not resolved.

9           WHEREAS, on August 28, 2014, Plaintiffs filed a Second Amended Complaint ("SAC"),

10  reasserting claims based on reminder emails under California's common law right of publicity and

11  UCL, and adding a new claim under California's statutory right of publicity, Cal. Civ. Code § 3344.

12  (Dkt. No. 55.)

13          WHEREAS, on September 18, 2014, LinkedIn moved to dismiss the SAC.  (Dkt. No. 60.)

14          WHEREAS, on November 13, 2014, the Court granted in part and denied in part LinkedIn's

15  motion to dismiss the SAC, dismissing Plaintiffs' claim under Cal. Civ. Code § 3344.  The Court

16  granted leave to amend. (Dkt. No. 69.)

17          WHEREAS, on December 15, 2014, Plaintiffs filed the Third Amended Class Action

18  Complaint ("TAC"), reasserting the same claims asserted in the SAC.  (Dkt. No. 70.)

19          WHEREAS, on January 9, 2015, LinkedIn filed an answer to the TAC.  (Dkt. No. 73.)

20          WHEREAS, on January 13, 2015, the Parties participated in a mediation session with

21  Antonio Piazza of Mediated Negotiations in San Francisco, California.  The Parties subsequently

22  accepted a mediator's proposal for a class action settlement subject to reaching agreement on

23  remaining material terms and execution of this Settlement Agreement.

24          WHEREAS, at all times, LinkedIn has denied and continues to deny that it committed any

25  wrongful act or violation of law or duty alleged in the Action and that any of Plaintiffs' claims can be

26  certified for class treatment outside of the settlement context.  In addition, LinkedIn maintains that it

27  has acted properly in allowing members to grow their professional networks on LinkedIn by

28  importing contact information from external email accounts and/or inviting one or more of those

1   contacts to connect on LinkedIn and has meritorious defenses to the merits and in opposition to class

2   certification of the claims alleged in the Action and is prepared to defend all aspects of the Action.

3   Nonetheless, taking into account the costs, inconvenience, uncertainty, and risks inherent in any

4   litigation, LinkedIn has concluded that it is desirable and beneficial that the Action be fully, finally,

5   and forever resolved, discharged, and settled upon and subject to the terms and conditions set forth in

6   this Agreement, and subject to the final approval of the Court.  This Agreement is a compromise, and

7   neither it nor any related documents or negotiations shall be construed as or deemed to be evidence of

8   or an admission or concession of liability or wrongdoing on the part of LinkedIn, or any of the

9   Released Parties, with respect to any liability, wrongdoing, or damage whatsoever.

10          WHEREAS, Plaintiffs believe that the claims asserted in the Action against Defendant have

11   merit, would have been certified for class treatment, and would have resulted in summary judgment

12   or judgment after trial in Plaintiffs' favor.  Nonetheless, Plaintiffs and Settlement Class Counsel

13   recognize and acknowledge that Defendant has raised factual and legal defenses in the Action that

14   present a significant risk that Plaintiffs will not be able to certify a class or prevail on the merits.

15   Plaintiffs and Settlement Class Counsel also have taken into account the uncertain outcome and risks

16   of any litigation, especially in complex actions, as well as the difficulties and delays inherent in such

17   litigation.  Therefore, Plaintiffs believe that it is desirable that the Action be fully, finally, and forever

18   resolved, discharged, and settled upon and subject to the terms and conditions set forth in this

19   Agreement, and subject to the final approval of the Court.

20          WHEREAS, based on their evaluation, Class Counsel have concluded that the terms and

21   conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is

22   in the best interests of the Settlement Class to resolve, discharge, and settle the above-captioned

23   action upon and subject to the terms and conditions set forth in this Agreement.

24          **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among

25   Plaintiffs and LinkedIn, by and through their undersigned counsel that, subject to the final approval of

26   the Court as provided for in this Agreement, and in consideration of the benefits to the Parties under

27   this Agreement, that the Action and Released Claims shall be fully, finally, and forever resolved,

28   discharged, and settled, and the Action shall be dismissed with prejudice.

# 1.   DEFINITIONS

As used in this Settlement Agreement, the following terms shall have the meanings specified below.  The singular includes the plural and vice versa.

1.1     "**Action**" means the putative class action captioned Perkins et al. v. LinkedIn Corporation, Case No. 5:13-cv-04303-LHK, pending in the United States District Court for the Northern District of California.

1.2     "**Add Connections**" means the processes by which new and existing LinkedIn members may import contact information from external email accounts and/or invite one or more of those imported contacts to connect on LinkedIn by sending connection invitation and up to two reminder emails.

1.3     "**Approved Claim**" means a Claim Form, submitted by a Settlement Class Member that (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of this Settlement Agreement; (b) is fully and truthfully completed and executed by the Settlement Class Member with all of the information requested in the Claim Form, including statements made under penalty of perjury that the Settlement Class Member did not agree to the use of his or her name or profile picture to grow LinkedIn's member base through Add Connections and believes that he or she was injured by such use; (c) is signed by the Settlement Class Member, physically or electronically; and (d) is verified by the Settlement Administrator in accordance with Section 3.2.

1.4     "**Authorized Claimant**" means a Settlement Class Member who submits an Approved Claim.  Each Settlement Class Member may submit only one Claim Form, regardless of how many LinkedIn accounts they may have, and therefore is limited to only one Approved Claim.

1.5     "**CAFA Notice**" means the notice intended to comply with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, as provided for in Section 5.2.

1.6     "**Claims Deadline**" means the date by which a Claim Form must be postmarked or received to be timely and shall be set as a date no later than sixty (60) days after the Notice Date.

1.7     "**Claim Form**" means the document substantially in the form attached hereto as Exhibit A.  The Claim Form shall be available for submission in electronic and paper format.

1.8    "**Class Counsel**" means Lieff, Cabraser, Heimann & Bernstein, LLP; Olavi Dunne LLP; and Russ August & Kabat.

1.9    "**Class Representatives**" or "**Plaintiffs**" means Paul Perkins, Pennie Sempell, Ann Brandwein, Erin Eggers, Clare Connaughton, Jake Kushner, Natalie Richstone, Nicole Crosby, and Leslie Wall.

1.10    "**Contingent Payment**" means the consideration set forth in Section 2.1.2 not to exceed the amount of Seven Hundred and Fifty Thousand Dollars ($750,000).

1.11    "**Court**" means the United States District Court for the Northern District of California.

1.12    "*Cy Pres* **Recipients**" means Access Now, Electronic Privacy Information Center ("EPIC"), and Network for Teaching Entrepreneurship ("NTFE").

1.13    "**Defendant**" means LinkedIn Corporation, a Delaware corporation.

1.14    "**Email Notice**" means the notice of the Settlement and Final Approval Hearing, substantially in the form attached hereto as Exhibit B.

1.15    "**Escrow Account**" means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms agreed upon by Class Counsel and Defendant at a depository institution insured by the Federal Deposit Insurance Corporation and that has total assets of at least $500 million and a short-term deposit rating of at least P-1 (Moody's) or A-1 (Standard & Poors).  The money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty five (45) days or less.  The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund.

1.16    "**Fee Award**" means any attorneys' fees, expenses, and costs awarded by the Court to Class Counsel following the written motion or application for such awards made in accordance with Section 8.1.  Any Fee Award will be paid out of the Settlement Fund.

1.17    "**Final Approval Hearing**" means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement and where Plaintiffs will request approval of the Fee Award to Class Counsel and the Incentive Award to the

Class Representatives.  The Final Approval Hearing shall be no earlier than one hundred ten (110) days after the Notice Date or such other time as the Court shall set.

1.18    "**Final Order and Judgment**" means the final order and judgment granting final approval to this Settlement after the Final Approval Hearing as provided for in Section 6.4.

1.19    "**Final Settlement Date**" means the date one (1) business day after the Final Order and Judgment becomes "Final."  For purposes of this Section, "Final" means that all of the following events have occurred: (i) the time expires for filing or noticing any appeal of the Court's Final Order and Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, completion, in a manner that finally affirms and leaves in place the Final Order and Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration, rehearing en banc, or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) final dismissal of any appeal or any proceeding on certiorari.

1.20    "**Incentive Award**" means any amount awarded by the Court to the Class Representatives following the written motion or application for such award made in accordance with Section 8.2.  Any Incentive Award will be paid out of the Settlement Fund

1.21    "**LinkedIn's Counsel**" means Munger, Tolles & Olson LLP.

1.22    "**Net Settlement Fund**" means the Settlement Fund, plus any interest or investment income earned on the Settlement Fund, less all of the following: Fee Award, Incentive Award, Settlement Administration and Notice Expenses, Taxes, and Tax Expenses.

1.23    "**Notice**" means notice to the Settlement Class of the Settlement, consisting of the Email Notice and the Website Notice.

1.24    "**Notice Date**" means the date by which the Notice Plan is completed, which shall be a date no later than thirty (30) days after the date of entry of the Preliminary Approval Order.

1.25    "**Notice Plan**" means the plan of disseminating notice of the Settlement to the Settlement Class, as set forth in Section 5.1.

1.26   "**Objection/Exclusion Deadline**" means the date by which a written objection to the Settlement or an exclusion request must be filed with the Court or postmarked, which shall be set as a date no later than sixty (60) days after the Notice Date.

1.27   "**Person**" means, without limitation, any individual, corporation, partnership, limited partnership, limited liability partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.28   "**Preliminary Approval Order**" means the order preliminarily approving the Settlement, as provided for in Section 6.1.

