# EXHIBIT C

## WEBSITE NOTICE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| PAUL PERKINS, *et al.*<br>            Plaintiffs,<br><br>    v.<br><br>LINKEDIN CORPORATION.<br>            Defendant. | CASE No. 5:13-CV-04303-LHK |

### NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**This Notice concerns a settlement ("Settlement") of a class action lawsuit ("Action") against LinkedIn Corporation ("LinkedIn") based on LinkedIn's alleged use of a service called Add Connections to grow its member base. If you are a LinkedIn member and used Add Connections between September 17, 2011 and October 31, 2014, you may be a "Settlement Class Member" in the Action and eligible for benefits under the Settlement.**

**Please read this Notice carefully.  Your legal rights will be affected regardless of whether you do or do not act.**

**What is the Action about?**  The Action challenges LinkedIn's use of a service called Add Connections to grow its member base.  Add Connections allows LinkedIn members to import contacts from their external email accounts and email connection invitations to one or more of those contacts inviting them to connect on LinkedIn.  If a connection invitation is not accepted within a certain period of time, up to two "reminder emails" are sent reminding the recipient that the connection invitation is pending.  The Court found that members consented to importing their contacts and sending the connection invitation, but did not find that members consented to LinkedIn sending the two reminder emails.  The Plaintiffs contend that LinkedIn members did not consent to the use of their names and likenesses in those reminder emails.  LinkedIn denies these allegations and any and all wrongdoing or liability.  No court or other entity has made a judgment or other determination of any liability.

**What relief does the Settlement provide?**  LinkedIn has revised disclosures, clarifying that up to two reminders are sent for each connection invitation so members can make fully-informed decisions before sending a connection invitation.  In addition, by the end of 2015, LinkedIn will implement new functionality allowing members to stop reminders from being sent by canceling the connection invitation.  LinkedIn has also agreed to pay $13 million into a fund that can be used, in part, to make payments to members of the Settlement Class who file approved claims.  Attorneys representing the Settlement Class will petition the Court for payment of the following from the fund: (1) reasonable attorneys' fees, expenses, and costs up to a maximum of $3,250,000, and (2) service awards for the Plaintiffs up to a maximum of $1,500 each.  The payment amount for members of the Settlement Class who file approved claims will be calculated on a *pro rata* basis, which means that it will depend on the total number of approved claims.  If the number of approved claims results in a payment amount of less than $10, LinkedIn will pay an additional amount up to $750,000 into the fund.  If the *pro rata* amount is so small that it cannot be distributed in a way that is economically feasible, payments will be made, instead, to *Cy Pres* Recipients selected by the Parties and approved by the Court.  <u>No one knows in advance whether or in what amount payments will be made to claimants</u>.

1

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **SUBMIT A CLAIM FORM** | If the Court gives final approval to the Settlement, this is the only way to be eligible to receive a payment. | Deadline: [Month] [Day], [Year] |
| **EXCLUDE YOURSELF** | This is the only option that allows you to retain your rights to sue LinkedIn about its alleged improper use of Add Connections to grow its member base. | Deadline: [Month] [Day], [Year] |
| **OBJECT** | Write to the Court about why you object to (i.e., don't like) the Settlement and think it shouldn't be approved.  You may mail your written objection to Judge Koh's Case System Administrator at the United States Courthouse, 280 South 1st Street, Room 2112, San Jose, CA 95113.  Alternatively, you may file your written objection in person at any location of the United States District Court for the Northern District of California.

You must also mail your written objection to Class Counsel and LinkedIn's Counsel.  The address for Class Counsel is: Larry C. Russ, Esq., Russ August & Kabat, 12424 Wilshire Boulevard, 12th Floor, Los Angeles, CA 90025.  The address for LinkedIn's Counsel is: Jerome C. Roth, Esq., Munger, Tolles & Olson LLP, 560 Mission Street, 27th Floor, San Francisco, CA 94105. | Deadline: [Month] [Day], [Year] |
| **GO TO THE "FINAL APPROVAL HEARING"** | The Court will hold a "Final Approval Hearing" to consider the Settlement, the request for attorneys' fees and expenses of the lawyers who brought the Action ("Class Counsel"), and the request for service awards to the Plaintiffs who brought the Action ("Class Representatives").

