| | |
|---|---|
| 1  LARRY C. RUSS (SBN 82760)<br>lruss@raklaw.com<br>2  NATHAN D. MEYER (SBN 239850)<br>nmeyer@raklaw.com<br>3  RUSS AUGUST & KABAT<br>12424 Wilshire Boulevard, 12th Floor<br>4  Los Angeles, California 90025<br>Telephone: (310) 826-7424<br>5  Facsimile: (310) 826-6991 | DORIAN S. BERGER (SBN 264424)<br>dberger@olavidunne.com<br>DANIEL P. HIPSKIND (SBN 266763)<br>dhipskind@olavidunne.com<br>OLAVI DUNNE LLP<br>1880 Century Park East, Ste. 815<br>Los Angeles, California 90067<br>Telephone: (213) 516-7900<br>Facsimile: (213) 516-7910 |

MICHAEL W. SOBOL (SBN 194857)
msobol@lchb.com
NICHOLAS R. DIAMAND (*Pro Hac Vice*)
ndiamand@lchb.com
MELISSA GARDNER (SBN 289096)
mgardner@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL PERKINS, PENNIE SEMPELL, ANN BRANDWEIN, ERIN EGGERS, CLARE CONNAUGHTON, JAKE KUSHNER, NATALIE RICHSTONE, NICOLE CROSBY, and LESLIE WALL, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LINKEDIN CORPORATION,<br><br>Defendant. | Case No. 13-CV-04303-LHK<br><br>**DECLARATION OF NICHOLAS DIAMAND IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, LITIGATION COSTS, AND INCENTIVE AWARDS**<br><br>**HEARING**<br>Judge:    Hon. Lucy H. Koh<br>Date:     February 11, 2016<br>Time:     1:30 p.m.<br>Location: Courtroom 8 – 4th Floor |

- 1 -

I, Nicholas Diamond, hereby declare:

1. I am a partner in the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP ("LCHB"), which, together with Russ August & Kabat PC, and Olavi Dunne LLP, serves as Class Counsel in this action. I am admitted *pro hac vice* to practice before this Court, and I am a member in good standing of the New York State Bar. I submit this Declaration in support of the Plaintiffs' Motion for Attorneys' Fees, Litigation Costs, and Incentive Awards. I have personal knowledge of the matters set forth herein, and could and would testify competently thereto if called upon to do so.

## I. Qualifications and Assignments of LCHB Attorneys and Staff

2. Founded in 1972, LCHB is one of the oldest, largest and most successful law firms in the country representing plaintiffs in class actions. A copy of LCHB's firm resume, which describes the firm's experience in class action and other complex litigation, can be found at http://www.lchbdocs.com/pdf/firm-resume.pdf, and is not attached hereto given its length. This resume is not a complete listing of all cases in which LCHB has been class counsel or otherwise counsel of record.

3. The primary LCHB attorneys who have worked on this matter are LCHB partner Michael W. Sobol, LCHB associate Melissa Gardner and me, with assistance from other LCHB attorneys, paralegals, and staff.

4. I am based in LCHB's New York City office. I am admitted to practice in the following courts: U.S. District Court: Southern, Eastern, Northern, and Western Districts of New York; US. Court of Appeals, Second and Seventh Circuit; and the U.S. Supreme Court. I am also a practicing solicitor and am admitted to the courts of England and Wales. I received my legal education at the College of Law in London, England and from Columbia University School of Law where I obtained my LL.M. I received my B.A. from Columbia University.

5. My primary duties in this litigation included representing plaintiffs at case management conferences, developing case and discovery strategy, drafting, reviewing and editing pleadings, researching issues relating to class certification, analyzing potential damages,

preparing for mediations, including associated briefing, negotiating the settlement and settlement papers, and overseeing Class Counsel's settlement approval and implementation efforts.

6. Michael W. Sobol is a 1989 graduate of Boston University School of Law, and practiced law in Massachusetts from 1989 to 1997. From 1995 through 1997, he was a Lecturer in Law at Boston University School of Law. In 1997, he left his position as partner in the Boston firm of Shafner, Gilleran & Mortensen, P.C. to join LCHB where he has almost exclusively represented plaintiffs in consumer protection class actions. He has been a partner with LCHB since 1999 and, since 2002, has been the chair of LCHB's consumer protection practice group. He has served as plaintiffs' class counsel in numerous nationwide consumer class action cases. Mr. Sobol's responsibilities in this case primarily, but not exclusively, have focused on Plaintiffs' litigation and settlement strategy.

