Alan J. Sherwood
California Bar Number-118330
Law Offices of Alan J. Sherwood
26755 Contessa St
Hayward, CA 94545
Telephone (510) 409-6199
AlanSherwood@earthlink.net
Attorney for Objectors
Daniel Brown LNKD1-117437779-8
Jenny Hill BBPLH-PIPTT-MAHEI

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| **Paul Perkins, Pennie Sempell, Ann Brandwein, Erin Eggers, Clare Connaughton, Jake Kushner, Natalie Richstone, Nicole Crosby, and Leslie Wall;** individually and on behalf of all others similarly situated,<br><br>   **Plaintiffs,**<br>v.<br><br>**LinkedIn Corporation,**<br><br>   **Defendant.** | Case No. 13-CV-04303-HRL<br><br>**CLASS MEMBERS DANIEL BROWN AND JENNY HILL'S OBJECTIONS TO CLASS SETTLEMENT, OBJECTIONS TO ATTORNEY FEE AWARD AND NOTICE OF INTENT TO APPEAR AT THE FINAL APPROVAL HEARING**<br><br>Hearing:<br>Judge: Hon. Lucy H. Koh<br>Date: February 11, 2016<br>Time: 1:30 p.m. Location:<br>Courtroom 8 – 4th Floor |

Objectors, Daniel Brown LNKD1-117437779-8 and Jenny Hill BBPLH-PIPTT-MAHEI (hereinafter "the Brown Objectors"), by and through undersigned counsel, hereby provide the information needed to demonstrate their membership in the settlement class; give notice of their intent to appear, by counsel, at the Fairness Hearing before the Honorable, Lucy H. Koh, U.S. District Judge, on February 11, 2015 at 1:30 pm in Courtroom 8; object to the proposed settlement; and say:

### PROOF OF MEMBERSHIP IN THE SETTLEMENT CLASS

The Brown Objectors are each members of the settlement class in that each of them has an email address associated with their LinkedIn account danXXXXXrown@gmail.com,

Objections to Class Settlement, Objections to Attorney Fee Award
and Notice of Intent to Appear at the Final Approval Hearing,
 Case No. 13-cv-04303-HRL

jennyXXXXXXXXX@gmail.com.  Both Mr. Brown (LNKD1-117437779-8) and Ms. Hill (BBPLH-PIPTT-MAHEI) may be contacted through their counsel of record herein by telephone at (510) 409-6199, or % Alan J. Sherwood, Law Offices of Alan J. Sherwood, 26755 Contessa Street, Hayward, CA 94545.

## NOTICE OF INTENT TO APPEAR

The Brown Objectors give notice of their intent to appear, by and through undersigned counsel, at the Fairness Hearing before the Honorable Lucy H. Koh, U.S. District Judge, in Courtroom 8 on Thursday February 11, 2016, at 1:30 pm for the purpose of cross-examining witnesses and presenting legal arguments addressing their objections. At this time, the Brown objectors do not intend to offer documents into evidence or call witnesses.

## OBJECTIONS

1. The Notice fails to inform class members of the size of the class. Therefore, it is impossible for class members to evaluate whether the proposed $13 million Proposed Settlement is Fair, Adequate or Reasonable.

2. The Notice fails to inform class members regarding the Statutory Right of Publicity, Cal. Civ. Code § 3344, as plead in the Third Amended Complaint. Specifically, the Notice fails to inform class members that their claims for violation of the Statutory Right of Publicity, Cal. Civ. Code § 3344, provides statutory damages an class members are entitled to a minimum of $750.

3. Because the Notice failed to inform class members of the size of the class, it was impossible for class members to estimate their pro rata share of the proposed $13 million settlement fund.

4. For the Court to evaluate whether the Proposed $13 million Settlement is Fair, Adequate or Reasonable, it is necessary to quantify the net expected value of continued litigation to the class, since a settlement for less than that value would not be adequate. Determining that value

Objections to Class Settlement, Objections to Attorney Fee Award
and Notice of Intent to Appear at the Final Approval Hearing,
 Case No. 13-cv-04303-HRL                                                                                        Page 2

1. require estimating the range of possible outcomes and ascribing a probability to each point on the range. *In re General Motors Corp. Engine Interchange Litigation*, 594 F.2d 1106 (7th Cir.1979) Admittedly, a high degree of precision cannot be expected in valuing a litigation, especially regarding the estimation of the probability of particular outcomes.

