# EXHIBIT 1

Jamie Anderson-Stewart

December 14th, 2015

To Judge Koh's Case System Administrator:

I, Jamie Anderson-Stewart, object to the class action lawsuit, Perkins V. LinkedIn Corp., on the grounds that I find the lawsuit a frivolous overreaction to a minor disclosure issue.  While I do believe that informed consent is a hallmark of ethical business practices, I also believe that no singular agreement can reasonably account for every possible scenario.  To the best of my knowledge, LinkedIn failed to inform members about the "Add Connections" reminder e-mails before they contacted people with connection requests.  However, they have since amended the disclosures and will, by the end of 2015, allow members to stop the reminders by canceling the invitation.

Given these remedies, I find the situation resolved to my satisfaction without financial restitution.  Of all of the upsetting consequences in the world today, deleting two e-mails is a minor nuisance at best.  Finally, while I did find the possibility of a significant cash settlement remarkably tempting, I cannot, in good conscience, file a claim against LinkedIn.  I hope that those responsible for the resolution of this case will take my thoughts on the matter into consideration and rule in favor of LinkedIn.

Kind regards,

Jamie Anderson-Stewart

*Jamie Anderson-Stewart*

Case 5:13-cv-04303-LHK   Document 125   Filed 12/30/15   Page 12 of 23

Jamie Anderson

RIO GRANDE DISTRICT
15 DEC 2015 PM 1 L

Judge Kohs Case System Administrator
United States Courthouse
280 S. 1st St., Room 2112
San Jose, CA 95113

95113$3008 C060

# EXHIBIT 2



Judge Koh's Case System Administrator at the United States Courthouse

280 South 1st Street, Room 2112

San Jose, CA 95113.

I did not consent for LinkedIn to import contacts and send connection invitations, and I did not receive the two reminder emails from LinkedIn.  I did not consent to the use of my name and likenesses in those reminder emails.

When I did agree for LinkedIn site to download contacts, and send an email on my behalf, I did not agree to the two follow-up emails. That persistence was annoying.

June P. Barrett

JUNE P. BARRETT

NORTH TEXAS TX P&DC
DALLAS TX 750
05 NOV 2015 PM 12 L

JUDGE KROH'S CASE SYSTEM
ADMINISTRATION
280 S. 1ST STREET, ROOM 2112
SAN JOSE CA 95113

9514 3300 0837

# EXHIBIT 3

October 4, 2015

**To:** **Judge Koh's Case System Administrator** ✓
United States Courthouse
280 South 1st Street, Room 2112
San Jose, CA 95113

**CC:** **Larry C. Russ, Esq. – Counsel for Plaintiff**
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025

**Jerome C. Roth, Esq. – Counsel for LinkedIn**
Munger, Tolles & Olson LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105

**Re:** Perkins v. LinkedIn Corp.

Your Honor, Counsels,

I am writing in objection to the Pending Class Action and Notice of Proposed Settlement in *Perkins v. LinkedIn Corp.*

I believe that LinkedIn Corp. most probably did not intend to cause any harm to either the subscribers who used "Add Connections" to invite their contacts to join LinkedIn, or to the recipients of the invitation messages and reminders. LinkedIn offered the "Add Connections" functionality to its members, who voluntarily decided to invite their contacts on external e-mail services. By accepting LinkedIn's suggestion to send those contacts an invitation to join LinkedIn, the existing members were the ones who, in fact, "spammed" their contacts if said contacts did not wish to receive such unsolicited invitations. While LinkedIn may not have informed the senders that there would be two subsequent automatic reminders, and may not have provided a way for the recipients to "unsubscribe" from such requests, I do not consider that those reminders were a significant violation that requires <u>financial</u> punishment of Defendant.

I support the <u>non-financial</u> portions of the settlement: (a) revised disclosures, and (b) ability for the recipients of an "Add Connection" invitation to cancel any future reminders. I do not support the financial settlement because it is disproportionate with the inconvenience caused. Furthermore, I assert that the financial settlement, if approved, will be recovered by LinkedIn, in the course of doing its business, through increased fees paid by premium members like me, or through increased advertising costs. Therefore, the financial part of the proposed settlement is harmful to members who are not part of the class and pay for any services provided by LinkedIn Corp.

