# EXHIBIT 19

Lindsay Frame

NEW YORK NY 100
05 OCT 2015 PM 13 1

Larry C. Russ, Esq. Russ August &
Kabaft ~ Class Counsel
12424 Wilshire Blvd. 12th floor
Los Angeles, C.A. 90025

9002510310 0

October 7, 2015

Lindsay Finnie

████████████████████

Larry C. Russ, Esq., Russ August & Kabat Class Counsel

12424 Wilshire Blvd. 12th floor

Los Angeles, C.A. 90025

RE: Perkins vs. Linkedin Corp  (claim ID- IHERZ-QMRFL-DTUME)

To whom it may concern,

My name is Lindsay Finnie and I **do** object to the pending settlement.

I **do not** intend to speak at the final hearing.

I **agree** with the terms of the lawsuit and expect reimbursment.

If you have any further concerns or if there is more necessary information for me, I may be reached at ████████████████.

Thank you,

Lindsay Finnie

# EXHIBIT 20

FORESTED

LARRY C. RUSS, ESQ.
RUSS, AUGUST, & KABAT
12424 WILSHIRE BLVD, 12TH FLOOR
LOS ANGELES CA 90025

9002510310 0

CAPITAL DISTRICT 120

08 OCT 2013 PM 3 L

**STEPHEN H. FOERSTER**

October 6, 2015

Judge Koh's Case System Administrator
United States Courthouse
280 South 1st Street, Room 2112
San Jose, CA 95113

re:     *Perkins v. LinkedIn Corp.*, Case No. 5:13-CV-04303-LHK

Dear Judge Koh:

I write you to object strenuously to the proposed settlement in the case of *Perkins v. LinkedIn*. As a LinkedIn user who has used the feature in question, LinkedIn's actions in sending a few reminder emails was obviously meant to be helpful. The idea that the mere action of sending two emails that may not have been directly authorized by LinkedIn users on whose behalf they were sent is supposed to have been harmful, when they were simple follow ups to one that was authorized, is completely ridiculous.

Note that my purpose today is not to write against the class action system in general. I realize that at times certain defendants may have committed wide ranging actions that have caused injury to many different plaintiffs. This is not such an occasion. Ask the claimants what dates their contacts received the reminder emails, and surely few if any will be able to answer. Similarly, ask the LinkedIn users who claim to be part of this class what financial or reputational damage they incurred as a result, and surely few if any will have anything to say that really holds water.

Why do I believe that they respond as such? Because this action on the part of LinkedIn caused no real harm whatsoever to anyone. LinkedIn's shareholders' only misdoing is providing a service used and appreciated by millions of people around the world, and the notion that they should part with $13 million over this matter is supersized insanity.

Because of this, I reiterate my objection to any settlement, and ask instead that you dismiss the case against LinkedIn with prejudice before actual injury is done.

No attorney is representing, advising, or assisting me in connection with the objection, and none may profit from the pursuit of the objection. Moreover, I am neither employed by nor a shareholder of LinkedIn: my only relationship with them is as a user of their service, and my only motivation for writing is a sense of justice.

At this time I do not intend to appear at the Final Approval Hearing personally or through counsel, as I would only reiterate these remarks, and probably at a higher volume than you would prefer.

Sincerely,

Stephen H. Foerster

cc:     Larry C. Russ, Esq.
        Jerome C. Roth, Esq.
        Jeff Weiner

# EXHIBIT 21

Melodie Kate Ford



October 5, 2015

Judge Koh's Case System
Administrator at the United States Courthouse
280 South 1st St., Room 2112
San Jose, CA 95113

Class Counsel
Larry C. Russ, Esq.,
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025.

LinkedIn's Counsel
Jerome C. Roth, Esq.,
Munger, Tolles & Olson LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105.

RE:   Objection to Class Action in re PERKINS V. LINKEDIN CORP
        Case5:13-cv-04303-LHK

Honorable Judge Koh,

I object, and object strongly to being included in a Class Action for which no cause to sue exists
and for which no retribution will be given to me when this case resolves.  I further object to the
fact that the filing attorneys will received $3,250,000 in fees, costs and expenses, while those on
whose behalf they are ALLEGEDLY filing receive minimal amounts or nothing depending on
the class size.  Stopping the alleged acts of LinkedIn is not really the goal of this action.  Only
fees for the attorneys.

