# EXHIBIT 37



To whom it may concern,

My name is Chinmay Kommuru and I am writing to you regarding the class action of Perkins v. LinkedIn Corp. with the Claim ID of EYLFT-GBZMA-OPNLQ. I received an email regarding this settlement on October 2nd, 2015 and I'd like to object this decision for the following reasons:

- While LinkedIn may or may not have broken its policies on sending additional email reminders, I think cases like these are absolutely crippling American businesses because they have to spend their time, energy, and money tending to cases like these when they could be using those resources back into the business and thus, providing value back out to its customers.
- By approving this settlement, you are also promoting the behavior that it is okay for people to sue a company over something as silly as sending two additional reminder emails. While this may seem small, please ask yourself, how many more companies will they go after for small matters like this and how many more loopholes will they try to take advantage of? How many more people will jump on this bandwagon and how many more future businesses will suffer, and in effect, how much more will our country suffer both psychologically and economically? While the economic effects may be black and white, the psychological byproduct may be greater than we can imagine because more and more companies and entrepreneurs will be fearful of starting or growing their existing businesses, the price of which is limitless. I myself have tried my hand at starting my own company and I currently work for a large corporation today. Starting and growing a business is one of the hardest things to do in and of itself, and the more we can help the folks that can add tremendous value to our country by denying settlements like these, the better.
- Lastly, LinkedIn has already added tremendous value to our economy and to the professional community. They have created a platform that enables working professionals to further their careers, thus adding back to our country's economic well-being. This is a positive contribution not only economically in the matter of black and white, but also psychologically, which again, has more value than we can likely measure.

In closing, I feel strongly that you should not go through with this settlement. Please feel free to reach out to me directly if I can be of any additional assistance.


Sincerely,


Chinmay Kommuru



USA FIRST-CLASS FOREVER

HARTFORD CT 051

055 OCT 2015 PM 5 L

Chinmay Kanmuru

United States Courthouse

Attn: Judge Koh's Case System Administrator

280 South 1st Street, Room 2112

San Jose, CA 95113

95113300837

# EXHIBIT 38

# Objection to Perkins vs. LinkedIn "Add Connections" Class Action Settlement

I, Anthony Lee Krauch, hereby object to the class action settlement between Perkins and LinkedIn, in relation to the "Add Connections" policy being disruptive and against the Terms of Service and/or in relation to the Can-Spam Act. Whether it was done or not is not my issue, but what is my issue is that LinkedIn has proven to be a non-spamming, non-obtrusive, non-obstructive leader in the networking world. In fact, they've been adding more improvements to their Free/Basic Users in an effort to improve networking connectivity on LinkedIn, such as, adding the ability to message via InMail without a Premium Subscription.

What I am most upset with is how instead of talking about it like gentlemen (as it is a fact that 90% of court cases could've been handled outside of the court), they (Perkins) chose to attack LinkedIn and steal their money. This is not right. This is unjust and unfair, to, both, the company in question (LinkedIn) and to their loyal customer/visitor base.

What's even more disturbing is that only 2 additional reminders are in question here. As with the rule of 3's in life (i.e., a coincidence requires 3 occurrences, a spam requires 3 occurrences within an unsettling time frame, etc.), this particular case does not apply. Sure, if LinkedIn had sent out 4 emails per month (at a rate of 1 per week) as a means of a reminder, then I'd be on the other side of this, as that can get quite annoying, but having sent only 2 emails (and I believe it was at a rate of 1 per month), while, simultaneously, providing the option for you to opt-out of the emails, makes this a clear and obvious case for dismissal!

I suggest to try actually talking about this next time, rather than taking it to court, as it has been proven that 3 words are all that is required to start a war or end one.


