# EXHIBIT 48





RECEIVED

OCT 19 2015

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE   CALIFORNIA

Judge Koh's Case System Administrator
United States Courthouse
280 South 1st Street, Room 2112
San Jose, CA  95113

October 15, 2015

To whom it may concern:

I whole-heartedly object to any form of lawsuit against LinkedIn for their use of reminders within their "Add Connections" program.  I've never had a problem with being prompted to connect.  The reminders were easy to ignore or activate, and I was glad to receive a prompt.  Does the program help LinkedIn connect with new prospective members?  Probably.  Is it flagrant disrespect for privacy?  That's gray.  If you participate online for any reason, plan on all eyes seeing what you're doing.  If you object, stay offline.   Any offense to this performance convenience is perhaps understandable, but doesn't in the least warrant a lawsuit.  Please drop this case immediately.

Thank you.

Keith Miller, ASID



SEATTLE WA 560

16 OCT 2015 PM 5 L

Case 5:13-cv-04303-LHK   Document 112   Filed 10/19/15   Page 12 of 26

MILLER INTERIOR DESIGN, LLC

JUDGE KOH's CASE SYSTEM ADMINISTRATOR
UNITED STATES COURTHOUSE
280 South 1st Street, Room 2112
San Jose, CA 95113

951133006S7

# EXHIBIT 49

Larry C. Russ, Esq.
Russ August & Kabat
12424 Wilshire Boulevard
12th Floor
Los Angeles  CA 90025

October 5, 2015

Larry C. Russ, Esq.

Russ August & Kabat

12424 Wilshire Boulevard, 12th Floor

Los Angeles, CA 90025

To whom it may concern:

I object to the Settlement and think it shouldn't be approved. Numerous acquaintances of mine were offended that I released their names to LinkedIn.

Sincerely,

*Gerald C. Monge*

Gerald C. Monge, ChFC

# EXHIBIT 50

Donald G. Muldoon, Jr.

████████████████

October 20, 2015

The Honorable Lucy H. Koh
280 South 1st Street
Room 2112
San Jose, CA 95113

Dear Judge Koh,

I recently received a LEGAL NOTICE OF SETTLEMENT OF CLASS ACTION via email regarding *PERKINS V. LINKEDIN CORP*. I have no affiliation with LinkedIn Corporation whatsoever, financial or otherwise. I am a LinkedIn user. I do not pay LinkedIn for any software or services.

The action brought against LinkedIn is absurd beyond comprehension. I challenge any plaintiff to demonstrate how they were harmed in any way. LinkedIn offers a *free*, professional networking platform to millions of users worldwide. It is a very innovative platform. If one email is sent with consent and without harm while a second email is sent without consent, the harm must be negligible. This is tantamount to a clerical error.

The action reeks of money grubbing lawyers that stand to make a hefty sum while the actual "harmed" plaintiffs will share only a small fraction of the settlement.

Awarding attorney's fees upwards of $3.25M is theft. Larry C. Russ should be charged with theft if such an award were agreed upon.

I urge you use common sense and reject this frivolous action.

Respectfully,

Donald G. Muldoon, Jr.

Bent

Re'cd
11/2/15

Larry C Russ, Esq.
Russ August + Kabat
12424 Wilshire Blvd.
12th Floor
Los Angeles CA
90025

9002500950



BOSTON MA 021
27 OCT 2015 PM 4 L

# EXHIBIT 51



# THE FIRST CHURCH OF MERRIMACK, NH
## A Congregation in the Orthodox Presbyterian Church

Rev. Dr. Allen C. Tomlinson, Pastor

December 8, 2015

Larry C. Russ, Esq.,
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025

Dear Attorney Russ,

I am writing to protest the frivolous lawsuit *Perkins v. LinkedIn Corp*. The key point of the lawsuit is that LinkedIn users (of whom I am one), in allowing LinkedIn to import their lists of contacts, did not consent to LinkedIn using those contacts for its own purposes. This idea is simply silly. Anyone who uses the Internet ought to be aware that any and all contact information that one provides online becomes in some sense the property of the entity to which one provides it. In short, as a LinkedIn user I was well aware that every time I gave that corporation information about my contacts, that information passed into LinkedIn's possession, and it was going to use that information for its own purposes. The very act of providing the information constituted consent that the information be used, not for my purposes, but for the purposes of the entity to whom I provided it. That this purpose would be to increase the number of users LinkedIn has was patently obvious to me and should have been obvious to every user of the site. If users did not want emails sent to their contacts using their name and likeness, then they should not have become users.