1.29   "**Released Claims**" means any and all actions, causes of action, claims, demands, liabilities, obligations, damages (including, without limitation, punitive, exemplary and multiple damages), penalties, sanctions, losses, debts, contracts, agreements, attorneys' fees, costs, expenses, and rights of any nature and description whatsoever (including "Unknown Claims" as defined below), whether based on federal, state, or local statutes, common law, regulations, rules or any other law of the United States or foreign jurisdiction, known or unknown, fixed or contingent, suspected or unsuspected, in law or in equity, that were asserted or could have been asserted arising from or related to allegations in the Action regarding the alleged use of Add Connections to grow LinkedIn's member base, including, without limitation, (i) accessing, importing, storing and/or using information from LinkedIn members' external email accounts; (ii) using LinkedIn members' names, photographs, likenesses, and/or identities in emails relating to Add Connections; or (iii) related disclosures, representations, and omissions.

1.30   "**Released Parties**" means LinkedIn and any and all of its present or former heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliated and related entities, employers, employees, agents, representatives, consultants, independent contractors, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, insurers, reinsurers, underwriters, shareholders, lenders, auditors, investment advisors, and any and all present and former

1  companies, firms, trusts, corporations, officers, directors, other individuals or entities in which

2  LinkedIn has a controlling interest or which is affiliated with any of them, or any other

3  representatives of any of these Persons and entities.

4      1.31   "**Releasing Parties**" means Plaintiffs and Settlement Class Members, regardless of

5  whether such Settlement Class Members submit claims, and all of the their present, former, and

6  future heirs, executors, administrators, representatives, agents, attorneys, partners,

7  predecessors-in-interest, successors, assigns, and legatees.  To the extent a Settlement Class Member

8  is not an individual, Releasing Parties also includes all of its present, former, and future direct and

9  indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, and

10  predecessors-in-interest.

11      1.32   "**Settlement**" means the class action settlement set forth in this Settlement

12  Agreement.

13      1.33   "**Settlement Administrator**" means Gilardi & Co. LLC, selected by the Parties and

14  subject to approval by the Court, which shall perform the settlement administration duties set forth in

15  this Settlement Agreement and as may be ordered by the Court.

16      1.34   "**Settlement Administration and Notice Expenses**" means any and all expenses

17  relating to implementation of this Settlement Agreement, including, without limitation, the costs

18  incurred by the Settlement Administrator in disseminating Notice in accordance with the Notice Plan

19  and CAFA Notice, processing Claim Forms, objections, and requests for exclusion, establishing and

20  maintaining the Settlement Website and Escrow Account, administering payments to Authorized

21  Claimants via ACH transfers or by physical check (including the costs of mailing checks), and

22  otherwise performing the services it is obligated to perform under this Settlement Agreement.

23  Settlement Administration Expenses will be paid out of the Settlement Fund..

24      1.35   "**Settlement Class**" means all current and former LinkedIn members who used Add

25  Connections to import information from external email accounts and to send emails to persons who

26  were non-members in which the member's name, photograph, likeness and/or identity was displayed

27  between September 17, 2011 and October 31, 2014.  Excluded from the Settlement Class are the

28  following: (1) Defendant, its subsidiaries, and affiliates and their respective officers, directors and

employees, (2) Class Counsel and Defendant's Counsel, and (3) any judicial officer to whom the Action is assigned.

1.36    "**Settlement Class Member**" means a Person who falls within the definition of the Settlement Class and who has not submitted a timely and valid request for exclusion from the Settlement Class.

1.37    "**Settlement Fund**" means the consideration set forth in Section 2.1.1 in the amount of Thirteen Million Dollars ($13,000,000).

1.38    "**Settlement Website**" means the website to be created by the Settlement Administrator containing details and information about the Settlement, including this Agreement, Website Notice, and Claim Form.

1.39    "**Tax Expenses**" means any and all expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents (including, without limitation, expenses of tax attorneys and/or accountants and costs and expenses relating to filing (or failing to file) the returns). Tax Expenses will be paid out of the Settlement Fund.

1.40    "**Taxes**" means all taxes (including any estimated taxes, interest, or penalties) relating to the income earned by the Settlement Fund. Taxes will be paid out of the Settlement Fund.

1.41    "**Unknown Claims**" means claims that could have been raised in the Action and that Plaintiffs, the Releasing Parties, or any of them, do not know or suspect to exist, which, if known by him, her, or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object, or not object to the Settlement. Upon the Final Settlement Date, Plaintiffs and the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Final Settlement Date, Plaintiffs and the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any statutory or common

law of any state or territory of the United States or any jurisdiction outside the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. Plaintiffs acknowledge that they may discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Section 1.41.

1.42    "**Website Notice**" means the notice of the Settlement and Final Approval Hearing, substantially in the form attached hereto as Exhibit C.

**2.      SETTLEMENT BENEFITS**

2.1    **Monetary Relief**

2.1.1    **Settlement Fund**. LinkedIn agrees to pay and shall deposit in the Escrow Account, as set forth below, the total amount of Thirteen Million Dollars ($13,000,000) as a non-reversionary cash Settlement Fund. All of the following shall be paid from the Settlement Fund: Fee Award, Incentive Award, Settlement Administration and Notice Expenses, Taxes, and Tax Expenses. The remaining amount, plus any interest or investment income earned on the Settlement Fund, shall constitute the Net Settlement Fund to be distributed *pro rata* to Authorized Claimants based on the number of Authorized Claimants or to *Cy Pres* Recipients.

2.1.2    **Contingent Payment**. LinkedIn agrees to pay and shall deposit in the Escrow Accounts, as set forth below, an additional amount necessary to provide a *pro rata* payment of Ten Dollars ($10) per Authorized Claimant up to a total sum of Seven Hundred and Fifty Thousand Dollars ($750,000) subject to the following terms and conditions:

(a)    Within ten (10) days of the Final Settlement Date, the Settlement Administrator shall calculate the amount of the Net Settlement Fund, the *pro rata* payment from the Net Settlement Fund per Authorized Claimant, and any additional amount necessary to provide a *pro rata* payment of Ten Dollars ($10) per Authorized Claimant, and report such calculations to LinkedIn and Class Counsel. Within ten (10) days of receiving such calculations, LinkedIn and Class Counsel will meet and confer and either confirm or provide alternative calculations to be applied as follows.

(b)     If the *pro rata* payment amount per Authorized Claimant from the Net Settlement Fund is Ten Dollars ($10) or more, there will be no Contingent Payment.

(c)     If any additional amount necessary to provide a *pro rata* payment of Ten Dollars ($10) per Authorized Claimant is less than Seven Hundred and Fifty Thousand Dollars ($750,000), LinkedIn shall pay any such amount into the Escrow Account within forty-five (45) days of the Final Settlement Date.

(d)     If any additional amount necessary to provide a *pro rata* payment of Ten Dollars ($10) per Authorized Claimant is Seven Hundred and Fifty Thousand Dollars ($750,000) or more, LinkedIn shall pay Seven Hundred and Fifty Thousand Dollars ($750,000) into the Escrow Account within forty-five (45) days of the Final Settlement Date.

(e)     In no event shall any Contingent Payment exceed Seven Hundred and Fifty Thousand Dollars ($750,000).

2.1.3    Within thirty (30) days after entry of the Preliminary Approval Order, LinkedIn shall cause to be paid into the Escrow Account that portion of the Settlement Fund projected to be adequate to pay for the costs of the Notice Plan and CAFA Notice pursuant to Section 5.1 and Section 5.2 below based on reasonable estimates of the Settlement Administrator.

2.1.4    Thereafter, LinkedIn may, at its discretion, cause to be paid into the Escrow Account additional portions of the Settlement Fund for the purposes of paying Settlement Administration Expenses, Taxes, and Tax Expenses as such costs are incurred.

2.1.5    Within forty-five (45) days after the Final Settlement Date, LinkedIn shall cause to be paid into the Escrow Account the remaining portion of the Settlement Fund that has not previously been paid into the Escrow Account.

2.1.6    The Settlement Fund and any Contingent Payment includes all interest that shall accrue on the sums deposited in the Escrow Account.  The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and any Contingent Payment and the payment of all taxes that may be due on such earnings.

2.1.7    In no event shall LinkedIn's financial obligation under the Settlement exceed the amount of the Settlement Fund and any Contingent Payment as provided for in this Section 2.1.

2.2     **Prospective Relief**.  LinkedIn agrees to the following for its United States service.

2.2.1   Import Permission Screens.  LinkedIn has added the following language to Add Connections import permission screens.  First, language on the permission screen itself was changed from "We will not store your password or email anyone without your permission" to "We'll import your address book to suggest connections and help you manage your contacts."  Second, LinkedIn added a "Learn More" button to the permission screen, stating "When you import your address book, we'll upload detailed information about your contacts to our LinkedIn servers.  We'll use this information to suggest relevant connections for you, to help you browse, search, and organize your contacts on LinkedIn, and for other uses explained in our Privacy Policy.  If you're asked to enter your password, we'll only hang on to it for a moment to authenticate your account.  We'll never email anyone without your permission.  For more info, visit our Help Center."  Third, LinkedIn created a new Help Center page that is hyperlinked from the Learn More button text.

2.2.2   Invitation Permission Screens.  LinkedIn has added the following language to Add Connections invitation permission screens:  "Invite friends, colleagues, and acquaintances who might like to connect, and would benefit from joining LinkedIn.  If someone you invite doesn't respond right away, we'll send up to two reminders."

2.2.3   Contact Management.  LinkedIn has implemented functionality allowing members to manage contacts, including viewing and deleting contacts and sending invitations.

2.2.4   Connection Email Management.  Within one (1) year of the Final Settlement Date, LinkedIn will implement functionality allowing members who inadvertently invite contacts to connect through Add Connections to withdraw those invitations.  Although the initial connection invitation cannot be recalled or removed from the recipient's inbox, the withdrawal functionality will stop reminders from being sent.