You may, but are not required to, speak at the Final Approval Hearing about your written objection.  If you intend to speak at the Final Approval Hearing, you must include your intention to do so in your written objection.  Follow the procedure described above for providing your written objection to the Court as well as to Class Counsel and LinkedIn's Counsel. | Deadline: [Month] [Day], [Year] |
| **DO NOTHING** | You will not receive a payment, even if the Court gives final approval to the Settlement.  You will also be giving up any claims you may have against LinkedIn based on its alleged improper use of Add Connections to grow its member base. You may be eligible to receive the non-monetary benefits of the Settlement, if the Court gives final approval to the Settlement. | No deadline |

2

- These rights and options—**and the deadlines to exercise them**—are explained in more detail below.

- The Court in charge of this Action has preliminarily approved the Settlement and must decide whether to give final approval to the Settlement. The relief provided to Settlement Class Members will be provided only if the Court gives final approval to the Settlement and, if there are any appeals, after the appeals are resolved in favor of the Settlement. **Please be patient**.

## BACKGROUND INFORMATION

### 1. Why did I get this notice?

You received this Notice because a settlement has been reached in the Action. According to LinkedIn's available records, you may be a Settlement Class Member and may be entitled to the relief detailed below.

This Notice explains the nature of the Action, the general terms of the proposed Settlement, and your legal rights and obligations. To obtain more information about the Settlement, including information about how you can see a copy of the Settlement Agreement (which defines certain capitalized terms used in this Notice), see Section 19 below.

### 2. Why is this a class action?

In a class action lawsuit, one or more people called Plaintiffs (in this Action, Paul Perkins, Pennie Sempell, Ann Brandwein, Erin Eggers, Clare Connaughton, Jake Kushner, Natalie Richstone, Nicole Crosby, and Leslie Wall) sue on behalf of other people who have similar claims ("Settlement Class Members"). For purposes of this Settlement, one court will resolve the issues for all Settlement Class Members, except for those people who properly exclude themselves from the Settlement Class, as explained in Section 13 below. The company sued in this case, LinkedIn, is called the Defendant.

### 3. What is this lawsuit about?

The Action challenges LinkedIn's use of a service called Add Connections to grow its member base. Add Connections allows LinkedIn members to import contacts from their external email accounts and email connection invitations to one or more of those contacts inviting them to connect on LinkedIn. If a connection invitation is not accepted within a certain period of time, up to two emails are sent reminding the recipient that the connection invitation is pending. The Court found that members consented to importing their contacts and sending the connection invitation, but did not find that members consented to LinkedIn sending the two reminder emails.

The Plaintiffs contend that LinkedIn members did not consent to the use of their names and likenesses in those reminder emails. LinkedIn denies these allegations and any and all wrongdoing or liability. No court or other entity has made a judgment or other determination of any liability. Plaintiffs asserted violations of (1) California's common law right of publicity; (2) California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*) (the "UCL"); (3) the Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.*; (4) the federal Wiretap Act, 18 U.S.C. §§ 2510, *et seq.*; (5) California Penal Code § 502; and (6) the California Invasion of Privacy Act, Cal. Penal Code §§ 630, *et seq.*

For information about how to learn about what has happened in the Action to date, please see Section 19 below.

### 4. Why is there a Settlement?

The Court has **not** decided that the Plaintiffs or LinkedIn should win this Action. Instead, both sides agreed to a Settlement. That way, they avoid the cost of a trial, and the Settlement Class Members will receive relief when the Settlement is final, rather than years from now, if at all.

In granting preliminary approval of the Settlement, the Court appointed Plaintiffs as Class Representatives and the lawyers who brought this Action as Class Counsel.

### 5. How do I know if I am part of the Settlement?

The Court has decided that everyone who fits this description is a Settlement Class Member for purposes of the proposed Settlement:

> All current and former LinkedIn members who used Add Connections to import information from external email accounts and send emails to persons who were non-members in which the member's name, photograph, likeness and/or identity was displayed between September 17, 2011 and October 31, 2014.

## THE PROPOSED SETTLEMENT

### 6. What relief does the Settlement provide to the Settlement Class Members?

If the Court gives final approval to the Settlement, and after any appeals are resolved, LinkedIn has agreed to the following:

- **Injunctive Relief**. LinkedIn has revised disclosures, clarifying that up to two reminders are sent for each connection invitation. In addition, by the end of 2015, LinkedIn will

4

implement new functionality allowing members to stop reminders from being sent by canceling the connection invitation.

- **Settlement Fund**. LinkedIn has also agreed to pay $13 million into a fund that will be used to make payments to Settlement Class Members who file valid and timely claims ("Authorized Claimants"), any attorneys' fees and costs awarded by the Court to Class Counsel, any service awards paid to the Class Representatives, and any costs incurred by the Settlement Administrator. The part of the Settlement Fund that will be used to pay claims made by Authorized Claimants is called the Net Settlement Fund.