7. Melissa Gardner received her J.D. from Harvard Law School in 2011, and is an associate at LCHB. During her time at LCHB, Ms. Gardner's practice has centered on representing plaintiffs in consumer and other complex actions. Ms. Gardner's primary duties in this litigation included conducting legal research relating to Plaintiffs' claims and editing amended complaints, drafting portions of Plaintiffs' Opposition to LinkedIn's Second Motion to dismiss, conducting legal research relating to damages and class certification, and assisting with the settlement approval and implementation efforts.

8. LCHB has a team of paralegals that assist in the litigation of its cases, with the level of staffing depending on the size and needs of the particular case. In this case, Miriam Gordon has been the primary LCHB paralegal assigned to this matter. Ms. Gordon is a 1998 graduate of William Smith College. Ms. Gordon's tasks in this litigation have included the following: conducting factual investigation, assisting with filings, maintaining LCHB's case file, preparing materials for hearings and mediations, and corresponding with Class Members, most recently during the settlement implementation process.

## II. Overview of LCHB's Efforts in this Litigation

### A. Contingent Nature of Action

9. This matter has required LCHB to spend time on this litigation that could have been spent on other matters. In addition to a substantial percentage of my time, this litigation has also required considerable work by other lawyers, paralegals, and staff at LCHB that could have otherwise been spent on other fee-generating work.

10. The time that LCHB has spent on this litigation has been completely contingent on the outcome. LCHB has not been paid for any of its time spent on this litigation, nor has it been reimbursed for any of its expenses incurred in this litigation. Because LCHB undertook representation of this matter on a contingency-fee basis, LCHB has accepted the risk of expending substantial costs and time in litigating the action without any monetary gain in the event of an adverse judgment.

### B. LCHB's Lodestar

11. LCHB has maintained contemporaneous time records since the commencement of this action. Through the date of this declaration, LCHB has worked a total of 1,186.4 hours, as of November 29, 2015, with a total lodestar of $639,593.00.

12. Attached hereto as **Exhibit A** is a summary listing each lawyer, paralegal, and staff member for which LCHB is seeking compensation for legal services in connection with this action, the hours by task each individual has expended as of November 29, 2015, and the hourly rate at which compensation is sought for each individual. LCHB is not seeking compensation for legal services provided by lawyers, paralegals or staff who billed five hours or less to this matter.

13. For any individuals who have left the employ of LCHB, the hourly rate at the time when their employment concluded is used. For all others who are still employed by LCHB, their current hourly rate is used.

14. All attorneys and staff at LCHB are instructed to maintain contemporaneous time records reflecting the time spent on this and other matters. The regular practice at LCHB is for all attorneys and staff to keep contemporaneous time records, maintained on a daily basis, and

describing tasks performed in 0.1 hour increments. Firm policy requires all staff to enter their time into an electronic timekeeping system on a daily basis. Mr. Sobol and I have reviewed and audited the time on a regular basis.

15. LCHB's lodestar will grow as we continue to finalize the settlement process and close the litigation. The claims period will last for several months, and LCHB's commitment of time and labor to this case will continue past that date. LCHB will oversee aspects of the claims resolution process, including assisting Class Members with individual inquiries. Based on our firm's experience, these responsibilities generally require considerable further expenditure of time from Class Counsel.

16. In addition, based upon my prior complex litigation and class action experience, I believe that the amount of time expended by LCHB in connection with this litigation was reasonable and that the lawyers here contributed to the ultimate result achieved for the Class.

### C. Overview of Work Performed

17. LCHB first entered an appearance in this litigation on August 8, 2014 (Dkt. No. 51). LCHB, along with Russ August & Kabat, researched and drafted the Plaintiffs' Second and Third Amended Complaints (Dkt. Nos. 55, 70), as well as Plaintiffs' Opposition to LinkedIn's motion to dismiss the Second Amended Complaint (Dkt. No. 65). At the time this Settlement was achieved, Plaintiffs' Counsel was preparing to notice the depositions of eight senior LinkedIn employees and to propound discovery in support of Plaintiffs' class certification motion.

18. *Supplemental Case Investigation and Drafting the Amended Complaints*. LCHB spent 100.7 hours on initial case investigation. Such investigation included the following: Conducting extensive factual and legal research into the merits of the claims; conducting research on the Defendant; discussing joint prosecution of the action with co-counsel; and drafting, revising, and filing the amended complaints.