5. The Court is respectfully reminded that ordinarily, "a defendant is interested only in disposing of the total claim asserted against it . . . the allocation between the class payment and the attorneys' fees is of little or no interest to the defense . . . ." *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, at 819-20 (3d Cir. 1995)

6. The Proposed $13 million Settlement is not Fair, Adequate or Reasonable because it is release driven, not damages driven. i.e., the value of the proposed settlement in this matter is that for $12 million dollars, attorney fees and costs included, Linkedin gets fully released from hundreds of millions of dollars in potential liability to class members for statutory violations under California law.

7. In this matter, the requested attorney's fees are excessive and unreasonable for a number of reasons including but not limited to that the requested fee improperly fails to take into account a deduction for claims administration costs and claimed expenses by class counsel even though those costs do not bring a benefit to the class members and only serve to increase the percentage value of the attorneys fees, a practice not approved by the Ninth Circuit. *Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*, 654 F.3d 935, 2011 U.S. App. LEXIS 17224 (9th Cir. Cal. 2011)

8. As Judge Posner stated in *Reynolds, V. Beneficial Natl. Bank* 288 F.3d 277 (7th Cir. 2002) in discussing the judicial duty to protect the members of a class in class action litigation from lawyers for the class who may, in derogation of their professional and fiduciary obligations, place their pecuniary self-interest ahead of that of the class. "This problem,

Objections to Class Settlement, Objections to Attorney Fee Award
and Notice of Intent to Appear at the Final Approval Hearing,
 Case No. 13-cv-04303-HRL                                                                                      Page 3

repeatedly remarked by judges and scholars, see, e.g., *Culver v. City of Milwaukee*, 277 F.3d 908, 910 (7th Cir. 2002); *Greisz v. Household Bank* (Illinois), N.A., 176 F.3d 1012, 1013 (7th Cir. 1999); *Rand v. Monsanto Co.*, 926 F.2d 596, 599 (7th Cir. 1991); *Duhaime v. John Hancock Mutual Life Ins. Co.*, 183 F.3d 1, 7 (1st Cir. 1999); John C. Coffee, Jr., "Class Action Accountability: Reconciling Exit, Voice, and Loyalty in Representative Litigation," 100 Colum. L.Rev. 370, -385-93 (2000); David L. Shapiro, "Class Actions: The Class as Party and Client," 73 Notre Dame L.Rev. 913, 958-60 and n. 132 (1998), requires district judges to exercise the highest degree of vigilance in scrutinizing proposed settlements of class actions. We and other courts have gone so far as to term the district judge in the settlement phase of a class action suit a fiduciary of the class, who is subject therefore to the high duty of care that the law requires of fiduciaries. *Culver v. City of Milwaukee*, supra, 277 F.3d at 915; *Stewart v. General Motors Corp.*, 756 F.2d 1285, 1293 (7th Cir. 1985); *In re Cendant Corp. Litigation*, 264 F.3d 201, 231 (3d Cir. 2001); *Grant v. Bethlehem Steel Corp.*, 823 F.2d 20, 22 (2d Cir. 1987)"

9. The Brown Objectors hereby adopt and incorporate all other meritorious and timely filed objections that are not inconsistent with these objections, as if set forth fully herein.

**WHEREFORE**, the Brown Objectors respectfully request that this Court sustain these Objections and enter such Orders as are necessary and just to adjudicate these Objections including but not limited to an order:

A. Disapproving the proposed settlement because it is not Fair, Adequate or Reasonable, as set forth above;

B. Disapproving the proposed settlement because of the improper and constitutionally defective notice to the class;

Objections to Class Settlement, Objections to Attorney Fee Award
and Notice of Intent to Appear at the Final Approval Hearing,
Case No. 13-cv-04303-HRL Page 4

C.  Denying the requested excessive attorney's fees to Class Counsel;

D.  Requiring class counsel and the settling defendant to craft a new settlement that, is fair, adequate and reasonable; and

E.  Granting such other relief that this court deems necessary or proper so as to alleviate the inherent unfairness, inadequacy and unreasonableness of the proposed Settlement.

Respectfully submitted,

/s/ Alan J. Sherwood
Alan J. Sherwood
California Bar Number-118330
Attorney for the Brown Objectors
Law Offices of Alan J. Sherwood
26755 Contessa St
Hayward, CA 94545
Telephone (510) 409-6199
AlanSherwood@earthlink.net

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 14th day of December, 2015, a searchable PDF of the foregoing was filed with the Clerk of the Court and that all parties will be noticed and served by the CourtsCM/ECF system.

/s/ Alan J. Sherwood
Alan J. Sherwood

Objections to Class Settlement, Objections to Attorney Fee Award
and Notice of Intent to Appear at the Final Approval Hearing,
Case No. 13-cv-04303-HRL                                              Page 5