Respectfully,

Claude Baudoin



Case 5:13-cv-04303-LHK   Document 108   Filed 10/13/15   Page 26 of 26

AUSTIN TX

RIO GRANDE DISTRI

05 OCT 2015 PM 4

Mr. Claude Baudoin

Judge Koh's Case System Administrator

United States Courthouse

280 South 1st Street, Room 2112

San Jose, CA 95113

# EXHIBIT 4

Erich J. Berg



RECEIVED

NOV 27 2015

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Tuesday, November 17, 2015

To:   Judge Koh's Case System Administrator
      United States Courthouse
      280 South 1st Street, Room 2112
      San Jose, CA, 95113

Re:   *Perkins v. LinkedIn Corp.*

Honorable Lucy H. Koh and may it please the court:

Thank you for the opportunity to communicate my personal opinions regarding *Perkins v. LinkedIn Corp.* In full disclosure, I have no financial interests related to this case. I have used LinkedIn over the years to create a larger social network but I object to the proposed settlement for reasons outlined below.

I feel that the issue in question, the reminder emails accompanied to the 'Add Connections' service, did not violate the consent given by the consumer to LinkedIn when utilizing services provided by LinkedIn. The consumer agreed to employ the 'Add Connections' feature on their own accord and willfully sent their name and likeness through a "connection invitation." The reminder emails appear to serve as a mere extension of that same feature, designed to benefit the consumer and their social network, in line with the consumer's original request. In this digital 21st century, emails fluidly move in and out of our online mailboxes, so it is reasonable to assume the initial 'Add Connection' emails were disregarded or ignored. I believe LinkedIn simply performed a service to the consumer by reminding the recipient of the consumer's own request.

On another note, in this modern day most working-class global citizens who desire a social network pay no attention to emails which are quickly skimmed and deleted without a second thought. By their nature and design, electronic messages cost nothing to send and nothing to receive. Reminder emails, a free reminder of an electronic connection invitation, do not violate privacy concerns any more than lawful credit card solicitations which appear in the personal home mailboxes of citizens with no desire to embrace their own connection with a corporation soliciting money for services. This freely disregard "junk mail" is quite the opposite of an intentional and personable invitation to connect with a friend or colleague when prior consent was given.

Due to prior consent of the release of personal information to a recipient, I do not believe in fulfilling the proposed settlement of thirteen million dollars. As a remedy any excess or unwanted emails, however, LinkedIn could implement an 'unsubscribe' feature, as I am sure they have already done to prevent additional emails from being received or transmitted on a consumer's behalf. Alternatively, LinkedIn could provide services to the affected parties which are normally included only with a premium (paid) membership.

Sincerely,

Erich J. Berg

cc:    Class Counsel  c/o Larry C. Russ, Esq.,
       Russ August & Kabat,
       12424 Wilshire Boulevard, 12th Floor,
       Los Angeles, CA, 90025

       LinkedIn's Counsel c/o Jerome C. Roth,
        Esq.,
       Munger, Tolles & Olson LLP,
       560 Mission Street, 27th Floor,
       San Francisco, CA, 94105



MINNEAPOLIS MN 554

18 NOV 2015 PM 9 T

Erich Berg

Judge Koh's Case System Administrator

United States Courthouse

280 South 1st St., Room #2112

San Jose, CA, 95113

95113330008 C060

# EXHIBIT 5

G. Paul Berning

Judge Koh's Case System Administrator
United States Courthouse,
280 South 1st Street, Room 2112,
San Jose, CA 95113
Re:
**Claim ID:** KJVKY-HGGCG-LBRYC

RECEIVED

DEC 22 2015

Dec. 13, 2015

NOTICE OF PENDING CLASS ACTION AND NOTICE OF PROPOSED SETTLEMENT
*PERKINS V. LINKEDIN CORP.*

Dear case system administrator,

My full legal name is Gregory Paul Berning, and I am writing in regards to the above class action lawsuit. First, I wish to exclude myself in order to retain my rights to sue LinkedIn about its alleged improper use of Add Connections to grow its member base. In my view, the settlement is woefully insufficient and I think it shouldn't be approved. Laws were clearly violated by Linked In, including but not limited to using my Linked In account for marketing purposes without my consent! We the plaintiff's therefore petition the court for a more equitable settlement on behalf of the numerous victims of this scheme perpetrated by Linked In. Thank you for your consideration.

Sincerely yours,

Gregory Paul Berning



14 DEC 2015 FM 8 L

United States Courthouse,
Judge Koh's case system administrator
280 S, 1St St, Room 2112
San Jose Ca. 95113

9511300037

# EXHIBIT 6

from: Shataia Denise Blocker

████████████

RECEIVED

OCT 22 2015

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

To: Judge Koh's Case System administrator united States courthous 280 South 1st street Room 2112 San Jose CA 95113

OBJect: to the settlement Being approved, because in fact they did use (linkedin contacts) improperly for the Sake of growing the Company, and in doing so, it was illegal; and each made attempts falsely.

verified email.