I am personally offended by attorneys who are filing class actions on the behalf of allegedly
aggrieved people and end up collecting huge sums while the people on whose behalf they have
filed receive little or nothing.  This is a scam and I am sure that there are many attorneys and law
firms salivating over the next possible class action.

I was not offended nor harmed, nor was anyone else, by the fact that their "contacts" were
aggressively acquired by LinkedIn, at least no more aggravated, harmed or offended than I am
by the attorneys' who have filed this Class Action Suit.  Shall I then file a class action suit
against every firm that has even pretended to be filing on my behalf.

I received $1.27 from the Bank of America Class Action case – of which I was not even aware I
had been a party to.  Back in the late 90's I received a very handsome sticker for the sunvisor of
my Ford Bronco advising me not to take curves too steeply as it could result in a rollover or

Hon. Judge Koh
Larry C. Russ, Esq.
Jerome C. Roth, Esq.
Page 2

other damage to the car, my passengers or myself (which by the way did not even stick to the visor very well).

In most instances, if I am aware that I am a party to a class action I remove my name from said action.  Never before have I actually written an object to one – mostly because I didn't think it would any good.  Well now I think it can do no harm.

Not one of these attorneys cares a whit about whether I was inconvenienced or even harmed by LinkedIn.  Neither do they care what "fair and equitable" retribution I will receive in exchange for my "suffering".  They only care to collect their fees – and I am sure they are quite sad that the settlement was not much bigger so that they could file for even more fees.  Poor attorneys.

I pray the court hear my objection and based upon same provide the following:

> 1.    Excuse and forgive LinkedIn for seeking of contact information from its many members;
>
> 2.    Excuse all members of all classes from the action;
>
> 3.    Award Mr. or Ms. Perkins, the alleged aggrieved and harassed by LinkedIn's behavior a free membership to LinkedIn for life; and
>
> 3.    Award the Class Action Counsel, Larry C. Russ, Esq., and Russ August & Kabat One Dollar and Fifty Cents ($1.50) for their fees and expenses.

Respectfully submitted,

Melodie Kate Ford

\\procopio.local\users\Home\8295\My Documents\Class Action LinkedIn.docx



Judge Koh's Case System
Administrator at the United States Courthouse
280 South 1st St Rm 112
San Jose Ca 95113

Mr. Forel

# EXHIBIT 22

September 29, 2015

To who it may concern,

I Elizabeth Garcia object to the settlement for Linkedin Corp. I can attest that the Add Connections service was being used without my consent. Therefore, I have received notifications of people requesting to connect with me, which I thought were being sent by them, under false pretenses. As a result of this service, many people have connected with me without my knowledge of how this was actually working. I don't think that the settlement towards Linkedin Corp. should be approved.

Sincerely,

Elizabeth Garcia

Elizabeth Camia

Rec'd
10:11/2/15

NEW YORK NY 100
26 OCT 2015 PM 10 L

Class Counsel and Larry C Russ, Esq.,
Russ August + Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025

SCCCES$1031

# EXHIBIT 23



Judge Koh's Case System Administrator
United States Courthouse
280 South 1st Street – Room 2112
San Jose CA 95113

Re: Claim ID: LZPKQ-XVJIW-IMGAG (Perkins v LinkedIn Corp.)

Dear Ms/Sir:

I strongly object to the Settlement and anything associated with it.  In my view, such an action is frivolously unnecessary and unnecessarily frivolous.  It wastes precious resources.  As far as I can tell there is no foul and no harm.  Throw out the pending class action and any proposed settlement.  The best way to discourage such legal actions is remove any potential profit.

Who has time for such nonsense?  It seems to me, that Perkins and attorneys are looking for a free ride.

I'm a 74 year old, college-educated man who believes people should earn money the old fashioned way: work for it.  Get a life.