Sincerely,
Anthony Lee Krauch
Member since: January 16, 2013



Anthony Krauch   Case 5:13-cv-04303-LHK   Document 108   Filed 10/13/15   Page 20 of 26

05 OCT 2015 PM 8 L

Judge Koh's Case System Administrator at the United States Courthouse
280 South 1st Street, Room 2112
San Jose, CA 95113

9511330083T

# EXHIBIT 39

1  KIN WAH KUNG
   4411 Elaiso Common
2  Fremont, CA 94536-5626
   Phone: 415-637-8146
3  Email: garykung@prodigy.net

4  *Class Member In Pro Per*



5

6

7

8  **IN THE UNITED STATES DISTRICT COURT**
   **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
   **SAN JOSE DIVISION**

9

10  **PAUL PERKINS ET AL.,**                )   Case Number: 5:13-cv-04303-LHK
                                            )
11            Plaintiff,                    )   **CLASS MEMBER KIN WAH KUNG'S**
                                            )   **OBJECTION TO THE PROPOSED**
12  vs.                                     )   **SETTLEMENT**
                                            )
13  **LINKEDIN CORPORATION,**               )   Judge: Honorable Lucy K. Koh
                                            )   Hearing Date: February 11, 2016
14            Defendant.                     )   Time: 1:30 p.m.
                                            )
15  _____)

16  **TO THIS HONORABLE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF**

17  **RECORD HEREIN:**

18          Per this Court's permission, Class Member Kin Wah Kung ("Kung") respectfully submits

19  this Objection to the Proposed Settlement (ECF Document No. 150).

20

21                              **INTRODUCTION**

22          On or about October 2015, Kung has received an email from Gilardi & Co. LLC, the

23  Settlement Administrator of this case, regarding this case's proposed settlement. Upon reviewing

24  the proposed settlement, Kung believes that such proposed settlement is not in the best interest of

25  the class. Therefore, on October 27, 2015, Kung has filed his claim for the proposed settlement.

26  *See* Exhibit 1. This objection follows.

27
                                                    Kung's Objection to Proposed Settlement
                                                              (5:13-cv-04303-LHK)

                                    1

**ARGUMENT**

**I.     THE PROPOSED SETTLEMENT IS NOT IN THE BEST INTEREST OF THE SETTLEMENT CLASS.**

The proposed settlement provides a sum of $13,000,000, which include payments to qualified class members, any attorneys' fees and costs awarded by the Court to Class Counsel ($3,250,000 maximum), any service awards paid to the Class Representatives ($1,500 maximum each), and any costs incurred by the Settlement Administrator (Undisclosed). *See* Website Notice.

Per Kung's estimate, even with the contingency fund of $750,000 provided by Defendant LinkedIn Corporation ("Defendant"), the estimated settlement available to class members will still be less than $10,000,000. Although the actual payment depends on the number of valid claims received, as stated in Third Amended Complaint, Class Counsel has alleged that the putative class can easily reach millions. *See* ¶121, ECF Document No. 70. On that basis, it is reasonable for this Court to foresee that, if Class Counsel's allegations are taken to be true, each of the class member will receive a payment of settlement fund in less than $10. It is also reasonable for this Court to further foresee that, given the minority of the settlement payment, it will not be economically feasible to distribute to the settlement fund, which the settlement fund will be eventually distributed to the *Cy Pres* Recipients.

Kung expresses no comment regarding the amount of the proposed settlement. However, if the Settlement Class is required to waive all rights and release all liabilities against Defendant associated with this case, then the Settlement Class should be entitled for a more definite benefit from the proposed settlement, which either the net settlement fund will be distributed evenly among class members, or the net settlement fund will be distributed among the *Cy Pres* Recipients, but not both in the form of contingency. The current proposed settlement has created a "Catch-22" that a class member must file a claim in order to be eligible for the settlement, while at the same time, a class member will not know if he/she will be entitled to anything at all

1  and ultimately waived his/her rights.

2      On that basis, the proposed settlement is not in the best interest of the Settlement Class.

3

4                      **APPEARANCE OF FINAL APPROVAL HEARING**

5      In light of Kung's objection speaks for itself, Kung does not wish to appear at the Final

6  Approval Meeting. If this Court wishes to receive additional briefing or hear arguments in this

7  matter, Kung will comply accordingly.