I have requested the Judge to throw this case out.

Cordially,

Caleb T. Nelson

Caleb T. Nelson

*Preaching the Bible as God's infallible Word and Jesus Christ as the only Savior for sinners.*

# EXHIBIT 52

Jorge Pardo (Objector)

Action: Perkins v. LinkedIn Corp.,
Case No. 5:13-CV-04303-LHK

12/10/2015

To Whom It May Concern:

Regarding Action Perkins v LinkedIn Corp., Case No. 5:13-CV-04303-LHK, I, Jorge
Pardo, (Objector), have received via e-mail a legal notice of settlement of class action
pertaining to the above mentioned lawsuit (action). I have also been informed that I am in
the Settlement Class for the above action, according to Case 5:13-cv-04303-LHK
Document 105-2, by virtue of a being a LinkedIn member who used Add Connections to
import information from external e-mail accounts and to send e-mails to persons who
were non-members in which member's name, photograph, likeness and/or identity was
displayed between September 17, 2011 and October 31, 2014

I object to the proposed settlement on the grounds that said settlement fails to describe
the method used to assess the actual or potential harm caused to all LinkedIn members
who used the Add Connections feature as described in the class action. It also fails to
stipulate the criteria by which submitted claims will be approved/ rejected and how the
amount of compensation awarded to each claimant will be determined.

If able, I intend to appear at the final approval hearing personally.

Sincerely,

*Jorge Pardo*   12/10/2015

Jorge Pardo (Objector)

J. Pardo

SAB DISTRICT
SAB 2017
11 DEC '15
PM 4 L

Larry C Russ, Esq.
Russ August & kabat
12424 Wilshire Boulevard, 12th floor
Los Angeles, CA 90025

S0025103100



FOREVER
A23252211172049



# EXHIBIT 53



October 5, 2015
Judge Koh, System Administrator
United States Courthouse, 280 South 1st Street, Room 2112
San Jose, CA 95113.

Subject:  *Proposed settlement of a class action lawsuit against LinkedIn Corporation ("LinkedIn") based on LinkedIn's improper use of a service called "Add Connections" to grow its member base.*

Honorable Judge Koh,

I write to express my objections to the *LinkedIn Corporation's ("LinkedIn") improper use of the service called "Add Connections" to grow its member base.* I have actively used LinkedIn services between September 17, 2011 and October 31, 2014 and I am outraged that my rights were violated and my personal information was improperly used to advance the financial interest of the LinkedIn Corporation. Please note that I did not consent to the use of my name or contact information to grow LinkedIn's members base.

If I can provide additional information in this regard, please contact me directly at

████████████████████

Thanks You,

Christopher H. Peters

cc
Larry C. Russ, Esq., Russ August & Kabat,
12424 Wilshire Boulevard, 12th Floor,
Los Angeles, CA 90025.

Jerome C. Roth, Esq., Munger, Tolles & Olson LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105.