2.2.5   The measures described in Section 2.2 will remain in place until a date that is at least two years after the Final Settlement Date.  Nothing described in Section 2.2 will limit or prevent LinkedIn from making changes to its products, services, features, written policies (including, without limitation, its terms of use and privacy policy), or other changes, from time to time, as LinkedIn deems appropriate in conducting its business, provided that such changes are consistent

with the relief described in Section 2.2, or to comply with law.

**3.        Distribution of Settlement Fund**

3.1        **Plan of Distribution**.  The Settlement Fund and any Contingent Payment shall be distributed as follows:

3.1.1    The Fee Award, Incentive Award, Settlement Administration and Notice Costs, Taxes, and Tax Expenses shall be paid out of the Settlement Fund.

3.1.2    The Net Settlement Fund and any Contingent Payment will be distributed by the Settlement Administrator *pro rata* to Authorized Claimants based on the number of Authorized Claimants within sixty (60) days after the Final Settlement Date.

(a)        Payments will be made to Authorized Claimants either by (1) physical check, or (2) ACH (Automated Clearing House) transfer.

(b)        Authorized Claimants who receive a physical check shall have ninety (90) days after the date of issuance to cash the check.  Any funds from checks not cashed within that ninety (90) day period, funds from checks returned as undeliverable, and funds from failed ACH transfers shall revert to the Settlement Fund.  If, in consultation with the Settlement Administrator, the Parties determine that any such reverted funds can be distributed *pro rata* to other Authorized Claimants in a way that is economically feasible, such funds shall be distributed accordingly.  If not, any such reverted funds shall be distributed by the Settlement Administrator *pro rata* to the *Cy Pres* Recipients.  In no event shall any such reverted funds constitute abandoned or unclaimed property.

3.1.3    Notwithstanding Section 3.1.2, if the number of Authorized Claimants results in a *pro rata* payment per Authorized Claimant that the Parties, in consultation with the Settlement Administrator and the mediator, Antonio Piazza, believe is not economically feasible to distribute to Authorized Claimants, Class Counsel will submit for Court approval as part of the Final Order and Judgment an alternative plan of distribution under which the Settlement Administrator will distribute the Net Settlement Fund to the *Cy Pres* Recipients.

3.2        **Claims Administration**

3.2.1    Settlement Class Members shall have until the Claims Deadline to submit a Claim Form, substantially in the form attached hereto as Exhibit A.  A Settlement Class Member may

file only one (1) Claim Form, regardless of how many LinkedIn Accounts he, she or it may have.

        3.2.2    The Settlement Administrator may reject a Claim Form where the Person submitting the Claim Form does not appear to be a Settlement Class Member or for whom LinkedIn's records do not confirm use of Add Connections between September 17, 2011 and October 31, 2014.

        3.2.3    The Settlement Administrator shall employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud.

        3.2.4    The Settlement Administrator shall determine whether a Claim Form submitted by a Settlement Class Member is an Approved Claim and shall reject Claim Forms that fail to comply with the instructions thereon or the terms of this Settlement Agreement, after giving the claimant a reasonable opportunity to correct any deficiency.  In no event shall any Settlement Class Member have more than twenty-one (21) days after the Settlement Administrator gives notice of any deficiency in a submitted Claim Form to correct that deficiency.

**4.    RELEASES**

        4.1    The Parties agree that should the Court grant final approval of the Settlement and enter the Final Order and Judgment, such Final Order and Judgment shall include a provision retaining the Court's jurisdiction over the Parties to enforce the terms of this Settlement Agreement.

        4.2    Upon the Final Settlement Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them, whether or not such Releasing Party has made a claim under the Settlement.  This Settlement Agreement shall be the sole and exclusive remedy for any and all Released Claims against the Released Parties.  In entering into this Release, the Releasing Parties acknowledge that they assume the risk of any mistake of fact or law.  If they, or any of them, should later discover that any fact which they relied upon in entering into this Settlement Agreement is not true, or that their understanding of the facts or law was incorrect, they shall not be entitled to modify, reform, or set aside this Settlement Agreement, in whole or in part, by reason thereof.

        4.3    Upon the Final Settlement Date, the Plaintiffs and each and every Settlement Class Member shall be bound by this Settlement Agreement, and each of them shall be permanently barred

1   and enjoined from commencing or prosecuting any action in any court or tribunal asserting any of the

2   Released Claims, either directly, representatively, derivatively or in any other capacity, against any of

3   the Released Parties.

4   **5.    NOTICE**

5       5.1    **Notice Plan**.  Subject to entry of the Preliminary Approval Order, notice of the

6   Settlement shall be disseminated to the Settlement Class as follows:

7           5.1.1   <u>Direct Notice</u>.  LinkedIn will send or cause to be sent the Email Notice,

8   substantially in the form attached hereto as Exhibit B, to each Person in the Settlement Class using the

9   email address that LinkedIn has on file for their LinkedIn account.  The Email Notice shall include a

10  hypertext link to the Settlement Website.  For emails that result in a bounce-back or are otherwise

11  undeliverable, an attempt will be made to re-send the Email Notice once prior to the Notice Date.

12          5.1.2   <u>Settlement Website and Website Notice</u>.  With the involvement and approval

13  of the Parties, and starting no later than the start of the dissemination of Email Notice to the

14  Settlement Class, the Settlement Administrator shall publish the Website Notice, substantially in the

15  form attached hereto as Exhibit C, through the Settlement Website.  The Settlement Website shall be

16  developed, hosted, and maintained by the Settlement Administrator through the Final Settlement

17  Date and shall include the ability to submit Claim Forms electronically.

18          5.1.3   The Notice Plan shall be completed no later than thirty (30) days after entry of

19  the Preliminary Approval Order.

20      5.2    **CAFA Notice**.  Within ten (10) days after the Settlement Agreement is filed with the

21  Court, the Settlement Administrator shall provide CAFA Notice by serving upon the relevant

22  government officials notice of the Settlement Agreement in accordance with the Class Action

23  Fairness Act of 2005, 28 U.S.C. § 1715.

24      5.3    **Notice Costs**.  All costs associated with the Notice Plan and CAFA Notice, including

25  the fees and costs of the Settlement Administrator, shall be paid out of the Settlement Fund.

26

27

28

**6.     COURT APPROVAL OF THE SETTLEMENT**

6.1     **Preliminary Approval**.  Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Settlement Agreement to the Court and shall move the Court for an order preliminarily approving the Settlement.

6.2     **Exclusion Requests**.  A Person in the Settlement Class may request to be excluded from the Settlement Class by sending a written request to the Settlement Administrator postmarked on or before the Objection/Exclusion Deadline, including the case number of the Action, his or her name, address, email address, phone number and signature, and a statement that he or she wishes to be excluded from the Settlement Class.  An exclusion request that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such an exclusion request shall be a member(s) of the Settlement Class and shall be bound as Settlement Class Members by the Settlement Agreement, if approved.  Any Person in the Settlement Class who submits a timely and valid exclusion request shall not: (i) be bound by the Final Order and Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement.  A request for exclusion may not request exclusion of more than one Settlement Class Member.

6.3     **Objections**.  Any Settlement Class Members who wishes to object to the proposed Settlement and/or the application for the Fee Award or Incentive Award must file with the Court, and serve upon Class Counsel and LinkedIn's Counsel, a written objection no later than the Objection/Exclusion Deadline.  Settlement Class Members may object on their own, or may do so through separate counsel at their own expense.  All objections and any papers submitted in support of such objection shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Settlement Class Member submits copies of such objections and any papers to the Court either by mailing them to the Class Action Clerk or by filing them in person at any location of the United States District Court for the Northern District of California, except that any objection made by a Settlement Class

Member represented by counsel must be filed through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

6.3.1    Any Settlement Class Member who intends to object to this Settlement Agreement must present the objection in writing, which must be personally signed by the objector, and must include: (1) the objector's name, address, email address, and contact phone number; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).

6.3.2    Any Settlement Class Member who fails to timely mail or file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Settlement Agreement and as detailed in the Notice shall not be permitted to object to the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement by appeal or other means and shall be deemed to have waived his, her or its objections and be forever barred from making any such objections in the Action or any other action or proceeding.

6.3.3    Any Party shall have the right to respond to any objection no later than seven (7) days prior to the Final Approval Hearing by filing a response with the Court that shall also be served on the objector and other Parties in the Action.

6.4    **Final Approval**.  After Notice is given, Class Counsel shall move the Court for entry of a Final Approval Order, which shall be agreed upon by the Parties and submitted to the Court in conjunction with Class Counsel's motion for final approval of the Settlement and do the following (among other things):

6.4.1    find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Settlement;

6.4.2    grant final approval of the Settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their respective counsel to implement the Settlement in accordance with the terms and conditions set forth in the Settlement Agreement; and declare the Settlement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Plaintiffs and the Releasing Parties based on the Released Claims;

6.4.3    find that the Notice and Notice Plan implemented pursuant to the Settlement Agreement (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object or exclude themselves from the Settlement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) met all applicable requirements of the Federal Rules of Civil procedure, the Due Process Clauses of the United States Constitution, and the rules of the Court;

6.4.4    find that the Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

6.4.5    dismiss the Action (including all individual claims and class action claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

6.4.6    incorporate the release set forth above in Section 4, make the release effective as of the Final Settlement Date, and forever discharge the Released Parties and Released Claims as set forth in the Settlement Agreement;

6.4.7    permanently bar and enjoin all Persons in the Settlement Class who have not been properly excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

6.4.8    authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and Release and

its implementing documents (including all attached exhibits) so long as they are consistent in all material respects with the Final Order and Judgment and do not limit the rights of Settlement Class Members, and;

6.4.9    without affecting the finality of the Final Order and Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and Final Order and Judgment, and for any other necessary purpose.