  - The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, which means the payment amount depends on the number of Authorized Claimants. If the number of Authorized Claimants results in a payment amount of less than $10, LinkedIn will add an additional amount of up to $750,000 to the $13 million fund.

  - <u>No one knows in advance whether or in what amount payments will be made to Settlement Class Members</u>. If the number of Authorized Claimants results in a *pro rata* payment amount that the Parties, in consultation with the Settlement Administrator and the mediator, believe is not economically feasible to distribute to Authorized Claimants, Class Counsel will submit for Court approval as part of the Final Order and Judgment an alternative plan of distribution under which the Settlement Administrator will distribute the Net Settlement Fund to the *Cy Pres* Recipients.

  - The *Cy Pres* Recipients are as follows: Access Now, Electronic Privacy Information Center ("EPIC"), and Network for Teaching Entrepreneurship ("NTFE").

**7.     Will the Class Representatives receive any compensation for their efforts in bringing this Action?**

The Class Representatives will request a service award of up to $1,500 (each) for their services as class representatives and their efforts in bringing the Action. The Court will make the final decision as to the amount to be paid to the Class Representatives.

### HOW TO REQUEST PAYMENT – SUBMITTING A CLAIM FORM

**8.     How can I get a payment?**

To qualify for payment, Settlement Class Members must send in a Claim Form. A Claim Form is accessible by clicking HERE. Read the instructions on the Claim Form carefully, fill out all the information requested, and submit it electronically by 11:59 p.m. Pacific Time on [Month] [Day], [Year].

Alternatively, a copy of the Claim Form can be obtained from the Settlement Website www.[xxx].com or from the Settlement Administrator at the address below and submitted by postal mail.  If a completed Claim Form is submitted by mail it must be submitted to the below address and postmarked by [Month] [Day], [Year].

*Perkins v. LinkedIn Corp.*, Settlement
c/o Gilardi & Co. LLC
[Address]
[City], [State] [ZIP Code]

### 9. When will I get a payment if I submit a Claim Form?

If a Settlement Class Member submits a timely and valid Claim Form by [Month] [Day], [Year], and the Court gives final approval to the Settlement, the Authorized Claimant will receive his or her payment about 90 days after the Court gives final approval of the Settlement, assuming that no one files an appeal challenging the Settlement.  The Claim Form allows Settlement Class Members to choose between payment via Automated Clearing House (ACH) transfer and payment via physical check.

## THE LAWYERS REPRESENTATION

### 10. Do I have a lawyer in this case?

The Court has ordered that Russ, August & Kabat; Lieff, Cabraser, Heimann & Bernstein, LLP; and Olavi Dunne LLP ("Class Counsel") will represent the interests of all Settlement Class Members.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 11. How will Class Counsel be paid?

When Class Counsel ask the Court to approve the settlement, they will also apply to the Court for an award of attorneys' fees, costs, and expenses up to a maximum of $3,250,000 to be paid from the $13 million settlement fund.  The Court will make the final decision as to the amounts to be paid to Class Counsel.

## DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS

### 12. What do Settlement Class Members give up to obtain relief under the Settlement?

If the Settlement is approved, the Court will enter a Final Order and Judgment dismissing the Action "with prejudice" (i.e., meaning that it cannot be filed again).

Upon the entry of the Final Order and Judgment, Plaintiffs and all Settlement Class Members who do not validly and timely request to be excluded from the proposed Settlement, and each of their respective present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, predecessors-in-interest, successors, assigns, and legatees (collectively the "Releasing Parties") shall be deemed to have fully, finally, and forever released, relinquished, and discharged against LinkedIn and any and all of its present or former heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliated and related entities, employers, employees, agents, representatives, consultants, independent contractors, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, insurers, underwriters, shareholders, lenders, auditors, investment advisors, and any and all present and former companies, firms, trusts, corporations, officers, directors, other individuals or entities in which LinkedIn has a controlling interest or which is affiliated with any of them, or any other representatives of any of these persons and entities (collectively the "Released Parties"), any and all actions, causes of action, claims, demands, liabilities, obligations, damages (including, without limitation, punitive, exemplary and multiple damages), penalties, sanctions, losses, debts, contracts, agreements, attorneys' fees, costs, expenses, and rights of any nature and description whatsoever, whether based on federal, state, or local statutes, common law, regulations, rules or any other law of the United States or foreign jurisdiction, known or unknown, fixed or contingent, suspected or unsuspected, in law or in equity, that were asserted or could have been asserted arising from or related to allegations in the Action regarding the alleged use of Add Connections to grow LinkedIn's member base, including, without limitation, (i) accessing, importing, storing and/or using information from LinkedIn members' external email accounts; (ii) using LinkedIn members' names, photographs, likenesses, and/or identities in emails relating to Add Connections; or (iii) related disclosures, representations, and omissions ("Released Claims").