19. *Motions Practice*. LCHB spent 310.9 hours on motions practice. LCHB played a significant role in drafting Plaintiffs' Opposition to LinkedIn's Second Motion to Dismiss. LCHB also spent time conducting legal research relating to class certification; developing a class

1  certification strategy, and drafting affirmative discovery and deposition notices (which were not
2  served due to the settlement).

3        20.    *General Case Management/Statements/Conferences.*  LCHB spent 163.4 hours on
4  case management.  Such work included meeting and conferring with defense counsel on case
5  management statements, drafting case management statements, attending case management
6  hearings, coordinating with co-counsel on case management, and organizing and maintaining the
7  case file.

8        21.    *Attorney Meetings on Case Strategy.* LCHB spent 135.7 hours meeting with co-
9  counsel and internally among LCHB attorneys to discuss general case strategy.

10        22.    *Settlement.*  LCHB spent 475.7 hours negotiating and implementing the settlement.
11  Such time included reviewing and editing the mediation briefs; discussing the Plaintiffs'
12  mediation strategy with co-counsel; attending the in-person mediations before the Honorable A.
13  Howard Matz (ret.) in Los Angeles, California on August 26, 2014, and before the Honorable
14  Antonio Piazza (ret.) in San Francisco, California, on January 13, 2015; analyzing LinkedIn's
15  settlement proposals; crafting, along with co-counsel, Plaintiffs' settlement proposals, and
16  reviewing and revising the settlement documents; and working on the settlement implementation
17  process pursuant to the Court's Order  Granting Preliminary Approval of the Proposed Settlement
18  (Dkt 106).

19      **D.**    **Careful Assignment of Work**

20        23.    During the course of this litigation, tasks were consistently delegated among
21  partners, associate attorneys, paralegals, and other staff according to their complexity.  The work
22  performed by associate attorneys, particularly Ms. Gardner, was work that required sufficient
23  knowledge of legal concepts which, but for her efforts, I or another partner would have had to
24  perform.  Ms. Gordon, the paralegal assigned to this case, is qualified and has the requisite
25  experience to manage case files, assist with case filings and correspond with Class members.  I
26  and other Class Counsel therefore made every effort to litigate this efficiently by reducing
27  duplication of effort and assigning work to the lowest billing timekeepers where feasible.
28

- 6 -

DECLARATION OF NICHOLAS DIAMAND ISO
APPLICATION FOR ATTORNEYS' FEES
CASE NO. 13-CV-04303-LHK

24. I worked closely with co-counsel to divide tasks, ensure efficient case management, and prevent duplication of efforts. By assigning specific tasks among firms, we were able to avoid replicating work.

### E. LCHB's Costs

25. LCHB maintains all books and records regarding costs expended on each case in the ordinary course of business, which books and records are prepared from expense vouchers and check records. I have reviewed the records of costs expended in this matter.

26. LCHB has incurred $30,271.31 in expenses. Such costs include LCHB's proportional contributions to mediation fees and consultant fees, ($8,630.00); filing fees ($341.00); travel costs including airfare, hotels, parking, taxis, and meals associated with hearings, mediations, and meetings among counsel ($19,464.19); other hard costs such as research on LEXIS, Westlaw, and PACER ($831.13); and Federal Express, messenger, or process server charges ($1,004.99). A summary listing and chart itemizing LCHB's expenses incurred in connection with this litigation is attached hereto as **Exhibit B**.

### III. The Class Representatives

27. The Class Representatives have expended substantial time and effort in assisting Class Counsel with the prosecution of the Class's claims, including relating the details of their embarrassment as a result of LinkedIn's alleged conduct, preserving relevant documentation and evidence for discovery, staying abreast of events in the litigation and providing their opinions on the proposed settlement, and, in some cases, attending and participating in the parties' mediations.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was signed in New York, New York on November 30, 2015.