17 OCT 2015 PM 5 L

Shctain Denise Bloeter

Judge Koh's Case System
Administrator United States Courthouse
280 South 1st Street Room 2112
San Jose   CA 95113

9511300299

# EXHIBIT 7

RECEIVED

OCT 22 2015

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Jerome C. Roth, Esq., Munger, Tolles & Olson
LLP, 560 Mission Street, 27th Floor,
San Francisco, CA 94105.

members consented to importing their contacts and sending the connection invitation, but did
not find that members consented to LinkedIn sending the two reminder emails. The Plaintiffs
contend that LinkedIn members did not consent to the use of their names and likenesses in
those reminder emails.

I object to not consenting my name or likeness in the reminder emails. I have a problem with
a company using my name in any fashion when i am not personally emailing myself. I could
be misrepresented in a number or ways and never know it. I don't think it should be ap-
proved because it's my name and i am the only person that can represent me.

Thanks

Antuan Booker



US POSTAGE
10/16/2015

$00.42⁰

ZIP 60440
041L11220865

IL 601
17 OCT '25
PM 1 L

Antuan Butler

Judge Koh's
Case System Administrator
280 South 1st St, Room 2112
San Jose, CA 95113

9511330083?

# EXHIBIT 8

IGINAL
ILED

T I4 P 5: l0

AN Y. SOONG
IS DISTRICT COURT
, DIST. OF CA.

**Judge Koh's Case System Administrator**
United States Courthouse
280 South 1st Street, Room 2112
San Jose, CA 95113

| **Class Counsel** | **LinkedIn's Counsel** |
|---|---|
| Larry C. Russ, Esq. | Jerome C. Roth, Esq. |
| Russ August & Kabat | Munger, Tolles & Olson LLP |
| 12424 Wilshire Boulevard, 12th Floor | 560 Mission Street, 27th Floor |
| Los Angeles, CA 90025 | San Francisco, CA  94105 |

Subject: *Perkins v. LinkedIn Corp.*, Case No. 5:13-CV-04303-LHK

The purpose of this letter is to object to the extortionary nature of the lawsuit and the excessive attorney fees awarded to class counsel. Yes, LinkedIn's email practices border on spam. No, they do not merit the type of "remedy" the court is about to dispense. $13M for sending two spam emails?  Would the court go after the US government, as a result of whose lack of appropriate protection and encryption I now receive 10-15 unwanted emails PER DAY?

The amount of the punishment is excessive, but the fees awarded to Class Counsel border on the obscene.  For starters, the case is so marginal it should have been thrown out the moment it reached the Court's docket.  How it was allowed to proceed boggles the mind, but whatever it is done is done.  However, I do ask the court to drastically reduce the fees awarded to Class Counsel as a means of discouraging such reprehensible behavior in the future.  This is worse than ambulance chasing, There are no victims, there is no harm to anyone's reputation or status, the only tangible outcome is a law firm with shady ethical foundation lining their pockets.

Sincerely,

Boyan Boyanov



SAN DIEGO CA 920

10 OCT 2015 PM 3 L

Liberty
FOREVER

Judge Koh Case System Administrator
United States Courthouse
280 South 1st Street, Room 2112
San Jose CA 95113

B. Boyanov

95113300637

# EXHIBIT 9

1   Alan J. Sherwood
    California Bar Number-118330
2   Law Offices of Alan J. Sherwood
    26755 Contessa St
3   Hayward, CA 94545
    Telephone (510) 409-6199
4   AlanSherwood@earthlink.net
    Attorney for Objectors
5   Daniel Brown LNKD1-117437779-8
    Jenny Hill BBPLH-PIPTT-MAHEI
6

7             **UNITED STATES DISTRICT COURT**
         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
8                  **SAN JOSE DIVISION**

9

10   **Paul Perkins, Pennie Sempell, Ann**       Case No. 13-CV-04303-HRL
    **Brandwein, Erin Eggers, Clare**
11   **Connaughton, Jake Kushner, Natalie**     **CLASS MEMBERS DANIEL BROWN**
    **Richstone, Nicole Crosby, and Leslie Wall;**  **AND JENNY HILL'S OBJECTIONS TO**
12   **individually and on behalf of all others**    **CLASS SETTLEMENT, OBJECTIONS**
    **similarly situated,**                   **TO ATTORNEY FEE AWARD AND**
13                   **NOTICE OF INTENT TO APPEAR AT**
              **Plaintiffs,**          **THE FINAL APPROVAL HEARING**
14   **v.**
                     Hearing:
15   **LinkedIn Corporation,**           Judge: Hon. Lucy H. Koh
                     Date: February 11, 2016
16           **Defendant.**        Time: 1:30 p.m. Location:
                     Courtroom 8 – 4th Floor