Sincerely,

Gary W. Gill


cc:   Larry C. Russ Esq. (Class Counsel)
      Russ August & Kabat
      12424 Wilshire Boulevard – 12th Floor
      Los Angeles CA 90025

      Jerome C. Roth, Esq. (LinkedIn Counsel)
      Munger, Tolles & Olson LLP
      560 Mission Street – 27th Floor
      San Francisco CA 94105



Gary W. Gill

US POSTAGE
FIRST-CLASS
**49** cents

INDIANAPOLIS IN 460
06 OCT '15
PM 1 L

Judge Koh's Case System Administrator
United States Courthouse
280 South 1st Street – Room 2112
San Jose CA 95113

95113-300837

# EXHIBIT 24

Larry C. Russ
Russ August Kabat
12424 Wilshire Boulevard 12th Floor
Los Angeles, CA 90025

I   Julius Gonzalez object to Linkin improper
Use of Add Connections. Julius Gonzalez

Email

10/5/15

# EXHIBIT 25

To:     Judge Koh's Case System Administrator
        United States Courthouse
        280 South 1st Street, Room 2112
        San Jose, CA  95113

RECEIVED

NOV 03 2015

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

From:   Julie H. Gordon

Date:   10/16/15

**Claim ID:** PUFFF-QEGAX-JQMWC

NOTICE OF PENDING CLASS ACTION AND NOTICE OF PROPOSED SETTLEMENT
*PERKINS V. LINKEDIN CORP.*

Dear Court:

I'm not a lawyer so I may not be phrasing this correctly, but hopefully you'll understand my point.

I object to this class action suit and notice of proposed settlement and believe it should **NOT** be approved. I never gave anyone the right to represent me against Linkedin. I also object to the premis of the class action suit which I believe is specious. I see this class action suit as one of many examples of where sleazy lawyers try to slime a legitimate company on a bogus charge in order to make themselves money / millions with little to no interest in actually helping the people they are claiming to represent.

Anyone agreeing to have Linkedin connect and send messages to their contacts to expand their connections on Linkedin should have understood that Linkedin might send reminders about it. No damages were done to anyone in my opinion.

Sincerely,

Julie H. Gordon

Julie H Gordon



Judge Koh's Case System Admin
US Courthouse
280 South 1st Street, Room 2112
San Jose, CA 95113

# EXHIBIT 26

10-26-15

*Johnnie L. Taha*

The reason I'm objecting to to settlement, because of the trust, also To be taught that Just because you can take advange of people that put there trust in a business, and that business take there money to make there profits most of all Trust that's why no money can Replace Trust.

Email:



Johnnie d graham

22 OCT 2015 PM 7 L
SAN BERNARDINO CA 924

Judge Koh's Case System
Administrator united States
Courthouse
880 South 1 st Street
Room. 8113
San Jose, California  95113

9511327068

mailed —

# EXHIBIT 27

October 19, 2015
Judge Koh's Case System Administrator
United States Courthouse
280 South 1st Street, Room 2112
4321 First Street
San Jose, CA 95113

Dear System Administrator,

Regarding this legal action:

> Claim ID: VVOQK-PPXRU-KHGKO
> NOTICE OF PENDING CLASS ACTION AND NOTICE OF PROPOSED SETTLEMENT
> PERKINS V. LINKEDIN CORP.

This action should not be approved because of unvetted Email distribution lists. Even though LinkedIn users were improperly informed of the number of "reminder emails" sent to each invitee (which support the action to fix), the LinkedIn users likely did not vet their Email distribution lists before taking action. More unintentional recipients were probably affected than intentional recipients. This is not LinkedIn's fault, it is the fault of each LinkedIn user launching the "Add Connections" service with unvetted distribution lists.

From my perspective, I want to grow my LinkedIn network so when I am presented with the option to invite everyone in my Email distribution list to join; I am tempted. I may go ahead or I may stop to think of who will receive the invitation. If there are users that would be annoyed by the invitation, I may choose not to send an invitation to them. The probability this high that I'm not unique when I say that my Email distribution list is a veritable "junk yard" of Email addresses for people I knew or worked with from a long time ago. If my distribution list is unvetted, I am directly responsible for annoying people with unwanted invitations to LinkedIn.

Sincerely yours,

Kevin Grell


CC:     Larry C. Russ, Esq.

        Jerome C. Roth, Esq.

Rec'd
11/6/15



G

Mr. Kevin Grell

Larry C. Russ, Esq.
Russ August & Kabat
12424 Wilshire Boulevard, 12th  F L
Los Angeles, CA 90025

90025100100

GREENSBORO NC 274
PIEDMONT TRIAD AREA
02 NOV 2015 PM 7 L

USA

Chippendale Chair
USA 4¢

Chippendale Chair
USA 4¢