8

9                              **CONCLUSION**

10      For the foregoing reasons, Kung respectfully requests this Court to deny the final

11  approval of the proposed settlement.

12

13  DATED: December 14, 2015                Respectfully submitted,

14

15

16

17                           KIN WAH KUNG

18                           *Class Member In Pro Per*

19

20

21

22

23

24

25

26

27                                            Kung's Objection to Proposed Settlement
                                              (5:13-cv-04303-LHK)

**EXHIBIT 1 –**

Proof of Claim

Print

| | |
|---|---|
| **Subject:** | Confirmation of receipt of your online Perkins v. LinkedIn Claim |
| **From:** | donotreply@addconnectionssettlement.com (donotreply@addconnectionssettlement.com) |
| **To:** | garykung@prodigy.net; |
| **Date:** | Tuesday, October 27, 2015 5:04 AM |

SUBJECT: Confirmation of receipt of your online Perkins v. LinkedIn Claim

Thank you for filing your claim online on 10/27/2015 5:04:08 AM.

Your **Submission ID** is: **LNKD1-107119879-3**

Please retain this information in your records and use the Submission ID in any communications with Gilardi & Co., LLC regarding this case.

You must keep us informed if your address changes. You may use the case specific website at: www.addconnectionssettlement.com to contact us or to obtain further updates 24 hours a day.

Gilardi & Co. LLC

www.gilardi.com

# EXHIBIT 40

10/21/15


Larry C. Russ, Esq
Russ August & Kabat
12424 Wilshire Boulevard, 12 Floor
Los Angeles, CA 90025


Dear Sir,


I write this to object to the Settlement with LinkedIn. I do not think it should be approved. I did not give LinkedIn permission to send Reminder endorsement emails to people in my personal email contact list through their "Add Connections". I see this as an invasion to my privacy and to the privacy of the people in my contacts.


Respectfully,

Diane E Kushmer

Rec'd
11/9/15

Larry C. Ruas, Esq.
Ruas August & Kabat
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025

TAMPA FL 335
SAINT PETERSBURG FL
02 NOV 2015 PM 8 L

90025103100

# EXHIBIT 41



**Fwd: LEGAL NOTICE OF SETTLEMENT OF CLASS ACTION**
Gloria Larravide     to: LHKpdf                                      10/03/2015 12:56 PM

From:     Gloria Larravide ████████████████████
To:       LHKpdf@cand.uscourts.gov

Good Day, Judge Lucy H Koh,

It is nice to be contacting another Washingtonian.
I am forwarding you this email because I got it today and wish to object to this class action suite.

I am not in the practice of suing people even when I have good reason to, let alone when the company has done nothing that has caused any real damage to anyone.

My point of view is this:
If you give your contacts to another party for any reason you pretty much lost the control of what they or anyone working for them can or will do with that contact.

I feel that the LinkedIn should not disclose their intention/ policy from now on and leave it at that. Why this company should have to pay out thousands of dollars for this error or policy is beyond me.

I have a list of other companies who are legitimately doing wrong that I would rather force to pay damages.

So as a "party of this class action suite" I do not feel LinkedIn should have to pay fines. All just need to get on board with each other-

1. People learn internet safety and not share their contacts ever.
2. LinkedIn not try to be tricky and collect new members in manners that are invasive or aggressive.

I have neve found this company to be annoying, disturbing or bothersome to me and I have been on there for a LONG time.

If you know anyone in legal counsel who would however like to put together a class action suite, put them in touch with me. I have been trying to pay a debt to a company and they refuse to take my money and would rather find pretext to late fee charge me and push me into the collector bin. I am catching up with my one other card and managed to get out of debt with them because they are honest, but the former company is doing what they are doing to me to many many others and I Have a PDF with their testimonies as to their unfair credit practices. The company is literally forcing people to be late by not posting their payments and or not accepting their payments and then coming at them with heavy fines and fees to force them in collections or to pay much higher debt vs ease them back into getting on track by not cheating on their accounting of their credit debt.