EUREKA CA 955

05 OCT 2015 PM 1 T

RED DEER
CONSULTING

Honorable Judge Koh
Systems Administrator
U.S. Courthouse
280 South 1st Street RM 2112
San Jose, CA. 95113

95113300089

# EXHIBIT 54

Peterson

Larry C. Puss
Puss August i Kabat
12424 Wilshue Blvd
12th floor
Loos Angeles CA 90025



MINNEAPOLIS MN 553
09 OCT 2015 PM 2 L

October 5, 2015

Judge Koh

United States Courthouse

280 South First Street

Room 2112

San Jose, California 95113

**Claim ID:** GUSGP-DCDRE-NBCUF

Dear Judge Koh,

I received a notice of a class action lawsuit settlement proposal in the case of Perkins v LinkedIn regarding alleged improper use of the 'Add Connections' application on LinkedIn. I hereby give notice that I object to the settlement proposal as an option being sent to me. I give my objection based on two items, excessive punitive amount and the amount of proposed legal fees due to the Class Counsel, Russ August & Kabat.

The proposed penalty amount for merely sending out only two follow up email notices of at least $12 million is obscenely excessive. While many websites are playing loose with contact information and how they use that information, the fact of how this part of the LinkedIn program is very small and hardly intrusive. Everyone is inundated with multiple emails every day from spam and other advertising, much from even unscrupulous sources. The fact that a well-used and respected member website is being targeted not only makes zero sense, but also is flawed in its basis that there are much bigger transgressions being committed in cyberspace that are seemingly allowed to continue without punishment. It is akin to suspending the B student for skipping a class in school because it's easier to punish that student rather than D minus student who has sketchy attendance.

The second reason for my objection is that this case feels more like a shake-down of a company by a legal team for a large financial gain. This country is littered with frivolous lawsuits and, while what LinkedIn had with its 'Add Connections' application was probably not good to do, to have a legal team gain $3.25 million for such a minor transgression that really wasn't against the law makes a mockery of our legal system. In the bigger picture, these types of lawsuits add untold costs in our economy that companies must fight against where it is the consumer is the one who pays, not the companies. We have created a society that has allowed legal firms to enrich themselves where even when consumers are indeed harmed, they are only paid a pittance compared to what legal firms make.

Regards,



Robert A. Petersen

cc:

Larry C. Russ; Russ August & Kabat

Jerome C. Roth; Munger, Tolles & Olson LLP

# EXHIBIT 55

Lyle Polvak Artist

Rec'd
10/21/15
af

Larry C. Russ, Esq.
Russ August & Kabat
12424 Wilshire Boulevard
12th Floor
Los Angeles, CA 90025.

SC0025103100

TAMPA FL 335
SAINT PETERSBURG FL
17 OCT 2015 PM 4 L



Date: October 17, 2015
Correspondence

**To:**
Larry C. Russ, Esq.
Russ August & Kabat
12424 Wilshire Boulevard
12th Floor
Los Angeles, CA 90025.

Regarding Perkins v. LinkedIN Corp.

This correspondence is in regards to an email from LinkedIN Corp dated October 15, 2015 with regards to the case

### PERKINS V. LINKEDIN CORP.

It is my understanding of this account that the case is built on the facts that 1.) through use of the LinkedIN tool "ADD CONNECTIONS"  Users of LinkedIN send invitation emails to peers, friends, co-workers, and others, with whom they desire contact, 2.) that LinkedIN's social networking system then sends email to these individuals to initiate contact and sends up to two reminder emails if no contact is obtained and 3.) these emails contain, in some form, a likeness of the individual that initiated the contact and their name.

**The purpose of this letter is to present my opinion that this is a frivolous lawsuit, which should be rejected by the court.**

Having utilized LinkedIN extensively for networking and communication with coworkers, past and present, I feel that I have sufficient understanding of the social media network to say that…

**The offending actions which have led to this suit are to be expected as normal operating procedures, but MOREOVER, that fault lies with the plaintiff for negligently sharing his likeness and name online, without appreciating that [of course] they would be released to the public.**

I am assuming the reader has no operational knowledge of LinkedIN and so I will explain to the best of my understanding and ability…

1.) LinkedIN provides users a customizable, web-hosted page to list their work experience and pertinent facts that speak to their education, credentials and accomplishments in the workplace, and this page allows users the opportunity to upload images of their likeness to add to this page.

2.) This being a social media service [like any other] these facts and images, of the user's likeness or otherwise, are uploaded to the internet for the expressed purpose of putting them before the public.