**7.      Settlement Administration**

7.1      The Settlement Administrator shall, under the Court's supervision, administer the terms of the Settlement Agreement, including but limited to by processing Claim Forms in a rational, responsive, cost-effective, and timely manner.

7.2      The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement.  The Settlement Administrator shall ensure that all such records will be made available to Class Counsel and LinkedIn's Counsel upon request.  The Settlement Administrator shall also provide reports and other information to the Court as the Court may require.  The Settlement Administrator shall provide Class Counsel and LinkedIn's Counsel with information concerning Notice, administration, and implementation of the Settlement Agreement.  Should the Court request, the Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator.

7.3      Without limiting the foregoing, the Settlement Administrator shall: (1) receive exclusion requests from Persons in the Settlement Class and provide to Class Counsel and LinkedIn's Counsel copies thereof upon receipt, whether they are received before or after the Objection/Exclusion Deadline; (2) provide weekly reports to Class Counsel and LinkedIn's Counsel, including without limitation, identifying the number of Claim Forms received, the number of Approved Claims, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator; and (3) make available for inspection by Class Counsel and LinkedIn's Counsel Claim Forms and any supporting documentation received by the Settlement

1    Administrator upon reasonable notice.

2    **8.      ATTORNEYS' FEES AND INCENTIVE AWARDS**

3            8.1      **Fee Award**.  Class Counsel is entitled to petition the Court for an award of reasonable

4    attorneys' fees, expenses, and costs from the Settlement Fund up to a maximum of Three Million

5    Two Hundred Fifty Thousand Dollars ($3,250,000).  Class Counsel shall file, and the Settlement

6    Administrator shall post to the Settlement Website, its papers supporting the petition for a Fee Award

7    at least fourteen (14) days before the Objection/Exclusion Deadline.

8                    8.1.1    The Settlement Administrator, within five (5) days after the later of (a) the

9    Final Settlement Date or (b) receipt of wire instructions from Class Counsel, pay Class Counsel from

10   the Settlement Fund the Fee Award via electronic transfer to an account designated by Class Counsel.

11   Class Counsel is solely responsible for distributing the Fee Award to any attorney that may claim

12   entitlement to attorneys' fees or costs in the Action.  Defendant is not responsible for Class Counsel's

13   allocation of the Fee Award.  Should the Court award less than the amount sought in the petition, the

14   difference between the amount sought and the amount awarded shall remain in the Settlement Fund to

15   pay Authorized Claimants or be given to the *Cy Pres* Recipients.

16           8.2      **Incentive Award**.  Class Counsel has agreed to limit its request for any incentive

17   award to a maximum of one thousand five hundred dollars ($1,500) for each Class Representative.

18   Class Counsel shall file, and the Settlement Administrator shall post to the Settlement Website, its

19   papers supporting any incentive award fourteen (14) days before the Objection/Exclusion Deadline.

20                   8.2.1    The Settlement Administrator, within five (5) days after the Final Settlement

21   Date, shall pay from the Settlement Fund the amount of any Court-approved incentive award for

22   Plaintiffs via check, to be sent care of Class Counsel.  Should the Court award less than the amount

23   sought in the petition, the difference between the amount sought and the amount awarded shall

24   remain in the Settlement Fund to pay Authorized Claimants or be given to the *Cy Pres* Recipients.

25           8.3      It is not a condition of the Settlement that any Fee Award and/or Incentive Award be

26   approved by the Court.  Any order or proceeding relating to the amount of any Fee Award and/or

27   Incentive Award, or any appeal from or reversal or modification thereof, shall not operate to modify,

28   terminate or cancel the Settlement, or affect or delay Final Order and Judgment.

**9.      TERMINATION OF SETTLEMENT**

9.1      This Settlement Agreement is being entered into for settlement purposes only.  If the Court conditions its approval of either the Preliminary Approval Order or the Final Order and Judgment on any modifications of this Settlement Agreement that are not acceptable to all Parties, or if the Court does not approve the Settlement or enter the Final Order and Judgment, or if the Final Settlement Date does not occur for any reason, then this Settlement Agreement will be deemed null and void *ab initio*.  In that event, then (a) the Preliminary Approval Order, and the Final Order and Judgment (if applicable) and all of its provisions will be vacated by its own terms, including, but not limited to, vacating conditional certification of the Settlement Class, vacating conditional appointment of Plaintiffs as Class Representatives, and vacating conditional appointment of Class Counsel, (b) the Action will revert to the status that existed before the Settlement Agreement's execution date, and (c)(i) no term or draft of this Settlement Agreement, (ii) nor any part of the Parties' settlement discussions, communications, negotiations, or documentation (including any declaration or brief filed in support of the motion for preliminary approval or motion for final approval), (iii) nor any rulings regarding class certification for settlement purposes (including the Preliminary Approval Order and, if applicable, the Final Order and Judgment), will have any effect or be admissible into evidence for any purpose in the Action or any other proceeding.  If the Court does not approve the Settlement or enter the Final Order and Judgment for any reason, or if the Final Settlement Date does not occur for any reason, Defendant shall retain all its rights, for example, to object to the maintenance of the Action as a class action, to move for summary judgment, and to assert defenses at trial, and nothing in this Settlement Agreement or other papers or proceedings related to the settlement shall be used as evidence or argument by any Party for any purpose concerning whether the Action, including whether it may properly be maintained as a class action.

9.2      Unless otherwise ordered by the Court, in the event the Settlement Agreement is terminated for any reason, then within ten (10) business days after the Parties have provided the Court with notice that they are invoking this Section 9.2, the Settlement Administrator shall return the Settlement Fund (including accrued interest), less expenses and any costs which have either been disbursed or incurred, including Taxes and Tax Expenses, to Defendant pursuant to written

1  instructions from LinkedIn's Counsel.  At the request of LinkedIn's Counsel, the Settlement

2  Administrator or its designee shall apply for any tax refund owed on the Settlement Fund and pay the

3  proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for

4  refund, to Defendant.

5  **10.      MISCELLANEOUS PROVISIONS**

6         10.1     The Parties (a) acknowledge that it is their intent to consummate this Settlement

7  Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the

8  extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement

9  Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and

10  conditions of this Settlement Agreement.  The Parties, Class Counsel, and LinkedIn's Counsel agree

11  to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the

12  Settlement Agreement, and the Final Order and Judgment, and promptly to agree upon and execute

13  all such other documentation as may be reasonably required to obtain final approval of the Settlement

14  Agreement.

15         10.2     All time periods and dates described in this Settlement Agreement are subject to the

16  Court's approval.  These time periods and dates may be changed by the Court or by the Parties'

17  written agreement without notice to the Settlement Class.  The Parties reserve the right, subject to the

18  Court's approval, to make any reasonable extensions of time that might be necessary to carry out any

19  provisions of this Settlement Agreement.

20         10.3     The Parties intend this Settlement Agreement to be a final and complete resolution of

21  all disputes between them with respect to the Released Claims by the Releasing Parties and each or

22  any of them, on the one hand, against the Released Parties, and each or any of them, on the other

23  hand.

24         10.4     The Parties executed this Settlement Agreement voluntarily and without duress or

25  undue influence.

26         10.5     The Parties have relied upon the advice and representation of counsel, selected by

27  them, concerning their respective legal liability for the claims hereby released.  The Parties have read

28  and understand fully this Settlement Agreement and have been fully advised as to the legal effect

1  thereof by counsel of their own selection and intend to be legally bound by the same.

2        10.6    Whether or not the Final Settlement Date occurs or the Settlement Agreement is

3  terminated, neither this Settlement Agreement nor the settlement contained in this Settlement

4  Agreement, nor any act performed or document executed pursuant to or in furtherance of this

5  Settlement Agreement or the settlement:

6        10.6.1  is, may be deemed, or shall be used, offered or received against the Released

7  Parties, or each or any of them, as an admission, concession, or evidence of, the validity of any

8  Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has

9  been or could have been asserted in the Action, the violation of any law or statute, the reasonableness

10  of the settlement amount or the fee award, or of any alleged wrongdoing, liability, negligence or fault

11  of the Released Parties, or any of them;

12        10.6.2  is, may be deemed, or shall be used, offered, or received against the Settlement

13  Class as an admission, concession, or evidence of any fault, misrepresentation, or omission with

14  respect to any statement or written document approved or made by the Released Parties, or any of

15  them;

16        10.6.3  is, may be deemed, or shall be used, offered, or received against the Released

17  Parties, or each or any of them, as an admission or concession with respect to any liability,

18  negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal, or

19  administrative proceeding in any court, administrative agency, or other tribunal.  However, the

20  settlement, this Settlement Agreement, and any acts performed and/or documents executed in

21  furtherance of or pursuant to this Settlement Agreement and/or Settlement may be used in any

22  proceedings as may be necessary to effectuate the provisions of this Settlement Agreement.

23  However, if this Settlement Agreement is approved by the Court and the Final Settlement Date

24  occurs, any of the Parties or any of the Released Parties may file this Settlement Agreement and/or

25  the Final Order and Judgment in any action that may be brought against such Party or Parties in order

26  to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release,

27  good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue

28  preclusion or similar defense or counterclaim;

1         10.6.4  is, may be deemed, or shall be construed against Plaintiffs, the Settlement

2    Class or each or any of them, or against the Released Parties, or each or any of them, as an admission

3    or concession that the consideration to be given hereunder represents an amount equal to, less than, or

4    greater than that amount that could have or would have been recovered after trial; and

5         10.6.5  is, may be deemed, or shall be construed as or received in evidence as an

6    admission or concession against Plaintiffs, the Settlement Class, or each and any of them, or against

7    the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or

8    that damages recoverable in the Action would have exceeded or would have been less than any

9    particular amount.