**In addition, the Releasing Parties expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, and any law or legal principle of similar effect in any jurisdiction, whether federal or state. Section 1542 of the California Civil Code provides as follows:**

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Releasing Parties fully understand that the facts on which this Settlement Agreement is executed may be different from the facts now believed by the Releasing Parties and their Counsel to be true, and they expressly accept and assume the risk of this possible difference in facts and agree that this Settlement Agreement remains effective despite any difference in facts. Further, the Releasing Parties agree that this waiver is an essential and material term of this

release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

The precise definitions of the capitalized terms in the paragraph above can be found in the Settlement Agreement, which is located online at www.[xxx].com or may be obtained by requesting it from the Settlement Administrator: *Perkins v. LinkedIn Corp.*, Settlement, c/o Gilardi & Co. LLC [Address], [City], [State] [ZIP Code], email@settlementname.com.

Unless you exclude yourself, you will remain in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit about the Released Claims. It also means that all of the Court's orders will apply to you and legally bind you.

If you exclude yourself from the Settlement Class, you would retain the right to bring a claim against LinkedIn, but you would not have representation provided for you through this lawsuit, and would be responsible for hiring your own attorney at your own expense.

## HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT

**13.   How do Settlement Class Members exclude themselves from the Settlement?**

Persons who fall within the definition of the Settlement Class who do not want to be a part of the Settlement must send a written request to the Settlement Administrator, at the address below, postmarked on or before [Month] [Day], [Year].

*Perkins v. LinkedIn Corp., Settlement*
c/o Gilardi & Co. LLC
[Address]
[City], [State] [ZIP Code]

This request must include the case number of the Action (Case No. 5:13-CV-04303-LHK), your name, address, email address, phone number and signature, and a statement that you wish to be excluded from the Settlement Class. If the exclusion request does not include all of this information, or if it is sent to an address other than the above, or if it is not postmarked within the time specified, it will be invalid, and you will remain a member of the Settlement Class and be bound as a Class Member by the Settlement Agreement, if approved. "Mass" or "class" opt-outs purporting to be made on behalf of multiple persons or classes of persons shall not be allowed.

If you submit a valid request to be excluded from the Class, you will not be a part of the Settlement, will not be eligible to make a claim for payment (as described in Section 8 above), will not be bound by the Final Order and Judgment entered in the Action, and will not be precluded from bringing any individual claim against LinkedIn based on the conduct complained of in the Action. If a claimant also submits a request for exclusion from the class and settlement, the request for exclusion will be ignored.

# HOW TO OBJECT TO THE SETTLEMENT

**14.     How do I tell the Court that I do not like the Settlement?**

At the date, time, and location stated in Section 17 below, the Court will hold a Final Approval Hearing to determine if the Settlement is fair, reasonable, and adequate, and to also consider Class Counsel's request for an award of attorneys' fees and expenses, and a service award to the Class Representatives.

If you have not submitted a timely and valid exclusion request and wish to object to the Settlement or to the award of attorneys' fees, expenses, or service awards, you must submit to the Court and mail to Class Counsel and LinkedIn's Counsel a written objection ("Objection") by [Month] [Day], [Year] that complies with the following requirements.

Written objections must be signed by the objector and must include: (1) the name of the Action and case number, "*Perkins v. LinkedIn Corp.*, Case No. 5:13-CV-04303-LHK"; (2) the objector's name, address, telephone number, and email address; (3) the basis upon which the objector claims to be a Settlement Class Member; (4) the grounds for the objection, including any supporting law or evidence, if any; (5) the name and contact information of attorneys representing, advising, or assisting the objector in connection with the objection or who may profit from the pursuit of the objection; and (6) a statement indicating whether the objector intends to appear at the Final Approval Hearing personally or through counsel.  Written objections must be submitted to the Court, either by mailing them to Judge Koh's Case System Administrator at the United States Courthouse, 280 South 1st Street, Room 2112, San Jose, CA 95113, or by filing them in person at any location of the United States District Court for the Northern District of California.