*Nicholas Diamand*
 _Nicholas Diamand_

# EXHIBIT A

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

Report created on   11/30/2015 01:22:33 PM                                From                inception
                                                                          To                  11/30/15

**Matter Number: 3675-0001     LINKEDIN CORPORATION - General Matter**

**PARTNER**

| NAME | HOURS | RATE | TOTAL |
|---|---|---|---|
| MICHAEL SOBOL | 149.60 | 850.00 | 127,160.00 |
| NICHOLAS DIAMAND | 514.30 | 600.00 | 308,580.00 |

**ASSOCIATE**

| NAME | HOURS | RATE | TOTAL |
|---|---|---|---|
| MELISSA GARDNER | 460.30 | 395.00 | 181818.50 |

**PARALEGAL/CLERK**

| NAME | HOURS | RATE | TOTAL |
|---|---|---|---|
| NIKKI BELUSHKO BARROWS | 6.80 | 325.00 | 2,210.00 |
| TODD CARNAM | 5.50 | 325.00 | 1,787.50 |
| MIRIAM GORDON | 33.60 | 270.00 | 9,072.00 |

**OF COUNSEL**

| NAME | HOURS | RATE | TOTAL |
|---|---|---|---|
| NICHOLAS DIAMAND | 16.30 | 550.00 | 8,965.00 |
| **MATTER TOTALS** | **1186.4** | | **639,593.00** |

**Case investigation/drafting Complaints**

| Name | HOURS | RATE | TOTAL |
|---|---|---|---|
| M. Sobol | 20.1 | 850.00 | 17,085.00 |
| N. Diamond | 27.8 | 600.00 | 16,680 |
| N. Diamond | 7.7 | 550.00 | 4,235 |
| M. Gardner | 42.9 | 395.00 | 16,945.50 |
| T. Carnam | 0.6 | 325.00 | 195.00 |
| N. Belushko Barrows | 0.3 | 325.00 | 97.5 |
| M. Gordon | 1.3 | 270.00 | 351.00 |
| **Total** | **100.7** | | **55,589.00** |

**Motion Practice**

| Name | HOURS | RATE | TOTAL |
|---|---|---|---|
| M. Sobol | 12.1 | 850.00 | 10,285.00 |
| N. Diamond | 106.5 | 600.00 | 63,900.00 |
| M. Gardner | 173.6 | 395.00 | 68,572.00 |
| T. Carnam | 3.7 | 325.00 | 1,202.50 |
| N. Belushko Barrows | 6.0 | 325.00 | 1,950.00 |
| M. Gordon | 9.0 | 270.00 | 2,430.00 |
| **Total** | **310.9** | | **148,339.50** |

**Case Management**

| Name | HOURS | RATE | TOTAL |
|---|---|---|---|
| M. Sobol | 21.5 | 850.00 | 18,275.00 |
| N. Diamond | 94.4 | 600.00 | 56,640.00 |
| M. Gardner | 41.8 | 395.00 | 16,511.00 |
| N. Belushko Barrows | 0.5 | 325.00 | 162.50 |
| M. Gordon | 5.2 | 270.00 | 1,404.00 |
| | | | |
| **Total** | **163.4** | | **92,992.50** |

**Attorney Meetings**

| Name | HOURS | RATE | TOTAL |
|---|---|---|---|
| M. Sobol | 14.6 | 850.00 | 12,410.00 |
| N. Diamand | 89.6 | 600.00 | 53,760.00 |
| N. Diamand | 8.6 | 550.00 | 4,730.00 |
| M. Gardner | 22.9 | 395.00 | 9,045.50 |
| **Total** | **135.7** | | **79,945.50** |

**Settlement**

| Name | HOURS | RATE | TOTAL |
|---|---|---|---|
| M. Sobol | 81.3 | 850.00 | 69,105.00 |
| N. Diamand | 196 | 600.00 | 117,600.00 |
| M. Gardner | 179.1 | 395.00 | 70,744.50 |
| T. Carnam | 1.2 | 325.00 | 390.00 |
| M. Gordon | 18.1 | 270.00 | 4,887.00 |
| **Total** | **475.7** | | **262,726.50** |

| Grand Total | 1186.4 | | 639,593.00 |
|---|---|---|---|

# EXHIBIT B

## LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

Report created on    11/30/2015 12:04:05 PM
From =   inception
To          11/30/15

**LINKEDIN CORPORATION**                              **Matter Number: 3675-0001**

| | |
|---|---|
| Computer Research | $831.13 |
| Experts/Consultants | $3,630.00 |
| Federal Express/Messenger | $1,004.99 |
| Mediation Expenses | $5,000.00 |
| Filing Fees | $341.00 |
| Travel | $19,464.19 |
| **Total Matter Costs:** | **$30,271.31** |