17       Objectors, Daniel Brown LNKD1-117437779-8 and Jenny Hill BBPLH-PIPTT-MAHEI

18   (hereinafter "the Brown Objectors"), by and through undersigned counsel, hereby provide the

19   information needed to demonstrate their membership in the settlement class; give notice of their

20   intent to appear, by counsel, at the Fairness Hearing before the Honorable, Lucy H. Koh, U.S.

21   District Judge, on February 11, 2015 at 1:30 pm in Courtroom 8; object to the proposed

22   settlement; and say:

23              **PROOF OF MEMBERSHIP IN THE SETTLEMENT CLASS**

24       The Brown Objectors are each members of the settlement class in that each of them has

25   an email address associated with their LinkedIn account ████████████████,

26

27   Objections to Class Settlement, Objections to Attorney Fee Award
    and Notice of Intent to Appear at the Final Approval Hearing,
28    Case No. 13-cv-04303-HRL

1    ███████████████. Both Mr. Brown (LNKD1-117437779-8) and Ms. Hill

2    (BBPLH-PIPTT-MAHEI) may be contacted through their counsel of record herein by telephone

3    at (510) 409-6199, or % Alan J. Sherwood, Law Offices of Alan J. Sherwood, 26755 Contessa

4    Street, Hayward, CA 94545.

5    **NOTICE OF INTENT TO APPEAR**

6           The Brown Objectors give notice of their intent to appear, by and through undersigned

7    counsel, at the Fairness Hearing before the Honorable Lucy H. Koh, U.S. District Judge, in

8    Courtroom 8 on Thursday February 11, 2016,  at 1:30 pm for the purpose of cross-examining

9    witnesses and presenting legal arguments addressing their objections. At this time, the Brown

10   objectors do not intend to offer documents into evidence or call witnesses.

11

12   **OBJECTIONS**

13   1.      The Notice fails to inform class members of the size of the class. Therefore, it is

14   impossible for class members to evaluate whether the proposed $13 million Proposed Settlement

15   is Fair, Adequate or Reasonable.

16   2.      The Notice fails to inform class members regarding the Statutory Right of Publicity, Cal.

17   Civ. Code § 3344, as plead in the Third Amended Complaint. Specifically, the Notice fails to

18   inform class members that their claims for violation of the Statutory Right of Publicity, Cal. Civ.

19   Code § 3344, provides statutory damages an class members are entitled to a minimum of $750.

20   3.      Because the Notice failed to inform class members of the size of the class, it was

21   impossible for class members to estimate their pro rata share of the proposed $13 million

22

23   settlement fund.

24   4.      For the Court to evaluate whether the Proposed $13 million Settlement is Fair, Adequate

25   or Reasonable, it is necessary to quantify the net expected value of continued litigation to the

26   class, since a settlement for less than that value would not be adequate. Determining that value

27   Objections to Class Settlement, Objections to Attorney Fee Award
      and Notice of Intent to Appear at the Final Approval Hearing,

28   Case No. 13-cv-04303-HRL                    Page 2

require estimating the range of possible outcomes and ascribing a probability to each point on the range. *In re General Motors Corp. Engine Interchange Litigation*, 594 F.2d 1106 (7th Cir.1979) Admittedly, a high degree of precision cannot be expected in valuing a litigation, especially regarding the estimation of the probability of particular outcomes.

5.      The Court is respectfully reminded that ordinarily, "a defendant is interested only in disposing of the total claim asserted against it . . . the allocation between the class payment and the attorneys' fees is of little or no interest to the defense . . . ." *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig*., 55 F.3d 768, at 819-20 (3d Cir. 1995)

6.      The Proposed $13 million Settlement is not Fair, Adequate or Reasonable because it is release driven, not damages driven. i.e., the value of the proposed settlement in this matter is that for $12 million dollars, attorney fees and costs included, Linkedin gets fully released from hundreds of millions of dollars in potential liability to class members for statutory violations under California law.