I have also sent two companies to EEOC for Age Discrimination where they literally posted on their adverts online TEEN and refused to accept an application from me, allow me to speak to the hiring manager, or have an interview due to my age. I was in school and needed a counter job and the stores adjacent from my home were not complying with treating me like other applicants due to my age. It was after very awkward experiences with their store staff and management that I found their online adverts asking specifically for TEEN employees.

Apparently it has become a "fad" to only hire millennials to work for you- according to DeLoitte. I wrote them and let them know they were counseling management to perform illegal activity. I told them they could also be investigated by EEOC. I have not sued any of these companies but if it is the only way they will change their behavior then I think it is merited.

The credit retail store def. needs to see the inside of a court room with all of the people on my pdf so justice can be performed and that company can get the rap on their knuckles for Financial and Liable damages.

Thanks for all you do,
Sincerely,
Gloria Larravide
born in DC :) too

---------- Forwarded message ----------
From: Legal Notice <legalnotice@linkedin.com>
Date: Fri, Oct 2, 2015 at 3:21 PM
Subject: LEGAL NOTICE OF SETTLEMENT OF CLASS ACTION
To: ███████████████████

Claim ID: OWUPW-YQSSF-LAQEW
NOTICE OF PENDING CLASS ACTION AND NOTICE OF PROPOSED
SETTLEMENT
PERKINS V. LINKEDIN CORP.
You are receiving this e-mail because you may have used LinkedIn's Add Connections feature between September 17, 2011 and October 31, 2014.
A federal court authorized this Notice. This is not a solicitation from a lawyer.
Why did I get this notice? This Notice relates to a proposed settlement ("Settlement") of a class action lawsuit ("Action") against LinkedIn Corporation ("LinkedIn") based on LinkedIn's alleged improper use of a service called "Add Connections" to grow its member base.
What is the Action about? The Action challenges LinkedIn's use of a service called Add Connections to grow its member base. Add Connections allows LinkedIn members to

import contacts from their external email accounts and email connection invitations to one or more of those contacts inviting them to connect on LinkedIn. If a connection invitation is not accepted within a certain period of time, up to two "reminder emails" are sent reminding the recipient that the connection invitation is pending. The Court found that members consented to importing their contacts and sending the connection invitation, but did not find that members consented to LinkedIn sending the two reminder emails. The Plaintiffs contend that LinkedIn members did not consent to the use of their names and likenesses in those reminder emails. LinkedIn denies these allegations and any and all wrongdoing or liability. No court or other entity has made a judgment or other determination of any liability.

What relief does the Settlement provide? LinkedIn has revised disclosures, clarifying that up to two reminders are sent for each connection invitation so members can make fully-informed decisions before sending a connection invitation. In addition, by the end of 2015, LinkedIn will implement new functionality allowing members to stop reminders from being sent by canceling the connection invitation. LinkedIn has also agreed to pay $13 million into a fund that can be used, in part, to make payments to members of the Settlement Class who file approved claims. Attorneys representing the Settlement Class will petition the Court for payment of the following from the fund: (1) reasonable attorneys' fees, expenses, and costs up to a maximum of $3,250,000, and (2) service awards for the Plaintiffs up to a maximum of $1,500 each. The payment amount for members of the Settlement Class who file approved claims will be calculated on a pro rata basis, which means that it will depend on the total number of approved claims. If the number of approved claims results in a payment amount of less than $10, LinkedIn will pay an additional amount up to $750,000 into the fund. If the pro rata amount is so small that it cannot be distributed in a way that is economically feasible, payments will be made, instead, to Cy Pres Recipients selected by the Parties and approved by the Court. No one knows in advance whether or in what amount payments will be made to claimants.