3.) In the act of "adding connections" it is explained to the user that their email contacts will be queried to generate a list of contacts to invite to "connect" online. Whenever possible the list of potential contacts contains images of the contacts (their likeness or otherwise), as gleaned from their own personal LinkedIN accounts, to aid in identifying the proper contact among several who may have the same or similar names.

Sample image #1: "Add connections feature"
(in which my contacts photographs and names are redacted)



Sample image #2: "Add connections feature
(in which my contacts photographs and names are redacted)



**4.)** It is not expressed that the user's image will be emailed to the contacts
they choose to invite, HOWEVER THIS IS NOT RELEVANT because **the
act of inviting other persons to connect via LinkedIN is an invitation
to them to view any and all facts presented, and any and all images
the user has uploaded, including images of their likeness, on their
personal LinkedIN page.**

Whether their image and name was released by email or other means, the
purpose of operating a LinkedIN page, or utilizing any social media for that
matter, is to present images and information to the public. It is the responsibility
of any individual, who uses social media, to regulate images and facts that could
be detrimental to them. Whereas the point of this suit is the release of coupled
images of the user's likeness and name, the same end result should have been
expected in the very act of creating a LinkedIN page for the public to view.

**Please reject this suit. It is a waste of your time.**

Lyle Polyak,
A LinkedIN user

**Lyle Polyak**

| | |
|---|---|
| **From:** | Legal Notice <legalnotice@linkedin.com> |
| **Sent:** | Thursday, October 15, 2015 8:28 PM |
| **To:** | ██████████ |
| **Subject:** | LEGAL NOTICE OF SETTLEMENT OF CLASS ACTION |

**Claim ID:** MRIXF-NMSBC-BQFSB

NOTICE OF PENDING CLASS ACTION AND NOTICE OF PROPOSED SETTLEMENT
*PERKINS V. LINKEDIN CORP.*

**You are receiving this e-mail because you may have used LinkedIn's Add Connections feature between September 17, 2011 and October 31, 2014.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**Why did I get this notice?** This Notice relates to a proposed settlement ("Settlement") of a class action lawsuit ("Action") against LinkedIn Corporation ("LinkedIn") based on LinkedIn's alleged improper use of a service called "Add Connections" to grow its member base.

**What is the Action about?** The Action challenges LinkedIn's use of a service called Add Connections to grow its member base. Add Connections allows LinkedIn members to import contacts from their external email accounts and email connection invitations to one or more of those contacts inviting them to connect on LinkedIn. If a connection invitation is not accepted within a certain period of time, up to two "reminder emails" are sent reminding the recipient that the connection invitation is pending. The Court found that members consented to importing their contacts and sending the connection invitation, but did not find that members consented to LinkedIn sending the two reminder emails. The Plaintiffs contend that LinkedIn members did not consent to the use of their names and likenesses in those reminder emails. LinkedIn denies these allegations and any and all wrongdoing or liability. No court or other entity has made a judgment or other determination of any liability.

**What relief does the Settlement provide?** LinkedIn has revised

1

connection invitation so members can make fully-informed decisions before sending a connection invitation. In addition, by the end of 2015, LinkedIn will implement new functionality allowing members to stop reminders from being sent by canceling the connection invitation. LinkedIn has also agreed to pay $13 million into a fund that can be used, in part, to make payments to members of the Settlement Class who file approved claims. Attorneys representing the Settlement Class will petition the Court for payment of the following from the fund: (1) reasonable attorneys' fees, expenses, and costs up to a maximum of $3,250,000, and (2) service awards for the Plaintiffs up to a maximum of $1,500 each. The payment amount for members of the Settlement Class who file approved claims will be calculated on a *pro rata* basis, which means that it will depend on the total number of approved claims. If the number of approved claims results in a payment amount of less than $10, LinkedIn will pay an additional amount up to $750,000 into the fund. If the *pro rata* amount is so small that it cannot be distributed in a way that is economically feasible, payments will be made, instead, to *Cy Pres* Recipients selected by the Parties and approved by the Court. <u>No one knows in advance whether or in what amount payments will be made to claimants.</u>