10        10.7    The headings used in this Settlement Agreement are used for the purpose of

11    convenience only and are not meant to have legal effect.

12        10.8    The Recitals are incorporated by this reference and are part of the Settlement

13    Agreement.

14        10.9    The waiver by one Party of any breach of this Settlement Agreement by any other

15    Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Settlement

16    Agreement.

17        10.10   The Parties must execute and deliver any additional papers, documents, and other

18    assurances, and must do any other acts reasonably necessary, to perform their obligations under this

19    Settlement Agreement and to carry out this Settlement Agreement's expressed intent.

20        10.11   This Settlement Agreement sets forth the entire agreement and understanding of the

21    Parties with respect to the matter set forth herein, and supersede all prior negotiations, agreements,

22    arrangements, and undertakings with respect to the matters set forth herein. No representations,

23    warranties, or inducements have been made to any Party concerning this Settlement Agreement other

24    than the representations, warranties, and covenants contained and memorialized in such documents.

25    This Settlement Agreement may be amended or modified only by a written instrument signed by or

26    on behalf of all Parties or their respective successors-in-interest.

27        10.12   Any inconsistency between this Settlement Agreement and Release and its attached

28    exhibits, comprising the Settlement Agreement, will be resolved in favor of this Settlement

1   Agreement and Release.

2       10.13   Except as otherwise provided in this Settlement Agreement, each Party shall bear its

3   own fees and costs.

4       10.14   Plaintiffs represent and warrant that they have not assigned, granted, or transferred

5   any claim or right or interest therein as against the Released Parties to any other Person and that they

6   are fully entitled to release the same.

7       10.15   Nothing in this Settlement Agreement, the negotiations, and the mediation relating

8   thereto is intended to or shall be deemed to constitute a waiver of any applicable privilege or

9   immunity, including without limitation the attorney-client privilege or work product immunity, by

10   any Party.

11       10.16   Each counsel or other Person executing this Settlement Agreement or any related

12   settlement documents on behalf of any party to this Settlement Agreement warrants and represents

13   that such Person has the full authority to do so and has the authority to take appropriate action

14   required or permitted to be taken pursuant to the Settlement Agreement to effectuate its terms.

15       10.17   This Settlement Agreement may be executed in one or more counterparts.  Signature

16   by digital, facsimile, or in PDF format will constitute sufficient execution of the Settlement

17   Agreement.  All executed counterparts and each of them shall be deemed to be one and the same

18   instrument.  A complete set of original executed counterparts shall be filed with the Court if the Court

19   so requests.

20       10.18   This Settlement Agreement shall be binding on, and inure to the benefit of, the

21   successors and assigns of the Parties to this Agreement and the Released Parties.

22       10.19   The Court shall retain jurisdiction with respect to implementation and enforcement of

23   the terms of this Settlement Agreement, and all Parties to this Settlement Agreement submit to the

24   jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this

25   Settlement Agreement.

26       10.20   This Settlement Agreement and any claim, cause of action, or dispute among the

27   Parties arising out of or relating to this Settlement Agreement shall be governed by, interpreted under,

28   and enforced in accordance with the laws of the State of California without regard to any

1 | conflict-of-law principles that may otherwise provide for the application of the law of another

2 | jurisdiction.

3 |     10.21  This Settlement Agreement is deemed to have been prepared by counsel for all Parties,

4 | as a result of arms'-length negotiations among the Parties with the aid of a neutral mediator.  Whereas

5 | all Parties have contributed substantially and materially to the preparation of this Settlement

6 | Agreement, it shall not be construed more strictly against one party than another.

7 |     10.22  Where this Settlement Agreement requires notice to the Parties, such notice shall be

8 | sent to Class Counsel and LinkedIn's Counsel.

9 |

10 | Dated: June __11__, 2015

      By: _____

11 | Paul Perkins, individually and on behalf of the Settlement Class

12 |       By: _____

13 | Pennie Sempell, individually and on behalf of the Settlement Class

14 |       By: _____

15 | Ann Brandwein, individually and on behalf of the Settlement Class

16 |       By: _____

17 | Erin Eggers, individually and on behalf of the Settlement Class

18 |       By: _____

19 | Clare Connaughton, individually and on behalf of the Settlement Class

20 |       By: _____

21 | Jake Kushner, individually and on behalf of the Settlement Class

22 |       By: _____

23 | Natalie Richstone, individually and on behalf of the Settlement Class

24 |       By: _____

25 | Nicole Crosby, individually and on behalf of the Settlement Class

26 |

27 |

28 |

Leslie Wall, signed on her behalf by
By: Daniel P Hipkind, _Daniel P. Hip__

Leslie Wall, individually and on behalf of the
Settlement Class

Dated: June _____, 2015

LINKEDIN CORPORATION

By: _____
Michael Callahan
Vice President, General Counsel and Secretary

**APPROVED AS TO FORM BY COUNSEL:**

Dated: June _11_, 2015

RUSS AUGUST & KABAT
Attorneys for Plaintiffs and the Settlement Class

By: _____
Larry C. Russ, Esq.

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Attorneys for Plaintiffs and the Settlement Class

By: _Nicholas Diamand_ .
Michael W. Sobol, Esq.
Nicholas R. Diamand, Esq.
Melissa Gardner, Esq.

Dated: June _11_, 2015

OLAVI DUNNE LLP
Attorneys for Plaintiffs and the Settlement Class

By: _Daniel P. Hipkind_
Dorian S. Berger, Esq.
Daniel P. Hipkind, Esq.

Dated: June ___, 2015

MUNGER, TOLLES & OLSON LLP
Attorneys for LinkedIn Corporation

By: _____
Jerome C. Roth, Esq.
Rosemarie T. Ring, Esq.
Jonathan H. Blavin, Esq.
Adam I. Kaplan, Esq.

1

2    By: _____
     Leslie Wall, individually and on behalf of the
     Settlement Class

3    Dated: June ⌇⌇, 2015              LINKEDIN CORPORATION

4

5                                      By: _____

6                                      Michael Callahan
                                       Vice President, General Counsel and Secretary

7

8    **APPROVED AS TO FORM BY COUNSEL:**

9    Dated:  June ____, 2015           RUSS AUGUST & KABAT
                                       Attorneys for Plaintiffs and the Settlement Class

10

11                                     By: _____
                                       Larry C. Russ, Esq.

12
                                       LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
13                                     Attorneys for Plaintiffs and the Settlement Class

14                                     By: _____
                                       Michael W. Sobol, Esq.
15                                     Nicholas R. Diamand, Esq.
                                       Melissa Gardner, Esq.
16

17   Dated:  June ____, 2015           OLAVI DUNNE LLP
                                       Attorneys for Plaintiffs and the Settlement Class
18

19                                     By: _____
                                       Dorian S. Berger, Esq.
20                                     Daniel P. Hipskind, Esq.

21   Dated:  June ⌇⌇, 2015             MUNGER, TOLLES & OLSON LLP
                                       Attorneys for LinkedIn Corporation
22

23                                     By: _____
                                       Jerome C. Roth, Esq.
24                                     Rosemarie T. Ring, Esq.
                                       Jonathan H. Blavin, Esq.
25                                     Adam I. Kaplan, Esq.

26

27

28

# EXHIBIT A

## CLAIM FORM

*Perkins v. LinkedIn Corp*. Settlement
c/o Gilardi & Co. LLC
P.O. Box 35009
Seattle, WA  98124-1009


Claim No:1234567          Control No: 1234567890


## *PERKINS V. LINKEDIN CORP.* CLAIM FORM
United States District Court for the Northern District of California
Case No. 13-CV-04303-LHK


Settlement Website: www.[xxx].com
Questions about completing the Claim Form?  Contact [settlementadministrator@website.com]

**THIS FORM MUST BE COMPLETED AND SUBMITTED ELECTRONICALLY TO THE SETTLEMENT ADMINSITRATOR AT OR BEFORE 11:59 P.M. PACIFIC TIME ON [CLAIMS DEADLINE].  IF YOU ARE SUBMITTING THIS FORM BY U.S. MAIL, IT MUST BE POSTMARKED BY [CLAIMS DEADLINE].**

*Persons who submit a Claim Form must be a member of the Settlement Class described on the website referenced above and may be entitled to a payment.  If a Claimant also submits a request for exclusion from the Class and Settlement, the request for exclusion will be ignored.*

1.     **CONTACT INFORMATION.**

Name (first, middle, and last):

Email Address:

Mailing Address:

City:                                        State:        Zip:

Telephone Number (optional):
(          )              –

Your contact information will be used by the administrator of this Settlement, Gilardi & Co. LLC ("Gilardi" or "Settlement Administrator") to contact you, if necessary, about your claim. Providing your telephone number is optional.  By providing contact information, you agree that Gilardi may contact you about your claim.

## 2.        INFORMATION TO MAKE A CLAIM.

**Email address associated with your LinkedIn account:**

**The name associated with your LinkedIn account:**

**Class Member Number listed on the Notice you received:**

If you did not receive a Notice about this Settlement or no longer have access to that document, you may leave blank the item immediately above calling for your Class Member Number.

**YOUR PERSONAL INFORMATION WILL BE USED ONLY IN CONNECTION WITH THIS SETTLEMENT ADMINISTRATION AND IN ORDER TO PROCESS YOUR CLAIM.  YOUR INFORMATION WILL NOT BE USED FOR ANY OTHER PURPOSE.**

## 3.        ELECTION OF PAYMENT FORMAT (CHOOSE ONE).

☐ If any payment is made, I wish to receive it electronically, by ACH (Automated Clearing House).