You may, but need not, submit your written objection through an attorney of your choice.  If you do make your objection through an attorney, you will be responsible for your own attorney's fees and costs.  Objections filed by attorneys registered for e-filing with this Court on behalf of Settlement Class Members must be filed through the Court's electronic court filing ("ECF") system located at https://ecf.cand.uscourts.gov/cand/index.html.  An objection filed with the Court via ECF may redact the objector's telephone number or email address, so long as the unredacted version is mailed to both Class Counsel and LinkedIn's Counsel at the following addresses:

| Class Counsel | LinkedIn's Counsel |
|---|---|
| Larry C. Russ, Esq.<br>Russ August & Kabat<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, CA 90025 | Jerome C. Roth, Esq.<br>Munger, Tolles & Olson LLP<br>560 Mission Street, 27th Floor<br>San Francisco, CA 94105 |

The date of an objection is deemed to be the date on which it is filed with the Court. For the purposes of ECF transmission, transmission must be complete by 11:59 p.m. (Pacific Time) on [Month] [Day], [Year].

**IF YOU DO NOT TIMELY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FINAL APPROVAL HEARING**.

You are not required to appear at the Final Approval Hearing. But, if you file and mail a timely objection that complies with this paragraph, you may appear at the Final Approval Hearing, either in person or through an attorney of your own choice hired at your expense, to object to the fairness, reasonableness, or adequacy of the Settlement, or to the award of attorneys' fees, expenses, and costs or to the service awards to the Plaintiffs.

**If you or your attorney intend to appear at the Final Approval Hearing, you must state in your written objection that you and/or your attorney intend to appear and speak at the Final Approval Hearing.**

### 15. What is the difference between excluding myself and objecting to the Settlement?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## FINAL APPROVAL HEARING

### 16. What is the Final Approval Hearing?

The Court has preliminarily approved the Settlement and will hold a hearing to decide whether to give final approval to the Settlement. The purpose of the Final Approval Hearing will be for the Court to determine whether the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Class; to consider the award of attorneys' fees and expenses to Class Counsel; and to consider the request for a service award to the Class Representatives.

### 17. When and where is the Final Approval Hearing?

The Court will hold the Final Approval Hearing at [time] on [Month] [Day], [Year] in Courtroom 8 of the United States Courthouse, 280 South 1st Street, 4th Floor, San Jose, CA 95113. The hearing may be postponed to a different date or time or location without notice. Please check www.[xxx].com for any updates about the Settlement generally or the Final Approval Hearing specifically. If the date or time of the Final Approval Hearing changes, an update to the Settlement Website will be the only way you will be informed of the change.

**18.     May I speak at the hearing?**

At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

You may attend, but you do not have to. As described above in Section 14, you may speak at the Final Approval Hearing only if (a) you have timely mailed your written objection to the Court (or filed it with the Court) and timely mailed your written objection to Class Counsel and LinkedIn's Counsel, and (b) followed the procedures set forth in Section 14 above for notifying the Court and the parties that you intend to speak at the Final Approval Hearing.

If you have requested exclusion from the Settlement, however, you may not speak at the Final Approval Hearing.

**GETTING MORE INFORMATION & UPDATING INFORMATION**

**19.     How do I get more information?**

To see a copy of the Settlement Agreement (which defines capitalized terms used in this notice and provides a brief summary of what has happened in the Action), the Court's preliminary approval order, Class Counsel's application for attorneys' fees and costs, and the operative complaint filed in the Action, please visit the Settlement Website located at: www.[xxx].com.

Alternatively, you may contact the Settlement Administrator at: *Perkins v. LinkedIn Corp.*, Settlement, c/o Gilardi & Co. LLC [Address], [City], [State] [ZIP Code].

The above description of the Action is general and does not cover all of the issues and proceedings that have occurred. In order to see the complete file for the Action, you should visit the website of the Administrative Office of the U.S. Courts, PACER Service Center, located at http://pacer.psc.uscourts.gov/. You may also visit or call the Clerk's office at the United States Courthouse, 280 South 1st Street, Room 2112, San Jose, CA 95113. The Clerk will tell you how to obtain the file for inspection and copying at your own expense.

You may also contact Class Counsel by calling (XXX) XXX-XXXX.

**20.     What if my address or other information changes after I submit a Claim Form?**

If, after you submit a claim form, you change your postal or email address, it is your responsibility to inform the Settlement Administrator of your updated information. You may do so either by mail or email at the addresses below:

11

*Perkins v. LinkedIn Corp.* Settlement
c/o Gilardi & Co. LLC
[Address]
[City], [State] [ZIP Code]
[email@settlementname.com]

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO LINKEDIN, THE CLERK OF THE COURT, OR THE JUDGE.**

Dated: [Month] [Day], [Year]          By:   Order of the Northern District of California
                                            HONORABLE LUCY H. KOH
                                            JUDGE OF THE U.S. DISTRICT COURT