7.      In this matter, the requested attorney's fees are excessive and unreasonable for a number of reasons including but not limited to that the requested fee improperly fails to take into account a deduction for claims administration costs and claimed expenses by class counsel even though those costs do not bring a benefit to the class members and only serve to increase the percentage value of the attorneys fees, a practice not approved by the Ninth Circuit. *Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.*), 654 F.3d 935, 2011 U.S. App. LEXIS 17224 (9th Cir. Cal. 2011)

8.      As Judge Posner stated in *Reynolds, V. Beneficial Natl. Bank* 288 F.3d 277 (7th Cir. 2002) in discussing the judicial duty to protect the members of a class in class action litigation from lawyers for the class who may, in derogation of their professional and fiduciary obligations, place their pecuniary self-interest ahead of that of the class. "This problem,

Objections to Class Settlement, Objections to Attorney Fee Award
and Notice of Intent to Appear at the Final Approval Hearing,
Case No. 13-cv-04303-HRL                                                    Page 3

repeatedly remarked by judges and scholars, see, e.g., *Culver v. City of Milwaukee*, 277 F.3d 908, 910 (7th Cir. 2002); *Greisz v. Household Bank* (Illinois), N.A., 176 F.3d 1012, 1013 (7th Cir. 1999); *Rand v. Monsanto Co.*, 926 F.2d 596, 599 (7th Cir. 1991); *Duhaime v. John Hancock Mutual Life Ins. Co.*, 183 F.3d 1, 7 (1st Cir. 1999); John C. Coffee, Jr., "Class Action Accountability: Reconciling Exit, Voice, and Loyalty in Representative Litigation," 100 Colum. L.Rev. 370, -385-93 (2000); David L. Shapiro, "Class Actions: The Class as Party and Client," 73 Notre Dame L.Rev. 913, 958-60 and n. 132 (1998), requires district judges to exercise the highest degree of vigilance in scrutinizing proposed settlements of class actions. We and other courts have gone so far as to term the district judge in the settlement phase of a class action suit a fiduciary of the class, who is subject therefore to the high duty of care that the law requires of fiduciaries. *Culver v. City of Milwaukee*, supra, 277 F.3d at 915; *Stewart v. General Motors Corp.*, 756 F.2d 1285, 1293 (7th Cir. 1985); *In re Cendant Corp. Litigation*, 264 F.3d 201, 231 (3d Cir. 2001); *Grant v. Bethlehem Steel Corp.*, 823 F.2d 20, 22 (2d Cir. 1987)"

9.      The Brown Objectors hereby adopt and incorporate all other meritorious and timely filed objections that are not inconsistent with these objections, as if set forth fully herein.

   **WHEREFORE**, the Brown Objectors respectfully request that this Court sustain these

Objections and enter such Orders as are necessary and just to adjudicate these Objections including but not limited to an order:

   A.      Disapproving the proposed settlement because it is not Fair, Adequate or

   Reasonable, as set forth above;

   B.      Disapproving the proposed settlement because of the improper and

   constitutionally defective notice to the class;

Objections to Class Settlement, Objections to Attorney Fee Award
and Notice of Intent to Appear at the Final Approval Hearing,
 Case No. 13-cv-04303-HRL                                                      Page 4

1    C.     Denying the requested excessive attorney's fees to Class Counsel;

2    D.     Requiring class counsel and the settling defendant to craft a new settlement that, is

3    fair, adequate and reasonable; and

4    E.     Granting such other relief that this court deems necessary or proper so as to

5    alleviate the inherent unfairness, inadequacy and unreasonableness of the proposed

6    Settlement.

7                                        Respectfully submitted,

8                                        /s/ Alan J. Sherwood
9                                        Alan J. Sherwood
                                         California Bar Number-118330
10                                       Attorney for the Brown Objectors
                                         Law Offices of Alan J. Sherwood
11                                       26755 Contessa St
                                         Hayward, CA 94545
12                                       Telephone (510) 409-6199
13                                       AlanSherwood@earthlink.net

14

15                      **CERTIFICATE OF SERVICE**

16   **I HEREBY CERTIFY** that on the 14th day of December, 2015, a searchable PDF of the

17   foregoing was filed with the Clerk of the Court and that all parties will be noticed and served by

18   the CourtsCM/ECF system.

19

20                                                /s/ Alan J. Sherwood
                                                  Alan J. Sherwood
21

22

23

24

25

26

27   Objections to Class Settlement, Objections to Attorney Fee Award
     and Notice of Intent to Appear at the Final Approval Hearing,
28   Case No. 13-cv-04303-HRL                                              Page 5