You may also learn more by clicking on the following links:

Settlement Agreement

Class Action Complaint

Orders on Motions to Dismiss

Legal Representation

Attorneys' Fees

Cy Pres Recipients

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| SUBMIT A CLAIM FORM | If the Court gives final approval to the Settlement, this is the only way to be eligible to receive a payment. | Deadline: December 14, 2015 |
| EXCLUDE YOURSELF | This is the only option that allows you to retain your rights to sue LinkedIn about its alleged improper use of Add Connections to grow its member base. | Deadline: December 14, 2015 |

| | | |
|---|---|---|
| OBJECT | Write to the Court about why you object to (i.e., don't like) the Settlement and think it shouldn't be approved. You may mail your written objection to Judge Koh's Case System Administrator at the United States Courthouse, 280 South 1st Street, Room 2112, San Jose, CA 95113. Alternatively, you may file your written objection in person at any location of the United States District Court for the Northern District of California.<br><br>You must also mail your written objection to Class Counsel and LinkedIn's Counsel. The address for Class Counsel is: Larry C. Russ, Esq., Russ August & Kabat, 12424 Wilshire Boulevard, 12th Floor, Los Angeles, CA 90025. The address for LinkedIn's Counsel is: Jerome C. Roth, Esq., Munger, Tolles & Olson LLP, 560 Mission Street, 27th Floor, San Francisco, CA 94105. | Deadline: December 14, 2015 |
| GO TO THE "FINAL APPROVAL HEARING" | The Court will hold a "Final Approval Hearing" to consider the Settlement, the request for attorneys' fees and expenses of the lawyers who brought the Action ("Class Counsel"), and the request for service awards of the plaintiffs who brought the Action ("Class Representatives").<br><br>You may, but are not required to, speak at the Final Approval Hearing about your written objection. If you intend to speak at the Final Approval Hearing, you must include your intention to do so in your written objection. Follow the procedure described above for providing your written objection to the Court as well as to Class Counsel and LinkedIn's Counsel. | Deadline: December 14, 2015 |
| DO NOTHING | You will not receive a payment, even if the Court gives final approval to the Settlement. You will also be giving up any claims you may have against LinkedIn based on its alleged improper use of Add Connections to grow its member base. You may be eligible to receive the non-monetary benefits of the Settlement, if the Court gives final | No deadline |

approval to the Settlement.

More information? For more information about the Settlement and how to take the actions described above, please visit www.AddConnectionsSettlement.com or write to the Settlement Administrator at Perkins v. LinkedIn Corp., Settlement, c/o Gilardi & Co. LLC, P.O. Box 808012, Petaluma, CA 94975-8012, info@AddConnectionsSettlement.com. You may also contact Class Counsel by calling (310) 826-7474.

Do Not Address Any Questions About The Settlement Or The Litigation To LinkedIn, The Clerk Of The Court, Or The Judge.

# EXHIBIT 42



Thursday, October 08, 2015

Larry C. Russ, Esq., Russ August & Kabat
12424 Wilshire Boulevard
12th Floor
Los Angeles, CA 90025

RE: **Claim ID** HKKCT-AWMHR-RFWTY *PERKINS V. LINKEDIN CORP*

To Whom It May Concern:

I am writing this letter in objection to the class action lawsuit, Claim ID HKKCT-AWMHR-RFWTY *PERKINS V. LINKEDIN CORP*, as a victim of the misuse of the "add connections" feature referenced in the suit.  As a victim of this misuse, I object to the lawsuit based on the fact that the only party that will be very well compensated for this "crime" will be the attorney's filing this lawsuit.  As a victim, I would rather forfeit my right to settlement than make the attorney's rich that continue to profit off of such frivolous class action suits.  I don't understand how these class action suits are legal in the USA and feel the system is being grossly taken advantage of.  If alleged victims are due compensation, I expect it is not $10-$1500 while the attorneys are making MILLIONS.  On this basis, I would like to enter my formal objection and request this class action lawsuit not be approved.  If you require any further information, you will find contact details below.

Sincerely,

August E. Lasseter

# EXHIBIT 43



October 3, 2015

The Honorable Judge Lucy H. Koh
United States Courthouse
280 South 1ˢᵗ Street
Room 2112
San Jose CA 95113

Dear Judge Koh:

I am writing to object to the settlement *Perkins v. LinkedIn Corp.*, Case No. 5:13-CV-04303-LHK. On October 2, 2015 I received email notice of the Settlement from LinkedIn. I have used LinkedIn's "Add Connection" feature myself, and I believe that I am a Member of the Settlement Class.