**You may also learn more by clicking on the following links:**

Settlement Agreement

Class Action Complaint

Orders on Motions to Dismiss

Legal Representation

Attorneys' Fees

Cy Pres Recipients

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **SUBMIT A CLAIM FORM** | If the Court gives final approval to the Settlement, this is the only way to be eligible to receive a payment. | Deadline: December 14, 2015 |
| **EXCLUDE YOURSELF** | This is the only option that allows you to retain your rights to sue | Deadline: December |

2

| | | |
|---|---|---|
| | use of Add Connections to grow its member base. | |
| **OBJECT** | Write to the Court about why you object to (i.e., don't like) the Settlement and think it shouldn't be approved. You may mail your written objection to Judge Koh's Case System Administrator at the United States Courthouse, 280 South 1st Street, Room 2112, San Jose, CA 95113. Alternatively, you may file your written objection in person at any location of the United States District Court for the Northern District of California.<br><br>You must also mail your written objection to Class Counsel and LinkedIn's Counsel. The address for Class Counsel is: Larry C. Russ, Esq., Russ August & Kabat, 12424 Wilshire Boulevard, 12th Floor, Los Angeles, CA 90025. The address for LinkedIn's Counsel is: Jerome C. Roth, Esq., Munger, Tolles & Olson LLP, 560 Mission Street, 27th Floor, San Francisco, CA 94105. | Deadline: December 14, 2015 |
| **GO TO THE "FINAL APPROVAL HEARING"** | The Court will hold a "Final Approval Hearing" to consider the Settlement, the request for attorneys' fees and expenses of the lawyers who brought the Action ("Class Counsel"), and the request for service awards of the plaintiffs who brought the Action ("Class Representatives").<br><br>You may, but are not required to, speak at the Final Approval Hearing about your written objection. If you intend to speak at the Final Approval Hearing, you must include your intention to do so in your written objection. Follow the | Deadline: December 14, 2015 |

| | providing your written objection to the Court as well as to Class Counsel and LinkedIn's Counsel. | |
|---|---|---|
| **DO NOTHING** | You will not receive a payment, even if the Court gives final approval to the Settlement. You will also be giving up any claims you may have against LinkedIn based on its alleged improper use of Add Connections to grow its member base. You may be eligible to receive the non-monetary benefits of the Settlement, if the Court gives final approval to the Settlement. | No deadline |

**More information?** For more information about the Settlement and how to take the actions described above, please visit www.AddConnectionsSettlement.com or write to the Settlement Administrator at *Perkins v. LinkedIn Corp.*, Settlement, c/o Gilardi & Co. LLC, P.O. Box 808012, Petaluma, CA 94975-8012, info@AddConnectionsSettlement.com. You may also contact Class Counsel by calling (310) 979-8244.

**Do Not Address Any Questions About The Settlement Or The Litigation To LinkedIn, The Clerk Of The Court, Or The Judge.**

4

# EXHIBIT 56

RECEIVED

17-Oct-15
Daniel Pratt

NOV 09 2015

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Judge Koh's Case System Administrator
United States Courthouse
280 South 1st Street, Room 2112
San Jose, CA 95113

Regarding: Perkins v. LinkedIn Corp

As a member of the settlement class, I am formally objecting to the Cy Pres potential treatment of
distributions from this case for four reasons:

- The specific argument for "not economically feasible to distribute the funds to the settlement
  class" is undefined in the documentation I have been presented.  Without explicit definition, the
  parties could force Cy Pres distribution arbitrarily.  I believe that there is no amount too small to
  be economically feasible, even if it results in a check for pennies to each potential recipient of the
  settlement class.
- I have no evidence that the Cy Pres Recipients (Access Now, Electronic Privacy Information
  Center ("EPIC"), and Network for Teaching Entrepreneurship ("NTFE")) are legitimate firms.  In
  that these entities were selected by the principal parties to this suit, it is entirely *possible* that
  these funds could be siphoned to benefit the interests of the principals.  If the court sees fit to
  distribute to these entities, I propose that the financial dealings as well as the societal benefits
  actually produced should be placed under full and continued supervision of The Court such that
  that the funds are spent (directly and also not in replacement of other funds otherwise siphoned)
  to benefit the settlement class.
- I believe it is a conflict of interest to allow the parties to name Cy Pres recipients.
- I also do not see evidence that these Cy Pres entities represent use of the settlement funds in a
  way that represents the similar interests of the settlement class.  Should the funds be distributed
  to these entities and The Court supervises, that should be a standard of proof that the entities
  must meet.

Thank you for hearing my objection.



Cc:

Larry C. Russ, Esq., Russ August & Kabat
Class Counsel for Perkins vs LinkedIn Corp
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025

Jerome C. Roth, Esq., Munger, Tolles & Olson LLP
LinkedIn Counsel for Perkins vs LinkedIn Corp
560 Mission Street, 27th Floor
San Francisco, CA 94105



Judge Koh's Case System Administrator
United States Courthouse
280 South 1st St. Room 2112
San Jose, CA 95113

Daniel Pratt

# EXHIBIT 57

November 23, 2015



Donata J Ray



**Case No. 13-CV-0403**

**"I OBJECT!!"**

I received/receiving several emails due to LiinkedIn providing my email address as well as improperly using my address to add connections.

One would receive emails represented by LinkedIn which resulted in spammed email.  I still to this day get friend request from people across seas in third world countries harassing me about my business (under construction).

It's bad enough that there is always a hacker trying to hack into ones emails, computers, Facebook, online spending accounts.  Then to have your job board creator is spamming the users, its definitely over the top.

All of those who were caused issues with their accounts, via spam, or harassing connection requested from third world countries should be compensated.

It's extremely sad while utilized the website to connect former and new employers/employees, former employers/employees and the potential of a company finding one and offering a job.

If it were you, how would you feel and what would you expect?

Thank you

Donata J. Ray



Donata Hau

United States Courthouse
280 South 1st Street Room 2112
San Jose, California 95113

Allen Kohls CSA

Research Triangle Region
02 DEC 2015 PM 1 L

9511330063Z

# EXHIBIT 58

Philip Reinemann

Rec'd
10/9/15
JB

CAROL STREAM IL 601

09 OCT 2015 PM 5 L

Freedom
FOREVER

Class Counsel: Larry C. Russ, Esq.
Russ August & Kabat
1424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025

90025-103100

Judge Koh's
Case System Administrator at the United States Courthouse
280 South 1st Street
Room 2112
San Jose, CA 95113

With respect to Claim ID: COUSF-NKKHF-UYKWR

NOTICE OF PENDING CLASS ACTION AND NOTICE OF PROPOSED SETTLEMENT

*PERKINS V. LINKEDIN CORP.*

I object to this settlement because the complaints are insignificant compared with real issues in today's world like solving diseases, creating sustainable living for the impoverished, reducing violence and country aggression, fighting terrorism, reducing factors contributing to global climate change and helping with disaster relief, to name just a few.

The lawyers and courts should be ashamed to have pursued the case this far and really, the only winners will be the lawyers.

LinkedIn has apparently resolved the complaint going forward so I'd recommend distributing all payments to improve sustainability in all poor areas of the United States and other countries.

Respectfully submitted,

Philip Reinemann

Copies:

Class Counsel: Larry C. Russ, Esq.
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025

LinkedIn's Counsel: Jerome C. Roth, Esq.
Munger, Tolles & Olson LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105

# EXHIBIT 59

Attn Judge Koh —

I object to this class action law suit against Linked In. This Case, in my opinion, is a waste of tax dollars + the Court's time, and is about as frivolous as they come.... A classic example of a lawyer's get rich quick scream, that in no way benefits the "plaintiff(s)."