Please provide:

Bank Routing Number:

Bank Account Number:

Banking Institution:

Name on Account (if different from above):

The illustration below is to help you identify your Routing and Account Number.  If you still are unsure which number on your check is which, please contact your financial institution.



☐ If any payment is made, instead of receiving payment electronically by ACH, I wish to receive payment by a paper check sent to the name listed above at the address listed above.

**4.      ATTESTATIONS.**

**IN ORDER TO QUALIFY FOR POSSIBLE PAYMENT, YOU MUST BE ABLE TO MAKE THE DECLARATIONS BELOW, UNDER PENALTY OF PERJURY.**

**I declare the following under penalty of perjury:**

1.   I used Add Connections to import information from one or more external email accounts and send emails to one or more persons who were not LinkedIn members inviting them to join LinkedIn between September 17, 2011 and October 31, 2014.

2.   I did not agree to the use of my name or profile picture to grow LinkedIn's member base through Add Connections.

3.   I believe I was injured by any such use of my name or name and profile picture.

4.   I am submitting only one Claim Form, regardless of how many LinkedIn accounts I have.

5.   I understand that I am releasing all Released Claims against LinkedIn and the other Released Parties as set forth in Section 4 of the Settlement Agreement (available at www.[xxxxxxxxxxxx].com/court_docs/settlement_agreement).

**5.      SIGN AND SUBMIT THE CLAIM FORM.**

I have received notice of the Settlement, and I submit this Claim Form under the terms of the Settlement.  I also submit to the jurisdiction of the United States District Court for the Northern District of California with regard to my claim and for purposes of enforcing the release of claims in the Settlement Agreement.  I further acknowledge that I am bound by the terms of any Court judgment that may be entered in this Action and may not bring or continue pursuing any of the Released Claims against LinkedIn and/or the other Released Parties in a separate action.  I agree to furnish additional information to support this claim if required to do so.

**I declare under penalty of perjury that the foregoing attestations and all the information I have submitted in support of my claim are true and correct.**

IF SUBMITTED ELECTRONICALLY:

**I agree that by submitting this claim form I certify under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct and that checking this box constitutes my electronic signature on the date of its submission.**

IF SUBMITTED BY U.S. MAIL:

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

Dated: _____      Signature: _____

\* \* \* \*

IF SUBMITTED BY MAIL, PLEASE SEND THIS CLAIM FORM TO:

*Perkins v. LinkedIn Corp.*, Settlement, c/o Gilardi & Co. LLC
P.O. Box [NUMBER]
[CITY], [STATE] [ZIP CODE]

**THIS FORM MUST BE COMPLETED AND SUBMITTED ELECTRONICALLY TO THE SETTLEMENT ADMINISTRATOR AT OR BEFORE 11:59 P.M. PACIFIC TIME ON [MONTH] [DAY], [YEAR].  IF YOU ARE SUBMITTING THIS FORM BY U.S. MAIL, IT MUST BE POSTMARKED BY [MONTH] [DAY], [YEAR].**

**6.     AFTER SUBMISSION OF FORM.**

Payment will be provided to Class Members only if the Court gives final approval to the Settlement and,  if there are any appeals, after the appeals are resolved in favor of the Settlement. *Additionally, the amount, if any, paid to each Claimant depends upon the number of claims made. No one knows in advance how much each Claimant's payment will be, and Claimants may be paid nothing at all*.  **Please be patient**.

If, after you submit a Claim Form, you change your postal or email address, it is your responsibility to inform the Settlement Administrator of your updated information. You may do so by mail or email at the addresses above.

# EXHIBIT B

## EMAIL NOTICE

To: XXXXXXXXXX
From: XXXXXXXXXX
Re: LEGAL NOTICE OF SETTLEMENT OF CLASS ACTION

NOTICE OF PENDING CLASS ACTION AND NOTICE OF PROPOSED SETTLEMENT
*PERKINS V. LINKEDIN CORP.*

## You are receiving this e-mail [or notification] because you may have used LinkedIn's Add Connections feature between September 17, 2011 and October 31, 2014.

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

**Why did I get this notice?**  This Notice relates to a proposed settlement ("Settlement") of a class action lawsuit ("Action") against LinkedIn Corporation ("LinkedIn") based on LinkedIn's alleged improper use of a service called "Add Connections" to grow its member base.

**What is the Action about?**  LinkedIn's "Add Connections" service allows LinkedIn members to import contact information from their own email accounts and invite one or more of those contacts to join the members' professional network on LinkedIn.  The Action is based on allegations that LinkedIn improperly grew its member base through Add Connections by using member names and likenesses to promote its services after receiving this contact information from members.  LinkedIn denies these allegations and any and all wrongdoing and liability whatsoever.  No court or other entity has made any judgment or other determination of any liability.

**What relief does the Settlement provide?**  If the proposed Settlement is approved by the Court, and after any appeals are resolved, LinkedIn will pay $13 million into a fund that can be used, in part, to make payments to Settlement Class Members who file approved claims.  If the number of approved claims results in a payment amount of less than $10, an additional amount of up to $750,000 will be added to the $13 million fund.  Payments will be made on a *pro rata* basis, which means the payment amount depends on the number of approved claims, unless *pro rata* payments are so small that they cannot be distributed in a way that is economically feasible.  *No one knows in advance whether or in what amount payments will be made to Settlement Class Members who file valid and timely claims.*

In addition to monetary relief, LinkedIn has agreed to revise disclosures on Add Connections permission screens and to implement new functionality allowing members to (1) manage contacts, including viewing and deleting contacts and sending invitations, and (2) stop reminders from being sent for connection invitations that were sent inadvertently.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to be eligible to receive a payment, if the Court orders payment to Settlement Class Members. | Deadline: [Month] [Day], [Year] |
| **EXCLUDE YOURSELF** | This is the only option that allows you to retain your rights to sue LinkedIn about its alleged improper use of Add Connections to grow its member base. | Deadline: [Month] [Day], [Year] |
| **OBJECT** | Write to the Court about why you object to (i.e., don't like) the Settlement and think it shouldn't be approved. | Deadline: [Month] [Day], [Year] |
| **GO TO THE "FINAL APPROVAL HEARING"** | The Court will hold a "Final Approval Hearing" to consider the Settlement, the request for attorneys' fees and expenses of the lawyers who brought the Action ("Class Counsel"), and the request for service awards of the plaintiffs who brought the Action ("Class Representatives").<br><br>You may, but are not required to, speak at the Final Approval Hearing about any Objection you filed.  If you intend to speak at the Final Approval Hearing, you must follow the procedures set forth in paragraph 6.3 of the Settlement Agreement when you serve your Objection. | Deadline: [Month] [Day], [Year] |
| **DO NOTHING** | You will not receive a payment, even if the Court orders payment to Settlement Class Members.  You will also be giving up any claims you may have against LinkedIn based on its alleged improper use of Add Connection to grow it member base.  You may be eligible to receive the non-monetary benefits of the Settlement, if the Settlement is finally approved. | No deadline |

**More information?**  For more information about the Settlement and how to take the actions described above, please visit www.[xxx].com or write to the Settlement Administrator at *Perkins v. LinkedIn Corp.*, Settlement, c/o Gilardi & Co. LLC [Address], [City], [State] [ZIP Code], [email@settlementname.com].  You may also contact Class Counsel by calling (xxx) xxx-xxxx.

**Do Not Address Any Questions About The Settlement Or The Litigation To LinkedIn, The Clerk Of The Court, Or The Judge.**

# EXHIBIT C

## WEBSITE NOTICE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| PAUL PERKINS, *et al.*<br>Plaintiffs,<br><br>v.<br><br>LINKEDIN CORPORATION.<br>Defendant. | CASE No. 5:13-CV-04303-LHK |

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**This Notice concerns a settlement ("Settlement") of a class action lawsuit ("Action") against LinkedIn Corporation ("LinkedIn") based on LinkedIn's alleged use of a service called Add Connections to grow its member base.  If you are a LinkedIn member and used Add Connections between September 17, 2011 and October 31, 2014, you may be a "Settlement Class Member" in the Action.**

**Please read this Notice carefully.  Your legal rights will be affected regardless of whether you do or do not act.**

- LinkedIn's "Add Connections" service allows LinkedIn members to import contact information from their own email accounts and to invite one or more of those contacts to join the members' professional network on LinkedIn.

- The Action is based on allegations that LinkedIn improperly grew its member base through Add Connections by using member names and likenesses to promote its services after receiving this contact information from members.  LinkedIn denies these allegations and any and all liability.

- If you are a Settlement Class Member and can attest that you did not agree to the use of your name and likeness to grow LinkedIn's member base through Add Connections and that you believe you were injured by such use, you are eligible to submit a claim for a payment from a $13 million fund, which will also be used to pay certain costs, including attorneys' fees and settlement administration expenses.  Payments will be made on a *pro rata* basis, which means the payment amount depends on the number of Settlement Class Members who file approved claims ("Authorized Claimants").  If the number of Authorized Claimants results in a payment amount of less than $10, an additional amount of up to $750,000 will be added to the $13 million fund.  If the *pro rata* payment amount is so small that it cannot be distributed to Settlement Class Members in a way that is economically feasible, payments will be made to *Cy Pres* Recipients selected by the Parties and approved by the Court.  *No one knows in advance whether or in what amount payments will be made to Settlement Class Members.*

- Under the proposed Settlement, LinkedIn has also agreed to additional disclosures on Add Connections permission screens and to implement measures allowing LinkedIn members to manage their imported contacts and to stop reminders for pending connection invitations that were sent inadvertently.