I object because it is not unreasonable for an internet-based company to send two reminder emails on behalf of one of its members, provided that the member agreed to sending the initial email. In this case, the initial emails were sent specifically upon the "Add Connection" request of LinkedIn members. The follow-up emails were only sent, to the best of my knowledge, if the requested connections were still pending. They therefore still fall under the definition of activities associated with adding the connection as requested by the member. Whether or not such emails are specifically mentioned in any Agreement between LinkedIn and its members, two follow-up emails do not constitute spamming and fall well within the bounds of acceptable conduct of an internet-based service.

I do not plan to attend any Hearings on this matter and I wish to be removed from the Settlement Class. I would also like written letters of apology from Paul Perkins, Pennie Sempell, Ann Brandwein, Erin Eggers, Clare Connaughton, Jake Kushner, Natalie Richstone, Nicole Crosby and Leslie Wall for the time and stamps that I have lost because of this frivolous nonsense.

Sincerely,

Timothy R. Lezon, Ph.D.



PITTSBURGH PA 151

06 OCT 2015 PM 4 L

Case System Administrator for
Hon. Judge Lucy H. Koh
United States Courthouse
280 South 1st Street
Room 2112
San Jose    CA    95113

95113330083

LEZON

# EXHIBIT 44

Judge Koh's Case System Administrator
United States Courthouse
280 South 1st Street - Room 2112
San Jose, CA 95113

October 21, 2015

**Subject:** Perkins vs. LinkedIn Corp.

To Whom it May Concern

Per the notification I received via email regarding this pending case, I am writing to object to the terms of the settlement.  The "class" in this case has not been harmed in monetary terms and I do not understand how the payment of any amount can be deemed as restitution.  Their virtual contacts received follow up emails from LinkedIn and I see no harm in that.  If the "class" does not like the practices of LinkedIn they can give them feedback or leave the site and use another service.

This appears to be an attempt by the attorneys for the class to extort fees out of the company for a legitimate business/marketing practice that is done by many other companies.  This type of action ultimately costs everyone else money in higher insurance rates and lost revenue for the company that can result in reductions in staff.  The attorneys in this case are not correcting an injustice...they are looking to get richer through a company with deep pockets.  Please send the message that this frivolous action is a waste of time and money for the citizens.

Sincerely,

Tom Lucas

Tom Lucas

document2



# EXHIBIT 45

Timothy McDonald
Student Financial Services / Veterans' Services



RECEIVED

NOV 09 2015

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Judge Koh's Case System Administrator
United States Courthouse
280 South 1st Street, Room 2112
San Jose, CA 95113.

RE:  NOTICE OF PENDING CLASS ACTION AND NOTICE OF PROPOSED
SETTLEMENT IN THE MATTER OF *PERKINS V. LINKEDIN CORP.*

I am writing to formally object to the above mentioned proceedings.  I do not believe this
settlement should be approved.  As instructed in the notice I received, I have sent this
written objection to all parties involved with the case.

I believe that LinkedIn Corporation has provided a high-quality service and is being
looted by greedy, lazy, self-serving interests.  LinkedIn has provided these services for
free, and the services are received voluntarily.  Although LinkedIn does offer a paid
subscription, it is entirely optional and unnecessary.  No one is forced to use their
services, and those using them are free to delete their accounts at any time.

Please do not allow another frivolous lawsuit to distribute ill-gotten gains to those who
do not deserve them.  Thank you for your time.

Respectfully submitted,

Timothy McDonald

Timothy Mcdonald
CC:

Larry C. Russ, Esq., Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025.

Jerome C. Roth, Esq., Munger, Tolles & Olson LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105.



PORTLAND OR 970

05 NOV 2015 PM 4 L

JUDGE KOH's CASE SYSTEM ADMINISTRATOR

UNITED STATES COURTHOUSE

280 SOUTH 1ST ST  ROOM #2112

SAN JOSE, CA 95113

95113$3008