RECEIVED

Thank

Karrie Reuter FNP



Judge Koh's Case System Admin,
US Courthouse
280 S. 1st St., Rm. #2112
San Jose, CA 95113

# EXHIBIT 60



Portland, OR, 97225

ID #  BIJJA-ZMFMY-LODBC

CASE No. 5:13-CV-04303-LHK

Objection of not approving the LinkedIn

"Settlement "

**To whom who may concern,**

I am writing this letter to express my extreme anger and frustrations against the LinkedIn "Add connection" improper use. LinkedIn has shared my personal information with a lot of people whom I may not know .My information has exposed everywhere .My contact emails have been used improperly because LinkedIn wanted to grow its members quickly. During last three years, I had many calls from scammers who knew exactly my personal information. I need to be compensated for the damage that I have had .Add connection feature allows many people to be aware of my personal information, including names, work and college histories .I am against to  any improper use of Add Connection related to my account .I am requesting the case system administrator to   consider my letter and approve the settlement.

Sincerely,   .

YOUSSEF RIFAI

12/13/2015





PORTLAND OR 970

15 DEC 2015 PM 3 L

To : Judge Koh's Case System
       Administrator
United States Courthouse
280 South 1st Street,
Room 2112, San Jose, CA 95113

From
Youssef Rjai

9511J3088 C060

# EXHIBIT 61

October 8, 2015



Judge Koh's
Case System Administrator
at the United States Courthouse,
280 South 1st Street, Room 2112,
San Jose, CA 95113

Dear Judge Koh,
My name is Talita Robinson and I am writing this letter to express my
grave dislike for the settlement and I don't think it should be approved.

Thank you,

Talita Robinson



Talita Robinson

13 OCT 2015 PM 4 T

Judge Koh
Case System Administrator
at the US Courthouse
280 South 1st St. Room 2112
San Jose, CA 95113

95113303008

# EXHIBIT 62

RECEIVED

OCT 09 2015

SUSAN Y.
CK, U.S. DIS
RN DISTRIC
SAN JOSE

John Rollinson

System Administrator
United States Courthouse
280 South 1st Street
Room 2112
San Jose, CA 95113

Attn. ; Judge Koh's Case

Regarding Claim ID: HBWRP-LENEA-AJQZS

NOTICE OF PENDING CLASS ACTION AND NOTICE
OF PROPOSED SETTLEMENT

PERKINS V. LINKEDIN CORP.

I am vehemently against this action. I feel this is the kind of frivolous lawsuit that tie up our courts catering to the greed of lawyers and people looking to get something for nothing. I would hope the Judge would see this for what it is and penalize the petitioner and the lawyers.

I personally see a major conflict of interest when offering a cash amount for agreeing to this action. Many will apply for the claim just because there is cash value on the table. This is a disgusting misuse of the judicial system. I am sure if there were enough complaints about the use of the notifications, Linkedin would have changed the policy.

Please excuse me from this action and you have my permission to put my name in as against this action.

Regards,

John Rollinson

US POSTAGE ⟫ PITNEY BOWES

ZIP 77046 $ 000.48⁵
02 1W
0001371924 OCT 06 2015

1.8.7/1
06 OCT 15
FH61

John Rollinson
Occidental Oil and Gas Corporation
A subsidiary of Occidental Petroleum Corporation

System Administrator
United States Courthouse
280 South 1st Street
Room 2112
San Jose, CA 95113

95113C00837

# EXHIBIT 63

To whom it may concern
the Honorable Court &
Linked In Councel

10-29-15
Escalated

I do not like
the settlement. It
should not be
approved.
Thank you for
your time.

x Christine Ryan

CHRISTINE RYAN

WEST PALM BCH FL 334

08 OCT 2015 PM 3 L

RECEIVED JP

OCT 13 2015

CLAIMS CENTER

**Ryan**

PERKINS V. LINKEDIN CORP.
SETTLEMENT
c/o Gilardi & Co. LLC
PO BOX 808012
Petaluma, CA
94975-8012