1

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to be eligible to receive a payment, if the Court orders payment to Settlement Class Members. | Deadline: [Month] [Day], [Year] |
| **EXCLUDE YOURSELF** | This is the only option that allows you to retain your rights to sue LinkedIn about its alleged improper use of Add Connections to grow its member base. | Deadline: [Month] [Day], [Year] |
| **OBJECT** | Write to the Court about why you object to (i.e., don't like) the Settlement and think it shouldn't be approved. | Deadline: [Month] [Day], [Year] |
| **GO TO THE "FINAL APPROVAL HEARING"** | The Court will hold a "Final Approval Hearing" to consider the Settlement, the request for attorneys' fees and expenses of the lawyers who brought the Action ("Class Counsel"), and the request for service awards to the Plaintiffs who brought the Action ("Class Representatives").<br><br>You may, but are not required to, speak at the Final Approval Hearing about any Objection you filed.  If you intend to speak at the Final Approval Hearing, you must follow the procedures set forth in Section 14 below when you serve your Objection. | Deadline: [Month] [Day], [Year] |
| **DO NOTHING** | You will not receive a payment, even if the Court orders payment to Settlement Class Members.  You will also be giving up any claims you may have against LinkedIn based on its alleged improper use of Add Connection to grow it member base.  You may be eligible to receive the non-monetary benefits of the Settlement, if the Settlement is finally approved. | No deadline |

- These rights and options—**and the deadlines to exercise them**—are explained in more detail below.

- The Court in charge of this Action has preliminarily approved the Settlement and must decide whether to give final approval to the Settlement.  The relief provided to Settlement Class Members will be provided only if the Court gives final approval to the Settlement and, if there are any appeals, after the appeals are resolved in favor of the Settlement. ***Please be patient***.

2

## BACKGROUND INFORMATION

### 1.  Why did I get this notice?

You received this Notice because a settlement has been reached in the Action.  According to LinkedIn's available records, you may be a Settlement Class Member and may be entitled to the relief detailed below.

This Notice explains the nature of the Action, the general terms of the proposed Settlement, and your legal rights and obligations.  To obtain more information about the Settlement, including information about how you can see a copy of the Settlement Agreement (which defines certain capitalized terms used in this Notice), see Section 19 below.

### 2.  Why is this a class action?

In a class action lawsuit, one or more people called Plaintiffs (in this Action, Paul Perkins, Pennie Sempell, Ann Brandwein, Erin Eggers, Clare Connaughton, Jake Kushner, Natalie Richstone, Nicole Crosby, and Leslie Wall) sue on behalf of other people who have similar claims ("Settlement Class Members").  For purposes of this Settlement, one court will resolve the issues for all Settlement Class Members, except for those people who properly exclude themselves from the Settlement Class, as explained in Section 13 below.  The company sued in this case, LinkedIn, is called the Defendant.

### 3.  What is this lawsuit about?

The Plaintiffs contend that LinkedIn improperly used the Add Connections service to grow its member base.  Add Connections means the processes by which new and existing LinkedIn members may import contact information from their own external email accounts and invite one or more of those contacts to connect with them on LinkedIn.  According to the Plaintiffs, LinkedIn improperly grew its member base through Add Connections by using member names and likenesses to promote its services after receiving this contact information from members. LinkedIn denies these allegations and any and all liability.  Based on those allegations, the Plaintiffs asserted violations of (1) California's common law right of publicity; (2) California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*) (the "UCL"); (3) the Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.*; (4) the federal Wiretap Act, 18 U.S.C. §§ 2510, *et seq.*; (5) California Penal Code § 502; and (6) the California Invasion of Privacy Act, Cal. Penal Code §§ 630, *et seq.*

**LinkedIn denies any wrongdoing and any liability whatsoever and the issuance of this Notice is not an expression of the Court's opinion on the merit or the lack of merit of any of the claims in the Action.**

3

For information about how to learn about what has happened in the Action to date, please see Section 19 below.

| **4. Why is there a Settlement?** |
| --- |

The Court has **not** decided that the Plaintiffs or LinkedIn should win this Action. Instead, both sides agreed to a Settlement. That way, they avoid the cost of a trial, and the Settlement Class Members will receive relief when the Settlement is final, rather than years from now, if at all.

In granting preliminary approval of the Settlement, the Court appointed Plaintiffs as Class Representatives and the lawyers who brought this Action as Class Counsel.

| **5. How do I know if I am part of the Settlement?** |
| --- |

The Court has decided that everyone who fits this description is a Settlement Class Member for purposes of the proposed Settlement:

> All current and former LinkedIn members who used Add Connections to import information from external email accounts and send emails to persons who were non-members in which the member's name, photograph, likeness and/or identity was displayed between September 17, 2011 and October 31, 2014.

| **THE PROPOSED SETTLEMENT** |
| --- |
| **6. What relief does the Settlement provide to the Settlement Class Members?** |

If the proposed Settlement is approved by the Court, and after any appeals are resolved, LinkedIn has agreed to the following:

- **Settlement Fund**. LinkedIn will pay $13 million into a fund that will be used to make payments to Settlement Class Members who file valid and timely claims ("Authorized Claimants"), any attorneys' fees and costs awarded by the Court to Class Counsel, any service awards paid to the Class Representatives, and any costs incurred by the Settlement Administrator. The part of the Settlement Fund that will be used to pay claims made by Authorized Claimants is called the Net Settlement Fund.

  - The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, which means the payment amount depends on the number of Authorized Claimants. If the number of Authorized Claimants results in a

payment amount of less than $10, an additional amount of up to $750,000 will be added to the $13 million fund.

- *No one knows in advance whether or in what amount payments will be made to Settlement Class Members.* If the number of Authorized Claimants results in a *pro rata* payment amount that the Parties, in consultation with the Settlement Administrator and the mediator, believe is not economically feasible to distribute to Authorized Claimants, Class Counsel will submit for Court approval as part of the Final Order and Judgment an alternative plan of distribution under which the Settlement Administrator will distribute the Net Settlement Fund to the *Cy Pres* Recipients.

- The *Cy Pres* Recipients are as follows: Access Now, Electronic Privacy Information Center ("EPIC"), and Network for Teaching Entrepreneurship ("NTFE").

- **Prospective Relief.** In addition to monetary benefits, LinkedIn has agreed to revise disclosures on Add Connections permission screens and to implement new functionality allowing members to (1) manage contacts, including viewing and deleting contacts and sending invitations, and (2) stop reminders from being sent for connection invitations that were sent inadvertently.

| | |
|---|---|
| **7.** | **Will the Class Representatives receive any compensation for their efforts in bringing this Action?** |

The Class Representatives will request a service award of up to $1,500 (each) for their services as class representatives and their efforts in bringing the Action. The Court will make the final decision as to the amount to be paid to the Class Representatives.

## HOW TO REQUEST PAYMENT – SUBMITTING A CLAIM FORM

| | |
|---|---|
| **8.** | **How can I get a payment?** |

To qualify for payment, Settlement Class Members must send in a Claim Form. A Claim Form is accessible by clicking HERE. Read the instructions on the Claim Form carefully, fill out all the information requested, and submit it electronically by 11:59 p.m. Pacific Time on [Month] [Day], [Year].

Alternatively, a copy of the Claim Form can be obtained from the Settlement website www.[xxx].com or from the Settlement Administrator at the address below and submitted by postal mail. If a completed Claim Form is submitted by mail it must be submitted to the below address and postmarked by [Month] [Day], [Year].

*Perkins v. LinkedIn Corp.*, Settlement
c/o Gilardi & Co. LLC
[Address]
[City], [State] [ZIP Code]

| | |
|---|---|
| **9.** | **When will I get a payment if I submit a Claim Form?** |

If a Settlement Class Member submits a timely and valid Claim Form by [Month] [Day], [Year], and the Court orders payment to Authorized Claimants, the Authorized Claimant will receive his or her payment about 90 days after the Court grants final approval of the Settlement, assuming that no one files an appeal challenging the Settlement.  The Claim Form allows Settlement Class Members to choose between payment via Automated Clearing House (ACH) transfer and payment via physical check.

## THE LAWYERS REPRESENTATION

| | |
|---|---|
| **10.** | **Do I have a lawyer in this case?** |

The Court has ordered that Russ, August & Kabat; Lieff, Cabraser, Heimann & Bernstein, LLP; and Olavi Dunne LLP ("Class Counsel") will represent the interests of all Settlement Class Members.  Settlement Class Members will not be separately charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| | |
|---|---|
| **11.** | **How will the lawyers be paid?** |

When Class Counsel ask the Court to approve the settlement, they will also apply to the Court for an award of attorneys' fees, costs, and expenses up to a maximum of $3,250,000 to be paid from the $13 million settlement fund.  The Court will make the final decision as to the amounts to be paid to Class Counsel.

## DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS

| | |
|---|---|
| **12.** | **What do Settlement Class Members give up to obtain relief under the Settlement?** |

If the Settlement is approved, the Court will enter a Final Order and Judgment dismissing the Action "with prejudice" (i.e., meaning that it cannot be filed again).

Upon the entry of the Final Order and Judgment, Plaintiffs and all Settlement Class Members who do not validly and timely request to be excluded from the proposed Settlement, and each of their respective present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, predecessors-in-interest, successors, assigns, and legatees (collectively the "Releasing Parties") shall be deemed to have fully, finally, and forever released, relinquished, and discharged against LinkedIn and any and all of its present or former heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliated and related entities, employers, employees, agents, representatives, consultants, independent contractors, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, insurers, underwriters, shareholders, lenders, auditors, investment advisors, and any and all present and former companies, firms, trusts, corporations, officers, directors, other individuals or entities in which LinkedIn has a controlling interest or which is affiliated with any of them, or any other representatives of any of these persons and entities (collectively the "Released Parties"), any and all actions, causes of action, claims, demands, liabilities, obligations, damages (including, without limitation, punitive, exemplary and multiple damages), penalties, sanctions, losses, debts, contracts, agreements, attorneys' fees, costs, expenses, and rights of any nature and description whatsoever, whether based on federal, state, or local statutes, common law, regulations, rules or any other law of the United States or foreign jurisdiction, known or unknown, fixed or contingent, suspected or unsuspected, in law or in equity, that were asserted or could have been asserted arising from or related to allegations in the Action regarding the alleged use of Add Connections to grow LinkedIn's member base, including, without limitation, (i) accessing, importing, storing and/or using information from LinkedIn members' external email accounts; (ii) using LinkedIn members' names, photographs, likenesses, and/or identities in emails relating to Add Connections; or (iii) related disclosures, representations, and omissions ("Released Claims").

**In addition, the Releasing Parties expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, and any law or legal principle of similar effect in any jurisdiction, whether federal or state. Section 1542 of the California Civil Code provides as follows:**

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Releasing Parties fully understand that the facts on which this Settlement Agreement is executed may be different from the facts now believed by the Releasing Parties and their Counsel to be true, and they expressly accept and assume the risk of this possible difference in facts and agree that this Settlement Agreement remains effective despite any difference in facts. Further, the Releasing Parties agree that this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

The precise definitions of the capitalized terms in the paragraph above can be found in the Settlement Agreement, which is located online at www.[xxx].com or may be obtained by requesting it from the Settlement Administrator: *Perkins v. LinkedIn Corp.*, Settlement, c/o Gilardi & Co. LLC [Address], [City], [State] [ZIP Code], email@settlementname.com.

Unless you exclude yourself, you will remain in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit about the Released Claims. It also means that all of the Court's orders will apply to you and legally bind you.

If you exclude yourself from the Settlement Class, you would retain the right to bring a claim against LinkedIn, but you would not have representation provided for you through this lawsuit, and would be responsible for hiring your own attorney at your own expense.

## HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT

**13.    How do Settlement Class Members exclude themselves from the Settlement?**

Persons who fall within the definition of the Settlement Class who do not want to be a part of the Settlement must send a written request to the Settlement Administrator, at the address below, postmarked on or before [Month] [Day], [Year].

*Perkins v. LinkedIn Corp., Settlement*
c/o Gilardi & Co. LLC
[Address]
[City], [State] [ZIP Code]

This request must include the case number of the Action (Case No. 5:13-CV-04303-LHK), your name, address, email address, phone number and signature, and a statement that you wish to be excluded from the Settlement Class. If the exclusion request does not include all of this information, or if it is sent to an address other than the above, or if it is not postmarked within the time specified, it will be invalid, and you will remain a member of the Settlement Class and be bound as a Class Member by the Settlement Agreement, if approved. "Mass" or "class" opt-outs purporting to be made on behalf of multiple persons or classes of persons shall not be allowed.

If you submit a valid request to be excluded from the Class, you will not be a part of the Settlement, will not be eligible to make a claim for payment (as described in Section 8 above), will not be bound by the Final Order and Judgment entered in the Action, and will not be precluded from bringing any individual claim against LinkedIn based on the conduct complained of in the Action. If a claimant also submits a request for exclusion from the class and settlement, the request for exclusion will be ignored.

## HOW TO OBJECT TO THE SETTLEMENT

**14.     How do I tell the Court that I do not like the Settlement?**

At the date, time, and location stated in Section 17 below, the Court will hold a Final Approval Hearing to determine if the Settlement is fair, reasonable, and adequate, and to also consider Class Counsel's request for an award of attorneys' fees and expenses, and a service award to the Class Representatives.

If you have not submitted a timely and valid exclusion request and wish to object to the Settlement or to the award of attorneys' fees, expenses, or service awards, you must submit to the Court and serve upon Class Counsel and LinkedIn's Counsel a written objection ("Objection") by [Month] [Day], [Year] that complies with the following requirements.

Written objections must be personally signed by the person objecting and must include: (1) the name of the Action and case number, "*Perkins v. LinkedIn Corp.*, Case No. 5:13-CV-04303-LHK"; (2) the objector's name, address, telephone number, and email address; (3) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (4)  all grounds for the objection, including all citations to legal authority and evidence supporting the objection; and (5) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (6) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).   .   Written objections must be submitted to the Court, either by mailing them to the Class Action Clerk or by filing it in person at any location of the United States District Court for the Northern District of California, except that any objection made through counsel must be filed through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

You may, but need not, submit your Objection through counsel of your choice.  If you do make your Objection through an attorney, you will be responsible for your personal attorney's fees and costs.  Objections filed by attorneys registered for e-filing with this Court on behalf of Settlement Class Members may be filed through the Court's electronic court filing ("ECF") system located at https://ecf.cand.uscourts.gov/cand/index.html.  An Objection filed with the Court via ECF may redact the objecting individual's telephone number or email address, so long as the unredacted version is served on both Class Counsel and LinkedIn's Counsel at the following addresses:

**Class Counsel**

Larry C. Russ, Esq.
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025

Dorian S. Berger, Esq.
Daniel P. Hipskind, Esq.
Olavi Dunne LLP
445 S. Figueroa St., Suite 3170
Los Angeles, CA 90071

Michael W. Sobol, Esq.
Nicholas R. Diamand, Esq.
Melissa Gardner, Esq.
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339

**LinkedIn's Counsel**

Jerome C. Roth, Esq.
Munger, Tolles & Olson LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105

The date of an objection is deemed to be the date on which it is filed with the Court as reflected on the objection's "notice of electronic filing."

For the purposes of ECF transmission, transmission must be complete by 11:59 p.m. (Pacific Time) on [Month] [Day], [Year].

**IF YOU DO NOT TIMELY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FINAL APPROVAL HEARING**.

If you file and serve a timely Objection, and comply with this paragraph, you may appear at the Final Approval Hearing, either in person or through separate counsel hired at your expense, to object to the fairness, reasonableness, or adequacy of the Settlement, or to the award of attorneys' fees, expenses, or service award. You are not required, however, to appear.

**If you or your attorney intend to make an appearance at the Final Approval Hearing, you must also file and serve, according to the above procedures, no later than [Month] [Day], [Year], a Notice of Intention to Appear. Alternatively, you may state in your Objection that you intend to appear and speak at the Final Approval Hearing.**

| **15.** | **What is the difference between excluding myself and objecting to the Settlement?** |
|---|---|

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## FINAL APPROVAL HEARING

### 16.      What is the Final Approval Hearing?

The Court has preliminarily approved the Settlement and will hold a hearing to decide whether to give final approval to the Settlement.  The purpose of the Final Approval Hearing will be for the Court to determine whether the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Class; to consider the award of attorneys' fees and expenses to Class Counsel; and to consider the request for a service award to the Class Representatives.

### 17.      When and where is the Final Approval Hearing?

The Court will hold the Final Approval Hearing at [time] on [Month] [Day], [Year] in Courtroom 8, 4th Floor, 280 South 1st Street, San Jose, CA 95113. The hearing may be postponed to a different date or time or location without notice. Please check www.[xxx].com for any updates about the Settlement generally or the Final Approval Hearing specifically. If the date or time of the Final Approval Hearing changes, an update to the Settlement website will be the only way you will be informed of the change.

### 18.      May I speak at the hearing?

At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

You may attend, but you do not have to.  As described above in Section 14, you may speak at the Final Approval Hearing only if (a) you have timely served and filed an Objection, and (b) followed the procedures set forth in Section 14 above for notifying the Court and the parties that you intend to speak at the Final Approval Hearing.

If you have requested exclusion from the Settlement, however, you may not speak at the Final Approval Hearing.

## GETTING MORE INFORMATION & UPDATING INFORMATION

### 19.      How do I get more information?

To see a copy of the Settlement Agreement (which defines capitalized terms used in this notice and provides a brief summary of what has happened in the Action), the Court's preliminary

11

approval order, Class Counsel's application for attorneys' fees and costs, and the operative complaint filed in the Action, please visit the settlement website located at: www.[xxx].com.

Alternatively, you may contact the Settlement Administrator at: *Perkins v. LinkedIn Corp.*, Settlement, c/o Gilardi & Co. LLC [Address], [City], [State] [ZIP Code].

The above description of the Action is general and does not cover all of the issues and proceedings that have occurred. In order to see the complete file for the Action, you should visit the website of the Administrative Office of the U.S. Courts, PACER Service Center, located at http://pacer.psc.uscourts.gov/. You may also visit or call the Clerk's office at the United States District Court for the Northern District of California, San Jose Courthouse located at 280 South 1st Street, San Jose, CA 95113. The Clerk will tell you how to obtain the file for inspection and copying at your own expense.

You may also contact Class Counsel by calling (XXX) XXX-XXXX.

| **20.**    **What if my address or other information changes after I submit a Claim Form?** |
|---|

If, after you submit a claim form, you change your postal or email address, it is your responsibility to inform the Settlement Administrator of your updated information.  You may do so either by mail or email at the addresses below:

*Perkins v. LinkedIn Corp*. Settlement
c/o Gilardi & Co. LLC
[Address]
[City], [State] [ZIP Code]
[email@settlementname.com]

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO LINKEDIN, THE CLERK OF THE COURT, OR THE JUDGE.**

Dated: [Month] [Day], [Year]          By:  Order of the Northern District of California
                                             HONORABLE LUCY H. KOH
                                             JUDGE OF THE U.S. DISTRICT COURT